IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN T. BANTON;<br>Plaintiff;<br><br>v.<br><br>MARY DOWDS, individually and as an<br>agent of ARTHUR I.G.A.<br>FOODLINER, an Illinois corporation; and<br>ROGER HANSEN, Arthur police officer,<br>individually and officially,<br>Defendants. | No. 2006 CV<br>JURY DEMAND |

FILED
OCT 3 1 2006
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

## COMPLAINT

Comes now Plaintiff, by his undersigned counsel, complaining against Defendants, states as follows:

### Jurisdiction

1. This Court has jurisdiction over the parties to this dispute, all of whom are domiciled and operate within the state of Illinois.

2. This Court has jurisdiction over the subject matter of this dispute, as the events giving rise thereto occurred in Moultrie County, Illinois; as the principal place of business of the Defendants is in Moultrie County; and as the dispute concerns questions arising under the Fourth Amendment to the U.S. Constitution, and 42 U.S.C. §1983.

3. This Court has supplemental jurisdiction over the state law claims in this Complaint pursuant to 28 U.S.C. §1367(a).

### Count I: Violation of Fourth Amendment—42 U.S.C. §1983: Officer Roger Hansen

1. On June 29, 2005, Defendant HANSEN began to investigate the complaint of Defendant DOWDS against Plaintiff, in which she alleged that Plaintiff stole several items from Defendant ARTHUR IGA FOODLINER grocery store, where both Dowds and Plaintiff worked at the time.

2. Hansen wrote in his report that he spoke with Dowds who told him that she saw Plaintiff commit the alleged theft between 7:30 pm and 8 pm on June 25, 2006.

3. Hansen also wrote in his report that he spoke with one Jonathan Kauffman, and Hansen wrote that Kauffman told him that he drove Plaintiff to Plaintiff's residence.

4. Hansen fabricated evidence in his police report regarding Kauffman driving Plaintiff to his residence; Kauffman and his wife Ruth drove Plaintiff to the house of another friend of Plaintiff on June 29, 2005—Hansen fabricated this in order to contradict the truthful information Plaintiff told his mother, that the friend whom Kauffman left Plaintiff with actually drove him (Plaintiff) home. Hansen reported the apparent contradiction in his police report.

5. Hansen also withheld evidence which would have exculpated Plaintiff of the crime of theft, in that Hansen omitted in his report the fact that Kauffman was with Plaintiff, in his (Kauffman's) house and car, during the time from 7:30 pm to 8 pm on June 29, 2005, the exact same

2

time that Dowds alleged (and Hansen wrote in his report) Plaintiff was present at the Arthur IGA store committing the theft.

6. As a result of Hansen's report, the Moultrie County State's Attorney filed charges against Plaintiff for the alleged theft, and Plaintiff was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005.

7. A trial was convened, and a jury found Plaintiff NOT GUILTY of said theft, on October 31, 2005.

8. Had Hansen not withheld evidence that Plaintiff was with Kauffman in his house and car at the time of the alleged theft, and had Hansen not fabricated evidence that Kauffman drove Plaintiff home when he actually drove him to a friend's house (in order to destroy Plaintiff's credibility), the State's Attorney would not have had probable cause to prosecute Plaintiff, and Plaintiff would not have been summoned to court and made to stand trial.

9. Hansen maliciously, willfully and wantonly made false statements and withheld exculpatory evidence in his report in order to effect the prosecution of Plaintiff for theft; his hostility is further compounded by his statements to Plaintiff's mother that Plaintiff "is a liar," such statements having been made before Hansen ever saw or spoke with Plaintiff.

10. As a result of Hansen's actions, Plaintiff suffered the violation of his Fourth Amendment rights to be free from unwarranted seizure and prosecution without probable cause, and such violation caused the following special damage:

   a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005

   b. he was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report;

   c. he suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report;

   d. he suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Hansen, and compensatory and exemplary damages, and all other relief this Court deems just.

### Count II: Malicious Prosecution: Officer Roger Hansen

1-9. Plaintiff realleges items 1-9 of Count I and incorporates them herein as items 1-9 of Count II.

10. As a proximate result of Hansen's actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005;

b. he was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report;

c. he suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report;

d. he suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Hansen, and compensatory and exemplary damages, and all other relief this Court deems just.

