IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN T. BANTON;<br>Plaintiff;<br><br>v.<br><br>MARY DOWDS, individually and as an agent of ARTHUR I.G.A. FOODLINER, an Illinois corporation; MICHAEL GOODMAN, Arthur Chief of Police, individually and officially; and ROGER HANSEN, Arthur police officer, individually and officially,<br>Defendants. | No. 2:06-cv-02211-MPM-DGB<br>JURY DEMAND |

## AMENDED COMPLAINT

Comes now Plaintiff, by his undersigned counsel, and amending his Complaint against Defendants, states as follows:

This amendment adds the Chief of Police for the Arthur Police Department, Michael Goodman, and a claim against him, and adds two counts against Mary Dowds and Arthur IGA Foodliner alleging sexual harassment and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e, having received authorization from the Equal Employment Opportunity Commission to bring these claims in Federal Court.

### Jurisdiction

1.  This Court has jurisdiction over the parties to this dispute, all of whom are domiciled and operate within the state of Illinois.

2. This Court has jurisdiction over the subject matter of this dispute, as the events giving rise thereto occurred in Moultrie County, Illinois; as the principal place of business of the Defendants is in Moultrie County; and as the dispute concerns questions arising under the Fourth Amendment to the U.S. Constitution, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1983.

3. This Court has supplemental jurisdiction over the state law claims in this Complaint pursuant to 28 U.S.C. §1367(a).

### Count I: Violation of Fourth Amendment—42 U.S.C. §1983: Officer Roger Hansen

1. On June 29, 2005, Defendant HANSEN began to investigate the complaint of Defendant DOWDS against Plaintiff, in which she alleged that Plaintiff stole several items from Defendant ARTHUR IGA FOODLINER grocery store, where both Dowds and Plaintiff worked at the time.

2. Hansen wrote in his report that he spoke with Dowds who told him that she saw Plaintiff commit the alleged theft between 7:30 pm and 8 pm on June 25, 2006.

3. Hansen also wrote in his report that he spoke with one Jonathan Kauffman, and Hansen wrote that Kauffman told him that he drove Plaintiff to Plaintiff's residence.

4. Hansen fabricated evidence in his police report regarding Kauffman driving Plaintiff to his residence; Kauffman and his wife Ruth drove Plaintiff to the

house of another friend of Plaintiff on June 29, 2005—Hansen fabricated this in order to contradict the truthful information Plaintiff told his mother, that the friend whom Kauffman left Plaintiff with actually drove him (Plaintiff) home. Hansen reported the apparent contradiction in his police report.

5. Hansen also withheld evidence which would have exculpated Plaintiff of the crime of theft, in that Hansen omitted in his report the fact that Kauffman was with Plaintiff, in his (Kauffman's) house and car, during the time from 7:30 pm to 8 pm on June 29, 2005, the exact same time that Dowds alleged (and Hansen wrote in his report) Plaintiff was present at the Arthur IGA store committing the theft.

6. As a result of Hansen's report, the Moultrie County State's Attorney filed charges against Plaintiff for the alleged theft, and Plaintiff was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005.

7. A trial was convened, and a jury found Plaintiff NOT GUILTY of said theft, on October 31, 2005.

8. Had Hansen not withheld evidence that Plaintiff was with Kauffman in his house and car at the time of the alleged theft, and had Hansen not fabricated evidence that Kauffman drove Plaintiff home when he actually drove him to a

3

friend's house (in order to destroy Plaintiff's credibility), the State's Attorney would not have had probable cause to prosecute Plaintiff, and Plaintiff would not have been summoned to court and made to stand trial.

9. Hansen maliciously, willfully and wantonly made false statements and withheld exculpatory evidence in his report in order to effect the prosecution of Plaintiff for theft; his hostility is further compounded by his statements to Plaintiff's mother that Plaintiff "is a liar," such statements having been made before Hansen ever saw or spoke with Plaintiff.

10. Hansen took the actions described in paragraphs 1 through 9 under color of law.

11. As a result of Hansen's actions, Plaintiff suffered the violation of his Fourth Amendment rights to be free from unwarranted seizure and prosecution without probable cause, and such violation caused the following special damage:

    a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

    b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Hansen, and compensatory and exemplary damages, and all other relief this Court deems just.

### Count II: Malicious Prosecution: Officer Roger Hansen

1-10. Plaintiff re-alleges items 1-10 of Count I and incorporates them herein as items 1-10 of Count II.

11.    As a proximate result of Hansen's actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report;

    d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Hansen, and compensatory and exemplary damages, and all other relief this Court deems just.

Count III: Malicious Prosecution: Chief Michael Goodman

1-10. Plaintiff re-alleges items 1-10 of Count I and incorporates them herein as items 1-10 of Count III.

11.    With deliberate, reckless indifference, Goodman approved of, facilitated, condoned, and turned a blind eye toward Hansen's tortious conduct toward Plaintiff described in Counts I and II.

12.    As a proximate result of Goodman's actions, Plaintiff suffered the following special damage:

    a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

    b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report, which was approved by Goodman;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report, which was approved by Goodman;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report, which was approved by Goodman.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Goodman, and compensatory and exemplary damages, and all other relief this Court deems just.

