IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JORDAN T. BANTON, )
)
Plaintiff, )
)
v. ) Case No.: 2:06-cv-02211
)
MARY DOWDS, individually and as an agent )
of ARTHUR I.G.A. FOODLINER, )
ARTHUR I.G.A. FOODLINER, )
MICHAEL GOODMAN, Arthur Chief of Police, )
individually and officially, and ROGER HANSEN, )
Arthur police officer, individually and officially, )
)
Defendants. )

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COMES the Defendant, KIRBY FOODS, INC., d/b/a ARTHUR I.G.A. FOODLINER, incorrectly sued as ARTHUR I.G.A. FOODLINER (hereinafter "IGA"), by its attorney Lorna K. Geiler of Meyer Capel, A Professional Corporation, and provides its Memorandum in Support of Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Introduction

As to IGA, the issues in this case are simple, and may be disposed of quickly. Counts V and VI are time barred because the Plaintiff failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") within three hundred days of the discrete acts of discrimination alleged in the Amended Complaint. Further, Count VIII of the Amended Complaint is barred by the exclusivity provisions of the Illinois Worker's Compensation Act, at 820 ILCS 305/11. As more fully set forth below, Counts V, VI and VIII of the Amended Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure

12(b)(6).

**Procedural Background**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to raise a defense to a claim by motion based upon "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion tests the legal sufficiency of a pleading. Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 675 (7th Cir. 2001). To survive a motion to dismiss the complaint must, "state sufficient allegations to establish the necessary elements for recovery under whatever legal theory plaintiff has chosen." Thomas v. L'eggs Products, Inc., 13 F.Supp.2d 806, 807 (C.D. Ill. 1998). Dismissal is proper if "the plaintiff's claim as set forth by the complaint, is without legal consequence." Grzan v. Charter Hospital of Northwest Indiana, 104 F.3d 116, 119 (7th Cir. 1997).

**Argument**

1. <u>Title VII Claims are Time Barred</u>

Title VII provides that a charge for discrimination must be filed with the EEOC within three hundred days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1), *see also* Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 860 (7th Cir. 2005). Simply stated, "[f]ailure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII." Beamon at 411 F.3d at 860.

Moreover, the court in Beamon explained:

> For purposes of this statute of limitations, discrete discriminatory employment actions such as termination, failure to promote, denial of a transfer, or refusal to hire are deemed to have been taken on the date they occurred, even if they form part of an ongoing practice or are connected with other acts. Nat'l R.R. Passenger

Corp. v. Morgan, 536 U.S. 101, 109-11, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Thus, each discrete discriminatory act "starts a new clock for filing charges alleging that act," *and charges not filed within 300 days of the act in question are not actionable.* [Emphasis added.]

Attached to the Motion to Dismiss as Exhibit 1 is a copy of the Plaintiff's Charge of Discrimination filed with the EEOC. The face of the document establishes that the charge was not filed until November 2, 2006, over fifteen months after the alleged Title VII violations occurred, and well past the 300 day limitation imposed by 42 U.S.C. § 2000e-5(e)(1).

It is well established that this Court may consider matters of public record when deciding a motion under Rule 12(b)(6). Davis v. Bayless, 70 F.3d 367, 372 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss.")

Finally, IGA must address whether or not dismissal is appropriate because the Amended Complaint is untimely. In Hollander v. Brown, 457 F.3d 688, 691 (7th Cir. 2006), the court reasoned:

> It is, of course, "irregular" to dismiss a claim as untimely under Rule 12(b)(6). United States v. N. Trust Co., 372 F.3d 886, 888 (7th Cir.2004). Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. *See* Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir.2004). As a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. *However, as the district court observed, dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense. See* United States v. Lewis, 411 F.3d 838, 842 (7th Cir.2005). The district court concluded that this was such a case.

In the instant case, inasmuch as the Court may consider the public record related to the Plaintiff's Charge of Discrimination, the Plaintiff's allegations effectively plead him out of court on his Title VII claims. The Plaintiff's Amended Complaint alleges that the dates of the purported violations of Title VII were June 29, 2005 (Count V at ¶ 1) and July 20, 2005 (Count VI at ¶ 8). Both of the dates are well before three hundred days prior to the filing of his charge of discrimination (which is established by the public record.) As a result, the Plaintiff's allegations establish that his claim is time barred, and therefore, dismissal under Rule 12(b)(6) is appropriate.

2.   Exclusive Remedy

It is axiomatic under Illinois law that the Worker's Compensation Act provides the exclusive remedy for an employee's claim for injuries against his employer. 820 ILCS 305/5(a). In Meerbrey v. Marshall Field and Co., Inc., 139 Ill.2d 455, 564 N.E.2d 1222, 151 Ill.Dec. 560 (1990), the Illinois Supreme Court held that an employee's claim for malicious prosecution was barred by the exclusivity provisions of the Worker's Compensation Act.

In Meerbrey, an employee was accused for stealing from his employer, and ultimately found not guilty. However, the Meerbrey court held that the plaintiff's injury from malicious prosecution was "accidental" from the employee's point of view. Further, the court stated:

> Such injuries are also accidental from the employer's point of view, at least where the employer did not direct or expressly authorize the co-employee to commit the assault. Because injuries intentionally inflicted by a co-worker are accidental from the employer's point of view, the employer has a right to consider that the injured employee's sole remedy against the employer will be under the workers' compensation statute. Id. at 139 Ill.2d at 463-464.

-4-

There are exceptions to the Worker's Compenation Acts exclusivity provisions. Specifically, the "exclusivity provisions will not bar a common law cause of action against an employer, however, for injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or expressly authorized by the employer." Id.

In the case *sub judice*, the Plaintiff is only seeking to hold IGA liable under Count VIII on a vicarious liability theory. Thus, the Plaintiff has not argued that Mary Dowd was an alter ego of IGA. Additionally, although the Plaintiff alleges that IGA authorized Mary Dowd to "contact police and report suspected crimes" (Count VIII at ¶ 15), he has not alleged that IGA expressly authorized or directed Mary Dowd to make allegedly false accusations against the Plaintiff. When the allegations of Count VIII of the Amended Complaint are scrutinized under the precedent established by Meerbrey it is clear that Count VIII should be dismissed.

**Conclusion**

For the reasons stated above, Counts V, VI and VIII of the Amended Complaint should be dismissed with prejudice.

Respectfully submitted,

**s/Lorna K. Geiler**
Lorna K. Geiler, No. 7372814
Attorney for the Defendants
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
Telephone: (217) 352-1800
Fax: (217) 352-1083
lgeiler@meyercapel.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 5, 2007, I electronically filed the foregoing **Memorandum in Support of Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Jason R. Craddock
P.O. Box 1514
Sauk Village, IL 60412
captain1970@thelifeline.net

I also hereby certify that I have mailed by United States Postal Service the above mentioned document to the following non CM/ECF participants:

**s/Lorna K. Geiler**
Lorna K. Geiler, No. 7372814
Attorney for the Defendants
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
Telephone: (217) 352-1800
Fax: (217) 352-1083
lgeiler@meyercapel.com
