E-FILED
Monday, 05 March, 2007   10:06:26 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN T. BANTON ) <br> Plaintiff; ) <br> ) <br> v. ) <br> ) <br> MARY DOWDS, ARTHUR IGA ) <br> FOODLINER, MICHAEL GOODMAN, ) <br> And ROGER HANSEN, ) <br> Defendants. ) | Case no. 06-cv-2211 |

MOTION FOR EXTENSION OF TIME TO FILE REPLY TO DEFENDANT IGA FOODLINER'S MOTION TO DISMISS

COMES NOW Plaintiff, Jordan T. Banton, and moving this Court to extend the time within which he must file his Reply to Defendant IGA Foodliner's (hereinafter "Defendant") Motion to Dismiss, states as follows:

1. Plaintiff's Reply to Defendant's Motion to Dismiss is calculated as beign due in this Court by March 10, 2007.

2. Defendant alleged as one ground for dismissal that Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) on November 20, 2006, which is beyond 300 days of the events of which he complains against Dowds and IGA.

3. Plaintiff originally filed his charge with EEOC in early May, 2006, and the same was referred back to the undersigned counsel for Plaintiff's signature (only counsel's signature appeared on the charge) after the charge was filed. The charge filing number of this original filing was EEOC no. 440-2006-03917.

4. Counsel had difficulty reaching Plaintiff at that time to obtain his signature, due to the fact that Plaintiff's phone was not working and Plaintiff misplaced the form the undersigned counsel had sent to him for signature following the charge filing.

5. In addition, the undersigned counsel, a sole practitioner, was out of his office in late May and through June, 2006 due to the illness and death of his father-in-law.

6. Eventually, Plaintiff's signature was obtained, and the charge with Plaintiff's signature submitted, but counsel was informed subsequently that the file was closed.

7. No right to sue letter for the original charge was ever received by Plaintiff or the undersigned counsel.

8. Counsel was instructed to write to the Director of the EEOC to request reopening of the file, which he did (see Exhibit 1).

9. EEOC issued a right to sue letter, attached to a copy of the charge bearing a date of November 02, 2006. This new charge bears an EEOC charge number of 440-2007-01495, different from the previous number.

10. In order to prove that a charge was actually filed in May 2006, the undersigned counsel placed an order on February 6, 2007, to obtain a copy of the original charge (see Exhibit 2). It was on this day that the undersigned counsel discovered that there were two different charge numbers (he had not been informed of the previous charge number).

11. EEOC sent the file for the November 2, 2006 charge, but not the file for the May 5, 2006 charge.

12. Despite numerous attempts to visit and call EEOC to obtain the file for the original charge, the undersigned counsel has not been successful in obtaining the same. (See Affidavit of Jason R. Craddock, Exhibit 3.)

13. Plaintiff requests an extension of 21 days to reply to Defendant's Motion to Dismiss, to allow sufficient time for his counsel to obtain the file of the original EEOC charge, to refute allegations of untimeliness.

14. No party will be prejudiced by granting this Motion, and this Motion was not brought to cause undue delay or to harass any party.

Wherefore, Plaintiff asks this Court to grant him an extension of time in which to file his Reply to Defendant's Motion to Dismiss.

Respectfully,
JORDAN T. BANTON, Plaintiff


By: _s/Jason R. Craddock__
Jason R. Craddock
Attorney at Law
P.O. Box 1514
Sauk Village, IL 60412
(708) 662-0945
Fax: (708) 753-1242


CERTIFICATE OF SERVICE
The foregoing document was filed electronically via the CM/ECF system with the Clerk of the U.S. District Court, Central District of Illinois, and the same will be automatically sent electronically to all parties who have appeared in this cause by their counsel.

By: _s/Jason R. Craddock__

- 3 -

## Jason R. Craddock
### Attorney at Law

Post Office Box 1514　　　　　　　　　　　　Telephone: (708) 662-0945
Sauk Village, Illinois 60412　　　　　　　　　Facsimile: (708) 753-1242

October 27, 2006

John P. Rowe
District Director-EEOC
500 W. Madison, Suite 2800
Chicago, IL 60661

RECEIVED EEOC
NOV 0 2 2006
CHICAGO DISTRICT OFFICE

Dear Mr. Rowe:

　　I am writing to request that a charge I filed on behalf of my client be reopened. The charge is attached to this letter.
　　The charge I prepared was filed by me on May 5, 2006. Sometime after that, I was informed that I needed to obtain my client's signature on an EEOC form for the charge, and upon receving such, the May 5 date would remain the filing date.
　　Due to difficulty reaching my client (he lives downstate and had problems with his phone, and then misplaced the form I sent him to sign), and due to my being out of my office for a month due to my father-in-law's illness and death, the form with my client's signature did not make it back to the Chicago EEOC office until July, 2006.
　　I was informed sometime after that that the file was closed (I am not sure of the date when it was closed), and I was instructed to appeal to you. Thus, this letter.
　　Again, I ask that my client Jordan Banton's file be reopened for investigation, and due to being within our deadlines, I ask that our original filing date (May 5, 2006) be considered the filing date for purposes of this charge. If this cannot be done, then I ask that you please issue to Jordan a Right to Sue letter, that we may pursue his claim in federal court.
　　No party will be prejudiced by reopening the case or issuing the Right to Sue letter; however, Jordan's claim would be extinguished—due to unfortunate circumstances beyond his control—if these things were not done.
　　Thank you for your consideration of this matter.