### Count III: Malicious Prosecution: Mary Dowds

1. On June 29, 2005, Defendant MARY DOWDS, night manager of the Defendant ARTHUR IGA FOODLINER grocery store in which Plaintiff was employed, told Plaintiff to clean the breakroom at the store, sent the other employees to the other side of the store, came back into the breakroom (when no one else was there) and told Plaintiff to sit and have a cigarette.

2. Dowds then sat and moved extremely close to Plaintiff and placed her hand inside his pants and on his genitals.

5

3. Plaintiff declined Mary's advances, by shoving her off of himself and informing her that he would report her to the authorities.

4. Dowds then stood up and unzipped her pants and exposed her genitals to Plaintiff, stating to him "You know you want it!"

5. Plaintiff got up to leave the room and she ordered me to leave work for the day.

6. On or around July 20, 2005 Plaintiff was informed that he had been terminated from employment with Arthur IGA.

7. On June 29, 2005, Dowds filed a complaint with the Arthur Police Department against Plaintiff for alleged theft of items from the IGA store.

8. Plaintiff was served summons indicating that he was formally charged with theft.

9. A trial was convened, and a jury found Plaintiff NOT GUILTY of said theft, on October 31, 2005.

10. Plaintiff did not steal any items from the Arthur IGA store, and Plaintiff was nowhere near the store at the time that Dowds alleged that he committed said theft.

11. Dowds had no probable cause to complain to police that Plaintiff committed theft on June 29, 2005.

12. Dowds maliciously, willfully and wantonly made false statements to police in order to effect the prosecution of Plaintiff for theft, which she knew he did not commit, in retaliation against him for refusing her sexual

6

demands and stating that he would report her sexually harassing behavior toward him.

13. As a proximate result of Dowds' actions, Plaintiff suffered the following special damage:

  a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005;

  b. he was forced to incur attorney's fees to defend himself in the criminal action that resulted from Dowds' complaint;

  c. he suffered public disrepute and humiliation as a result of the criminal action that resulted from Dowds' complaint;

  d. he suffered great emotional distress and anguish as a result of the criminal action that resulted from Dowds' complaint.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant, and compensatory and exemplary damages, and all other relief this Court deems just.

### Count IV: Respondeat Superior: Arthur IGA Foodliner

1-12. Plaintiff realleges items 1-12 in Count III and reincorporates them herein as items 1 through 12 of Count IV.

13. As night manager for Arthur IGA, Dowds employed by Arthur IGA and was authorized to contact police and report suspected crimes against

the store on June 29, 2005 and at all other times during her employment with Arthur IGA.

14. Dowds maliciously prosecuted Plaintiff during the course of her duties as an employee of Arthur IGA Foodliner, during her scheduled shift there as night manager, and the employee-employer relationship between Dowds and Arthur IGA was not suspended at the time or place in which Dowds maliciously prosecuted Plaintiff.

15. Arthur IGA authorized and ratified Dowds' malicious prosecution of Plaintiff, in that Arthur IGA retained Dowds as an employee following the malicious prosecution, and even if Dowds' malicious prosecution of Plaintiff could be said to be unauthorized, failure to repudiate a tortious action of an agent or employee is tantamount to ratification of said action.

16. As a proximate result of Arthur IGA's authorization and ratification of Dowds' actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005;

b. he was forced to incur attorney's fees to defend himself in the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint;

8

c. he suffered public disrepute and humiliation as a result of the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint;

d. he suffered great emotional distress and anguish as a result of the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint.

Wherefore, Plaintiff asks this Court for a finding of liability and judgment, and compensatory and exemplary damages, against Defendant Arthur IGA Foodliner, and for all such other relief as this Court deems just.

**PLAINTIFFS DEMAND TRIAL BY JURY**

JORDAN T. BANTON, Plaintiff

By _____
Jason R. Craddock
Attorney for Plaintiff
Post Office Box 1514
Sauk Village, Illinois 60412
Phone: (708) 662-0945
Fax: (708) 753-1242

≈JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff **Macon**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Moultrie**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) **Jason R. Craddock, Box 1514, Sauk Village IL 60412**

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights / ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity): **42 USC 1983**

Brief description of cause: **Fourth amendment violation**

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE **10/31/06**

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____