### Count IV: Mary Dowds: Sexual Harassment—42 U.S.C. §2000e

1. On June 29, 2005, Defendant MARY DOWDS, night manager of the Defendant ARTHUR IGA FOODLINER grocery store in which Plaintiff was employed, told Plaintiff to clean the breakroom at the store, sent the other employees to the other side of the store, came back into the breakroom (when no one else was there) and told Plaintiff to sit and have a cigarette.

2. Dowds then sat and moved extremely close to Plaintiff and placed her hand inside his pants and on his genitals.

3. Plaintiff declined Mary's advances, by shoving her off of himself and informing her that he would report her to the authorities.

4.  Dowds then stood up and unzipped her pants and exposed her genitals to Plaintiff, stating to him "You know you want it!"

5.  Plaintiff got up to leave the room and she ordered him to leave work for the day.

6.  Plaintiff reported Dowds' action to police.

7.  Dowds' behavior toward Plaintiff constitutes sexual harassment in violation of Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e, in that:

    a. Dowds subjected Plaintiff to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature;

    b. The harassment was based on Plaintiff's gender; and

    c. The sexual harassment had the effect of unreasonably interfering with his work performance in creating an intimidating, hostile or offensive working environment that affected seriously his psychological well-being.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Mary Dowds, and compensatory and exemplary damages, and all other relief this Court deems just.

## Count V: Respondeat Superior: Arthur IGA Foodliner

1-7. Plaintiff realleges items 1-7 in Count IV and reincorporates them herein as items 1 through 7 of Count V.

8. Arthur IGA Foodliner knew or should have known about Dowds' harassment of Plaintiff.

9. Arthur IGA Foodliner failed to take reasonable steps to discover and rectify the harassment, in violation of Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Arthur IGA Foodliner, and compensatory and exemplary damages, and all other relief this Court deems just.

## Count VI: Retaliatory Discharge: Arthur IGA Foodliner

1-7. Plaintiff re-alleges items 1-7 of Count III and incorporates them herein as items 1-7 of Count VI.

8. On or around July 20, 2005 Plaintiff was informed that he had been terminated from employment with Arthur IGA.

9. Said termination was effected in retaliation against me for a. refusing Dowds' sexual advances, and b. reporting her sexually harassing behavior to police.

10. Said termination violates Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e-3.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Arthur IGA Foodliner, and compensatory and exemplary damages, and all other relief this Court deems just.

### Count VII: Malicious Prosecution: Mary Dowds

1-7. Plaintiff realleges items 1-7 in Count IV and reincorporates them herein as items 1 through 7 of Count VII.

8. On June 29, 2005, Dowds filed a complaint with the Arthur Police Department against Plaintiff for alleged theft of items from the IGA store.

9. Plaintiff was served summons indicating that he was formally charged with theft.

10. A trial was convened, and a jury found Plaintiff NOT GUILTY of said theft, on October 31, 2005.

11. Plaintiff did not steal any items from the Arthur IGA store, and Plaintiff was nowhere near the store at the time that Dowds alleged that he committed said theft.

12. Dowds had no probable cause to complain to police that Plaintiff committed theft on June 29, 2005.

13. Dowds maliciously, willfully and wantonly made false statements to police in order to effect the prosecution of Plaintiff for theft, which she knew he did not commit, in retaliation against him for refusing her sexual demands and stating that he would report her sexually harassing behavior toward him.

14. As a proximate result of Dowds' actions, Plaintiff suffered the following special damage:

    a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

    b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Dowds' complaint;

    c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Dowds' complaint;

    d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Dowds' complaint.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Mary Dowds, and compensatory and exemplary damages, and all other relief this Court deems just.

Count VIII: Respondeat Superior: Arthur IGA Foodliner

1-14. Plaintiff realleges items 1-14 in Count III and reincorporates them herein as items 1 through 14 of Count IV.

15. As night manager for Arthur IGA, Dowds employed by Arthur IGA and was authorized to contact police and report suspected crimes against the store on June 29, 2005 and at all other times during her employment with Arthur IGA.

16. Dowds maliciously prosecuted Plaintiff during the course of her duties as an employee of Arthur IGA Foodliner, during her scheduled shift there as night manager, and the employee-employer relationship between Dowds and Arthur IGA was not suspended at the time or place in which Dowds maliciously prosecuted Plaintiff.

17. Arthur IGA authorized and ratified Dowds' malicious prosecution of Plaintiff, in that Arthur IGA retained Dowds as an employee following the malicious prosecution, and even i f Dowds' malicious prosecution of Plaintiff could be said to be unauthorized, failure to repudiate a tortuous action of an agent or employee is tantamount to ratification of said action.

18. As a proximate result of Arthur IGA's authorization and ratification of Dowds' actions, Plaintiff suffered the following special damage:

    a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for

arraignment, and again for pre-trial, and finally for trial on October 31, 2005;

b. he was forced to incur attorney's fees to defend himself in the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint;

c. he suffered public disrepute and humiliation as a result of the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint;

d. he suffered great emotional distress and anguish as a result of the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint.

WHEREFORE, Plaintiff asks this Court for a finding of liability and judgment, and compensatory and exemplary damages, against Defendant Arthur IGA Foodliner, and for all such other relief as this Court deems just.

PLAINTIFFS DEMAND TRIAL BY JURY

                JORDAN T. BANTON, Plaintiff

        By: ___s/ Jason R. Craddock___
            Jason R. Craddock
           Attorney for Plaintiff
          Post Office Box 1514
        Sauk Village, Illinois 60412
         Phone: (708) 662-0945
           Fax: (708) 753-1242