Yours very truly,

Jason R. Craddock

440-2006-03971
X6 - 5/31/06



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Chicago District Office

500 West Madison Street, Suite 2800
Chicago, IL 60661
(312) 353-2713
TTY (312) 353-2421
FAX (312) 353-4041

### SECTION 83 REQUEST FORM

EEOC CHARGE NO.(s): 440-2007-01495
 440-2006-03917
CHARGING PARTY NAME: Jordan Banton
RESPONDENT NAME: Mary Dowds, et.

I hereby request access to the above EEOC investigative file pursuant to Section 83 of the EEOC's Compliance Manual.

Name: Jason R Craddick
(Please Print)

Check One:
___ Charging Party
_✓_ Charging Party Representative  ___ Respondent
___ Respondent Representative

*Respondents and their representatives must present a copy of the first two pages of a court complaint related to the charge.

Address: Box 1514
Street Address
Sauk Village IL 60412
City/State/Zip Code

**RECEIVED EEOC**
FEB 0 6 2007
CHICAGO DISTRICT OFC

Daytime Telephone Number: 708 662 0945
(Area Code) Number

Best Times to Reach: daytime

Check One: ___ I do not wish to review my file before it is copied. I have signed the attached Copying Agreement and Non-Disclosure Agreement. I agree to pay Williams Lea copying service .20 cents per page to copy the documents in this case file. I understand that it may take Williams Lea up to 10 days to contact me to pick up my copies.

_✓_ I wish to review my file before it is copied. I understand that I will be contacted shortly to set up an appointment to review my file. Once I have reviewed my file and selected the documents I wish to have copied, I agree to pay Williams Lea copying service .20 cents per page to copy the documents in this case file. I understand that it may take Williams Lea up to 10 days to contact me to pick up my copies.

Requestor's Signature: [signature]
Date of Request: 2/6/07

E-FILED
Monday, 05 March, 2007 10:07:35 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN T. BANTON<br>Plaintiff; | )<br>)<br>) |
| v. | ) Case no. 06-cv-2211<br>) |
| MARY DOWDS, ARTHUR IGA<br>FOODLINER, MICHAEL GOODMAN,<br>And ROGER HANSEN,<br>Defendants. | )<br>)<br>)<br>)<br>) |

AFFIDAVIT OF JASON R. CRADDOCK, ATTORNEY AT LAW, IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE REPLY TO DEFENDANT IGA FOODLINER'S MOTION TO DISMISS

I, Jason R. Craddock, Attorney at Law, hereby state as follows under oath, as if testifying in open court:

1. I have been licensed to practice law in Illinois since 1997.

2. I serve as counsel for Plaintiff in the above styled cause, and I served as counsel for Plaintiff when initially filing with the EEOC in May, 2006.

3. Plaintiff originally filed his charge with EEOC in early May, 2006, and the same was referred back to me for Plaintiff's signature (only my signature appeared on the charge) after the charge was filed. The charge filing number of this original filing was EEOC no. 440-2006-03917.

4. I had difficulty reaching Plaintiff at that time to obtain his signature, due to the fact that Plaintiff's phone was not working and Plaintiff misplaced the form I had sent to him for signature following the charge filing.

5. In addition, I was out of my office in late May and through June, 2006 due to the illness and death of my father-in-law.

- 1 -

6. Eventually, Plaintiff's signature was obtained, and the charge with Plaintiff's signature submitted, but I was informed subsequently that the file was closed.

7. No right to sue letter for the original charge was ever received by Plaintiff or myself.

8. EEOC instructed me to write to the Director of the EEOC to request reopening of the file, which I did.

9. EEOC issued a right to sue letter, attached to a copy of the charge bearing a date of November 02, 2006. This new charge bears an EEOC charge number of 440-2007-01495, different from the previous number.

10. In order to prove that a charge was actually filed in May 2006, I placed an order on February 6, 2007, to obtain a copy of the original charge (see Exhibit 2). It was on this day that I discovered that there were two different charge numbers (I had not been informed of the previous charge number).

11. EEOC sent the file for the November 2, 2006 charge, but not the file for the May 5, 2006 charge.

12. Despite numerous attempts to visit and call EEOC to obtain the file for the original charge, I have not been successful in obtaining the same.

13. Further Affiant sayeth naught.

Under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure of Illinois, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
Jason R. Craddock
Attorney at Law

- 3 -