**E-FILED**
Wednesday, 14 March, 2007 01:11:04 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JORDAN T. BANTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:06-cv-02211 |
| | ) | |
| MARY DOWDS, individually and as an agent | ) | |
| of ARTHUR I.G.A. FOODLINER, MICHAEL | ) | |
| GOODMAN, Arthur Chief of Police, | ) | |
| individually and officially, and ROGER | ) | |
| HANSEN, Arthur police officer, individually | ) | |
| and officially, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT KIRBY FOODS, INC., d/b/a ARTHUR I.G.A. FOODLINER OBJECTIONS TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE REPLY TO DEFENDANT I.G.A. FOODLINER'S MOTION TO DISMISS

NOW COMES the Defendant, KIRBY FOODS, INC., d/b/a ARTHUR I.G.A.

FOODLINER, incorrectly sued as ARTHUR I.G.A. FOODLINER (hereinafter "IGA"), by its

attorney Lorna K. Geiler of Meyer Capel, A Professional Corporation, and for Defendant Kirby

Foods, Inc., d/b/a Arthur I.G.A. Foodliner Objections to Plaintiff's Motion for Extension of Time

to File Reply to Defendant I.G.A. Foodliner's Motion to Dismiss, respectfully states as follows:

#### Introduction

The issues in Plaintiff's Motion for Extension of Time to File Reply to Defendant I.G.A.

Foodliner's Motion to Dismiss ("Plaintiff's Motion") are simple, and may be disposed of

quickly.  Plaintiff failed to respond to IGA's February 5, 2007 Motion to Dismiss and supporting

Memorandum (docs. 3 & 4) on February 23, 2007, as required by this Court's Rules.  Plaintiff

filed an untimely motion requesting 21 additional days to respond. Plaintiff's Motion,

presumably under Federal Rule of Civil Procedure 6(b), alleges that his counsel needs an

extension to respond to the Motion to Dismiss in order to obtain a copy of Plaintiff's Equal

Employment Opportunity Commission ("EEOC" or "Commission") file No. 440-2006-03917

that counsel claims was inadvertently not sent pursuant to his Section 83 request dated February

6, 2007. (See Plaintiff's Motion, ¶¶ 10, 11, and 12; and Affidavit of Jason R. Craddock

("Craddock Affidavit," ¶¶ 10, 11, and 12). Plaintiff alleges this request would not prejudice the

parties and was not done to cause undue delay nor is it designed to harass any party (Plaintiff's

Motion, ¶ 14). Defendant disagrees. The procedural history of this matter by the Plaintiff and

his counsel as set forth in the Motion for Extension of Time has only served to delay proceedings

on a matter barred pursuant to the statute of limitations.

     IGA objects to the Plaintiff's Motion on the grounds that (1) regardless of the contents of

the EEOC file Plaintiff seeks, the May 5, 2006 charge was filed more than 300 days after the

alleged incident of illegal discrimination; (2) Plaintiff has failed to state why he or his counsel do

not already have copies of the pertinent documents from the two charges to respond to IGA's

statute of limitation arguments; and (3) the facts presented in Plaintiff's Motion and the

underlying records do not support Plaintiff's position that the November 2, 2006 charge was

intended to relate back to May 5, 2006.

**Federal Rule of Civil Procedure 6(b)**

     A party responding to a pleading or motion can request an extension of time pursuant to

Federal Rule of Civil Procedure ("F.R.C.P.) Rule 6(b), which provides:

          **(b) Enlargement.** When by these rules or by a notice given

2

> thereunder or by order of court an act is required or allowed to be
> done at or within a specified time, the court for cause shown may
> at any time in its discretion . . . (2) upon motion made after the
> expiration of the specified period permit the act to be done where
> the failure to act was the result of excusable neglect; . . .

Generally, courts should be mindful when exercising discretion whether to grant an

extension that the rules of court are "intended to force parties and their attorneys to be diligent in

prosecuting their causes of action." *Spears v. City of Indianapolis*, 74 F.3d 153, 157-158 (7[th]

Cir.1996) citing from *Geiger v. Allen*, 850 F.2d 330, 331 (7th Cir.1988). The Seventh Circuit has

shared the opinion of other circuits that:

> Delays are a particularly abhorrent feature of today's trial practice.
> They increase the cost of litigation, to the detriment of the parties
> enmeshed in it; they are one factor causing disrespect for lawyers
> and the judicial process; and they fuel the increasing resort to
> means of non-judicial dispute resolution. Adherence to reasonable
> deadlines is critical to restoring integrity in court proceedings.
> *Spears*, 74 F.3d at 158 quoting from *Geiserman v. MacDonald*,
> 893 F.2d 787, 791 (5th Cir.1990).

A motion filed after a specified deadline has expired should only be considered if the

moving party (1) shows cause, and (2) the failure to act was the result of excusable neglect. The

issue of excusable neglect presented by the motion should be carefully analyzed by the court.

See *Spears*, 850 F.2d 330 (request for additional day beyond previous extension to acquire

additional information not sufficient for excusable neglect), *Marane, Inc. V. McDonald's Corp.*,

755 F.2d 106 (7th Cir.1985) (no member of the bar should be able to plead unfamiliarity with the

Federal Rules of Civil Procedure in excuse for his or her tardiness), and *Gonzalez v. Ingersoll

Milling Machine Co.*, 133 F.3d 1025, 1030-1031 (7th Cir.1998) (routine problems with attorney's

office management not sufficient for third request for extension to respond after deadline

3

passed).

Plaintiff's Motion fails where it has been untimely filed, 10 days after the response to IGA's motion to dismiss was due,[1] and counsel's allegations as to the delay in acquiring the alleged necessary materials do not constitute excusable neglect pursuant to F.R.C.P. Rule 6(b)(2).

**Counsel should already have sufficient information to respond to Motion to Dismiss.**

Plaintiff argues that an extension is necessary to allow him to obtain copies of the EEOC record for his initial, non-perfected charge (EEOC No. 440-2006-03917) to prove he had a valid charge on file within the 300 day limitation period. Plaintiff's counsel sets out an unsupported position that he filed a timely charge with the EEOC on May 5, 2006, but the case was closed due to his inability to perfect the charge because of personal issues and trouble obtaining his client's signature (Craddock Affidavit, ¶¶ 3-7).[2] Plaintiff's counsel claims he sent a signed charge with a letter requesting the closed matter be re-opened and a right-to-sue letter be issued (Craddock Affidavit, ¶¶ 8 & 9). Plaintiff's counsel then makes the assertion that while a right-to-sue letter was issued on November 30, 2006, he did not take notice of the fact the document contained a different case number than the original charge until February 6, 2007 approximately 68 days after the fact (Craddock Affidavit, ¶¶ 9 - 10).

---

[1] Plaintiff's counsel filed a correction to the Motion for Extension of Time approximately 23 minutes after filing the initial motion stating counsel had "inadvertently docketed" the response as due March 10, 2007 rather than February 23, 2007 as specifically stated in the court docket (See Plaintiff's Correction to Motion for Extension of Time, ¶ 1).

[2] Mr. Craddock's excuses include that he was out of the office due to a family illness and death in late May and June 2006, but no explanation of why the delay extended for the months of July, August, September, and October 2006. Mr. Craddock alleges Plaintiff's telephone allegedly did not work, but no information is provided whether he attempted to communicate through correspondence. Finally, Mr. Craddock admits that Plaintiff actually lost the form.

4

Assuming *arguendo* the Court finds Plaintiff's attorney's oversight excusable, the Motion to Extend Time still fails to provide an adequate explanation of why he needs a copy of the record from the first charge to respond to IGA's Motion to Dismiss. It is not unreasonable to expect an attorney filing an EEOC complaint on behalf of a client to maintain copies of all the pertinent documents associated with the charges like the intake questionnaire sheet and the actual charge filed. There is also no reason an attorney for an EEOC complainant would not keep copies of all correspondence sent between counsel and the EEOC. These letters would certainly provide the specific requests and limitations made by the EEOC along with dates they were sent regarding (1) the terms to correct the original charge; (2) information to Plaintiff and counsel regarding why the first case had been closed; and (3) the EEOC's response to Plaintiff's counsel's October 26, 2006 letter as to whether it would allow Mr. Banton to reopen the first matter. All of these materials would allow Plaintiff to respond to IGA's motion to dismiss and they should already be in the possession of opposing counsel.

In contrast to Plaintiff's position, IGA would be prejudiced if Plaintiff were granted an additional 21 days to respond. First the Plaintiff waited 310 days to file an unperfected Charge of Discrimination with the EEOC. Then, according to the Motion, there was a delay of 181 days between the date of that Charge and the signed charge being filed (May 5, 2006 - November 2, 2006). Then the reason counsel gives, the necessity of copies from a file, to refute the Motion to Dismiss is that he did not notice the right-to-sue letter contained a new number than the original complaint for another 68 days (November 30, 2006 - February 6, 2007). Finally, Plaintiff's counsel has already failed to meet the deadline set by the Court and is now seeking an extension of three more weeks to respond to Defendant's Motion to Dismiss. These delays have occurred

5

solely because of the inactivity of both Plaintiff and his counsel. It is now March 2007, 21 months after the alleged discriminatory act. Witnesses have moved on, memories have faded. Further extension of time will prejudice IGA

**Contents of EEOC's file number 440-2006-03917 will still show the initial charge was not timely filed.**

Plaintiff's receipt of the EEOC file No. 440-2006-03917 will not change the fact that Plaintiff did not meet the statutory period for his claim. Charges alleging discrete discriminatory or retaliatory acts must be filed with the EEOC within the appropriate 300 day time limit from the day of the actual discrete act. *Hildebrandt v. Illinois Department of Natural Resources, et al.*, 347 F.3d 1014, 1026-1027 (7th Cir.2003), *Roney v. Illinois Department of Transportation*, 474 F.3d 455, 459-461 (7th Cir.2007), and *National Railroad Passenger Corp. V. Morgan*, 536 U.S. 101, 122 S.Ct. 2061 (2002). Discrete discriminatory employment actions are deemed to have been taken on the date they occurred, even if they form part of an ongoing practice or are connected with other acts. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860-861 (7th Cir.2005). Each discrete discriminatory act starts a new clock for filing charges alleging that occurrence and charges not filed within the 300 days of the event in question are not actionable. *Id.*

Plaintiff's EEOC charge filed on November 2, 2006 alleges the incident basing Mr. Banton's Title VII complaint occurred on June 29, 2005. The Defendant can only guess that the Plaintiff will attempt to extend this period by claiming he was unaware of IGA's retaliatory actions until July 20, 2005. Plaintiff's Amended Complaint states that he was "informed" of his termination on July 20, 2005; however, the fact to the matter is Mr. Banton's employment at

6

Arthur I.G.A. Foodliner was terminated on June 29, 2006 (see Affidavit of Deanna Williams, ¶¶ 6 &7, attached hereto and incorporated herein as Ex. 1). Neither Plaintiff's EEOC Charge nor his Complaint plead any facts to support why Mr. Banton could have believed he was still employed by IGA through July 20, 2005 when he never worked another day at the store following the alleged June 29, 2005 incident and was actually removed from the schedule for the balance of the week and never put back on the schedule again. This, despite the fact that prior to June 29, 2005, the Plaintiff had been working four or five days a week since beginning his employment with IGA (See affidavit of Deanna Williams, ¶ 5).

IGA has included with its objections copies of the store work schedules for the period of April 24, 2005 to July 24, 2005 (See affidavit of Deanna Williams, ¶ 4). A review of these schedules confirms Mr. Banton ("Jordan") is listed on the weekly schedule through the week ending July 4, 2005. However, the time for "Jordan" on June 29, 2005 has been modified to show that he left at 5:30 p.m. rather than his scheduled 7:00 p.m. Also, the remaining shifts for that week have been crossed off, and the name "Jordan" is absent on all subsequent weekly schedules through July 24, 2005. This fact, and the fact Plaintiff never returned to work after the alleged incident does not leave Mr. Jordan with any reasonable cause to believe he was still employed by IGA on July 20, 2005.

The date for Mr. Banton's alleged discrimination was June 29, 2005; yet the first EEOC charge was not filed until May 5, 2006, 310 days later. Plaintiff's charge was not brought before the EEOC in a timely manner pursuant to 42 U.S.C. §2000e-5(e)(1), and the matter is barred, regardless of Plaintiff's counsel request for additional time to obtain the EEOC file.

**EEOC treated the November 2, 2006 charge as a new investigation not intended to**

7

**relate back to the May 5, 2006.**

Plaintiff's position is that he filed an EEOC Charge on May 5, 2006, and for a number of inexcusable reasons, a perfected charge was not filed until November 2, 2006 <u>after</u> the present suit was filed. Plaintiff argues that his counsel was allegedly informed that the May 5, 2006 Charge had been closed by the Commission, and he was advised to write the Director of the EEOC to reopen the case. A perfected charge was filed on November 2, 2006 and a right-to-sue letter issued on November 30, 2006. Plaintiff's counsel alleges he took no notice to the fact there was a new number assigned to the document until February 6, 2007 (Craddock Affidavit, ¶¶ 9 & 10). Plaintiff's Motion therefore implies that he wants an extension of 21 days to determine if this was mistake and the November 2, 2006 Charge actually relates back to the May 5, 2006 Charge. It seems clear that there was no mistake, the Plaintiff filed two charges with the EEOC and they were properly treated as such.

The facts are that there was an alleged May 5, 2006 Charge[3] that was never perfected, investigated, or received by IGA. Instead, the matter was closed after Plaintiff failed to timely correct the charge as instructed by the EEOC. Plaintiff's counsel wrote to the EEOC prior to filing the present suit, but the materials were not received and processed until November 2, 2006 two days after the Complaint was filed (Plaintiff's Motion, Ex. 1). The letter to the Chicago District Director of the EEOC asked for the charge to be reopened for investigation but also for an immediate right-to-sue letter. The request was processed approximately 181 days after the first charge was allegedly filed.

---

[3]Prior to filing its Motion to Dismiss, Defendant IGA requested from Plaintiff's counsel a copy of the original charge verifying the date filed, but has never received same. Defendant's counsel has further requested a copy of the file from the EEOC.

8

The EEOC's response was to assign the charge a new number confirming that the Commission did not treat the November 2, 2006 Charge as relating back to the May 5, 2006 Charge. This fact is further supported by the EEOC's right-to-sue letter issued on November 30, 2006 (attached hereto and incorporated herein as Ex. 2), which checked the following two categories to define the notice:

> X    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.
> X    The EEOC is terminating its processing of this charge.

This letter was issued over 200 days after the initial charge was filed. If the Commission had intended the second charge to relate back to the May 5, 2006 Charge, then the District Director would have logically checked the first box stating that "[m]ore than 180 days have passed since the filing of this charge." This is not the case for charge no. 440-2007-01495.

The Seventh Circuit decisions on perfecting EEOC charges confirms that a party cannot maintain a lawsuit claiming a Title VII violation if they do not have a signed charge on file with the EEOC prior to the Complaint being filed. The reasoning for this was stated in *Bacon v. Allstate Ins. Co.*, 1995 WL 360736 (N.D.Ill.June 14, 1995) who, drawing from Fourth Circuit, held four points that support the necessity of this rule. First, the clear language of the statute (26 U.S.C. §2000e-5(b)) mandates that the charge be under "oath or affirmation" because allowing an unsworn charge would not only violate the statute's express terms but would also render the "oath or affirmation" requirement unnecessary surplusage. Second, the right to amend to verify a charge before the EEOC is a technical issue; however, the statutory requirement becomes a mandatory, substantive provision that is a prerequisite to maintaining a Title VII lawsuit once the

9

EEOC has issued a right to sue letter and thereby terminated its investigation and conciliation processes. Third, the rule protects the legitimate interests of employers in having to defend against unverified charges because the "oath or affirmation" requirement serves to protect both the EEOC and the employer from the harassment of frivolous charges. Fourth, the rule is consistent with the EEOC regulation 26 CFR §1601.12(b), which permits a complainant to amend a charge to cure a technical defect including a failure to verify the charge relating back to the date the charge was first received as long as the matter remains before the EEOC. 1995 WL 360736 *7-8 in reviewing *Balazs v. Liebenthal*, 32 F.3d 151, 157 (4th Cir.1994).

Plaintiff may allege that a right-to-sue letter was never issued for case no. 440-2006-03917, but this fact in conjunction with the other facts noted above does not mean that matter was not terminated. Regardless of Plaintiff's counsel's request that the first EEOC matter be reopened, the EEOC treated the November 2, 2006 Charge as a new charge and not a continuation of the initial charge. As a result, the Charge on which Mr. Banton has brought suit (the only Charge on which he has a right to sue) was filed almost 500 days after the occurrence basing Mr. Banton's complaint and is clearly time barred.

Plaintiff did not successfully reopen or perfect his initial charge prior to filing the present lawsuit, which further supports IGA's Motion to Dismiss. There is no reason for the Court to allow the Plaintiff additional time to tender his response.

10

**Conclusion**

Defendant IGA objects to the motion for additional time to obtain a copy of an EEOC file

on the grounds that (1) the Plaintiff did not file his first charge with the EEOC within 300 days of

the occurrence basing his Title VII violation claim; (2) Plaintiff and opposing counsel should

already have the materials from both filings to sufficiently respond to IGA's motion to dismiss;

and (3) Plaintiff's November 2, 2006 EEOC charge was treated as a new charge that cannot

relate back to May 5, 2006.

WHEREFORE, the Defendant, KIRBY FOODS, INC., d/b/a ARTHUR I.G.A.

FOODLINER, incorrectly sued as ARTHUR I.G.A. FOODLINER, moves the Court to deny

Plaintiff's Motion for Extension of Time to File Reply to Defendant I.G.A. Foodliner's Motion

to Dismiss, and for such other relief as the Court deems just and proper.

Respectfully submitted,

_____**s/Lorna K. Geiler**_____
Lorna K. Geiler, No. 7372814
Attorney for Defendant
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
Telephone: (217) 352-1800
Fax: (217) 352-1083
lgeiler@meyercapel.com

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2007, I electronically filed the foregoing **Defendant Kirby Foods, Inc., d/b/a Arthur I.G.A. Foodliner Objections to Plaintiff's Motion for Extension of Time to File Reply to Defendant I.G.A. Foodliner's Motion to Dismiss** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Mr. Jason R. Craddock
> P.O. Box 1514
> Sauk Village, IL 60412
> captain1970@thelifeline.net

I also hereby certify that I have mailed by United States Postal Service the above mentioned document to the following non CM/ECF participants:

> XXX

Respectfully submitted,

**s/Lorna K. Geiler**

Lorna K. Geiler, No. 7372814
Attorney for Defendant
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
Telephone: (217) 352-1800
Fax: (217) 352-1083
lgeiler@meyercapel.com

12

STATE OF ILLINOIS      )
                             ) ss

COUNTY OF CHAMPAIGN    )

I, Deanna Williams, being first duly sworn, on oath depose and state:

1. My name is Deanna Williams.
2, I have been employed with Kirby Foods, Inc., since 1985. I have been the Human Resources Manager for Kirby Foods, Inc., since 1997.
3. I am familiar with Jordan Banton, the Plaintiff in Case Number 06-CV-2211.
4. Mr. Banton was terminated from his employment with Kirby Foods, Inc., on June 29, 2005. (Attached hereto and incorporated herein as Exhibit A are the true and accurate employee schedules from the Arthur I.G.A. Foodliner from April 2005 through July 24, 2005, Jordan Banton's tenure with Arthur I.G.A. Foodliner.)
5. Mr. Banton was consistently scheduled to work four (4) or five (5) days, five (5) hours per day through the week ending July 2, 2005.
6. On June 29, 2005, Mr. Banton was scheduled to work until 7:00 p.m.; however, as a result of his misconduct, he was terminated at 5:30 p.m. and marked off the schedule for the balance of the week.
7. Mr. Banton was never put back on the schedule. He was terminated on June 29, 2005.

FURTHER AFFIANT SAYETH NOT.

_Deanna M. Williams_
Deanna Williams

Subscribed and sworn to before me

this _12th_ day of _March_ 2007.

_Tia L. Hoover_
Notary Public

OFFICIAL SEAL
TIA L HOOVER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/24/08

EXHIBIT
**1**

# APRIL / MAY 1

## Employee Schedule

| NAME | SUNDAY 24 | MONDAY 25 | TUESDAY 26 | WEDNESDAY 27 | THURSDAY 28 | FRIDAY 29 | SATURDAY 30 | SUN 1 |
|------|-----------|-----------|------------|--------------|-------------|-----------|-------------|-------|
| Elijah | X | X | 4-10 | 4-7 | 4-7 | X | 4-10 | 12-5 |
| Zach | OFFICE 830 1030 | — | ck 4-10 | ck 4-10 | — | OFFICE 4-1030 | X | X |
| Jacob | 8-12 | OFFICE 4-1030 | — | OFFICE 4-1030 | 4-10 | — | 7-2 | OFFICE 230 1030 |
| Devan | 12-5 | 4-10 | — | 4-10 | — | 4-10 | 9-4 | 8-12 |
| Seth | — | ck(4) 3-7 | ck(3) 2-7 | — | ck 3-7 | ck 3-7 | ck 4-10 | ck 4-10 |
| Jonathon | 5-10 | 4-7 | 4-7 | — | — | 4-7 | 2-8 | 5-10 |
| Mark | — | — | — | — | — | — | 9-7 | — |
| Sara | 7-11 | 8-1 130-430 | 8-2 | 8-1 130-430 | 8-2 | 8-1 130-430 | — | 7-11 |
| Steve | — | 7-4 | 7-4 | — | 7-4 | 7-4 | 7-4 | 7-3 |
| Jim | 7-3 | 7-4 | 7- | 7-4 | 7-4 | 7-4 | — | — |
| | | | | | | | | |
| Jordan | — | — | 9-4 | 9-4 | 9-4 | 7-12 1230-3 | — | — |
| Tim | | | | | | | | |

DEPARTMENT

WEEK STARTING

EXHIBIT

A

## MAY

## Employee Schedule

| NAME \ DEPARTMENT | 1 SUNDAY | 2 MONDAY | 3 TUESDAY | 4 WEDNESDAY | 5 THURSDAY | 6 FRIDAY | 7 SATURDAY | 8 SUN |
|---|---|---|---|---|---|---|---|---|
| ELIJAH | 12-5 | 4-10 | — | — | 4-7 | 4-10 | 2-8 | 8-12 |
| ZACH | X | X | X | X | X | X | OFFICE 230 1030 | OFFICE 230 1030 |
| JACOB | OFFICE 230 1030 | OFFICE 4-1030 | — | 4-10 | OFFICE 4-1030 | — | 7-2 | 12-5 |
| DEVAN | 8-12 | 4-7 | 4-10 | 4-7 | X | X | X | 5-10 |
| SETH | CK 4-10 | CK 3-7 | CK 2-7 | — | CK 3-7 | CK 4-10 | X | X |
| JONATHON | 5-10 | — | 4-7 | — | 4-10 | 4-7 | 4-10 | — |
| MARK | — | — | — | — | — | — | 9-4 | |
| JORDAN | — | 8-3 | 7-2 | 9-4 | 9-4 | 7-12 1230-3 | — | |
| TIM | — | | | | | | | |
| SARA | 7-11 | 8-1 130-430 | 8-2 | 8-2 | 8-1 130-430 | 8-1 130-430 | — | 7-11 |
| STEVE | 7-3 | 7-4 | — | 7-4 | 7-4 | 7-4 | — | — |
| JIM | — | 7-4 | 7-4 | — | 7-4 | 7-4 | 7-4 | 7-3 |

## Employee Schedule

*MAY*

| DEPARTMENT<br>NAME | 8<br>SUNDAY | 9<br>MONDAY | 10<br>TUESDAY | 11<br>WEDNESDAY | 12<br>THURSDAY | 13<br>FRIDAY | 14<br>SATURDAY | 15<br>SUN<br>TOTAL |
|---|---|---|---|---|---|---|---|---|
| ZACH | OFFICE<br>230<br>1030 | — | OFFICE<br>4-1030 | 4-10 | — | 4-10 | — | OFFICE<br>230<br>1030 |
| JACOB | 12-5 | X | X | OFFICE<br>4-1030 | OFFICE<br>4-1030 | X | OFFICE<br>230-<br>1030 | — |
| DEVAN | 5-10 | — | 4-7 | — | 4-7 | — | 7-2 | 8-12 |
| SETH | X | 4-10 | CK-4<br>2-7 | — | 4-10 | CK<br>3-7 | 9-4 | 5-10 |
| JONATHON | — | 4-7 | 4-10 | 4-7 | — | 4-8 | 2-8 | 12-5 |
| MARK | — | — | — | — | — | | 4-10 | — |
| JORDAN | — | 8-3 | 7-2 | 9-4 | 9-4 | 7-12<br>1230-3 | — | — |
| TIM | — | — | — | 10<br>4-10 | — | 4-10 | 4-10 | 5-10 |
| SARA | 7-11 | 8-1<br>130-430 | 8-2 | 8-1<br>130-430 | 8-1<br>130-430 | 8-2 | — | 7-11 |
| STEVE | — | 7-4 | 7-4 | — | 7-4 | 7-4 | 7-4 | 7-3 |
| JIM | 7-3 | 7-4 | — | 7-4 | 7-4 | 7-4 | — | — |
| ELIJAH | 8-12 | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

2:06-cv-02211-DGB   # 11   Page 16 of 27

# Employee Schedule

*MAY*

| NAME | SUNDAY 15 | MONDAY 16 | TUESDAY 17 | WEDNESDAY 18 | THURSDAY 19 | FRIDAY 20 | SATURDAY 21 | TOTAL 22 SUN |
|------|-----------|-----------|------------|--------------|-------------|-----------|-------------|--------------|
| ZACH | OFFICE 930 1030 | — | OFFICE 4-1030 | — | 4-10 | — | OFFICE 930 1030 | — |
| JACOB | — | X | X | OFFICE 4-1030 | OFFICE 4-1030 | 4-10 | 7-2 | OFFICE 930 1030 |
| DEVAN | 8-12 | 4-10 | — | 4-10 | — | — | 4-10 | 8-12 |
| SETH | 5-10 | 4-7 | 9-4 | — | 4-7 | 9-4 | — | — |
| JONATHON | 12-5 | — | 4-10 | 4-7 | — | — | 9-4 | 12-5 |
| MARK | — | — | — | — | — | — | — | — |
| JORDAN | — | 8-3 | 7-2 | 9-4 | 9-4 | 7-2 | — | — |
| TIM | 5-10 | — | 4-7 | — | — | 4-7 | 2-8 | 5-10 |
| SARA | 7-11 | 8-1 130-430 | 8-2 | 8-1 130-430 | 8-1 130-430 | 8-2 | — | 7-11 |
| STEVE | 7-3 | 7-4 | — | 7-4 | 7-4 | — | — | — |
| JIM | — | 7-4 | 7-4 | — | 7-4 | 7-4 | 7-4 | 7-3 |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

DEPARTMENT ___ EMPLOYEE SCHEDULE   WEEK STARTING

*MAY*

**Employee Schedule**

Mem. Day ↓

| NAME | DEPARTMENT 22 SUNDAY | 23 MONDAY | 24 TUESDAY | 25 WEDNESDAY | 26 THURSDAY | 27 FRIDAY | 28 SATURDAY | 29 SUN | 30 MON |
|------|------|------|------|------|------|------|------|------|------|
| Zach | 230 1030 | OFFICE 4-1030 | 4-7 | 4-10 | 4-10 | X | X | X | OFFICE 230 1030 |
| Jacob | OFFICE 230 1030 | — | 4-10 | OFFICE 4-1030 | OFFICE 4-1030 | X | X | OFFICE 230 1030 | 10-4 |
| Devan | 8-12 | 4-10 | — | — | X | 4-10 | 2-9 | 7-12 | — |
| Seth | — | 3-7 | 9-4 | — | — | 9-4 | 9-4 | — | ck 4-10 |
| Jonathon | 12-5 | — | — | 4-7 | — | 4-8 | 4-10 | 5-10 D-F | 4-10 |
| Mark | — | — | — | — | — | — | 7-2 | — | — |
| Jordan | — | 8-3 | 7-2 | 9-4 | 9-4 | 7-12 1030-4 | — | — | 8-3 |
| Tim | 5-10 | — | — | — | 4-8 | X | — | 12-5 5-10 | 3-7 |
| Sara | 7-11 | 8-1 130-430 | 8-2 | 8-1 130-430 | 8-2 | 8-1 130-430 | — | 7-11 | 7- |
| Steve | — | 7-4 | 7-4 | — | 7-4 | 7-4 | 7-4 | 7-3 | 7- |
| Jim | 7-3 | 7-4 | — | 7-4 | 7-4 | 7-4 | 7- | — | 7- |

MEM. DAY

## Employee Schedule

**MAY**     **JUNE**

DEPARTMENT — WEEK STARTING

| NAME | 29 SUNDAY | 30 MONDAY | 31 TUESDAY | 1 WEDNESDAY | 2 THURSDAY | 3 FRIDAY | 4 SATURDAY | 5 SUN |
|---|---|---|---|---|---|---|---|---|
| ZACH | X | OFFICE 230 1030 | 9-4 | 4-10 | 9-4 | — | 4-10 | 12-5 |
| JACOB | OFFICE 230 1030 | 10-4 | 7-29 | — | — | 7-2 | 7-2 | 8-12 |
| DEVAN | 7-12 | — | X | X | 4-10 | X | — | X |
| Seth | — | CK 4-10 | — | 8-3 | 4-7 | 9-4 | CK 9-4 | — |
| Jonathon | 5-10 | 4-10 | 4-7 | — | — | 4-10 | — | — |
| MARK | — | — | — | — | — | — | — | — |
| Jordan | — | 8-3 | 9-4 | 3-7 | — | — | 2-8 | — |
| Tim | 12-5 | 3-7 | 4-10 | — | — | 2-8 | 9-4 | 5-10 |
| SARA | 7-11 | 7- | 8-2 | 230 1030 | 9-1030 4-1030 | 8-2 | — | 7-11 |
| Steve | 7-3 | 7- | — | 7-4 | 7-4 | 7-4 | — | — |
| JiM | — | 7- | 7-4 | — | 7-4 | 7-4 | 7-4 | 7-3 |

# JUNE — Employee Schedule

SAT SALE

| NAME | 5 SUNDAY | 6 MONDAY | 7 TUESDAY | 8 WEDNESDAY | 9 THURSDAY | 10 FRIDAY | 11 SATURDAY | 12 SUN TOTAL |
|---|---|---|---|---|---|---|---|---|
| Zach | 12-5 | OFFICE 4-1030 | X | — | 9-4 | 7-2 | 3-10 | X |
| Jacob | 8-12 | — | OFFICE 4-1030 | 8-3 | X | 7-2 | 7-2 | 8-12 |
| Devan | X | X | 4-10 | X | — | X | 2-9 | X |
| Seth | — | 3-7 | 9-4 | — | 4-7 | — | 8-3 | — |
| Jonathon | — | 4-10 | — | 4-10 | — | 4-10 | — | 5-10 |
| Jordan | — | 8-3 | 7-2 | 3-7 | — | 2-8 | — | — |
| Tim | 5-10 | — | 4-7 | — | 4-10 | 4-10 | 10-5 | 12-5 |
| Mary | 230 1030 | — | — | 230 1030 | 230 1030 | 230 1030 | 230 1030 | — |
| Sara | 7-11 | 8-1 130-430 | 8-2 | — | 8-1 130-430 | 8-3 | 7-2 | 7-11 |
| Steve | — | 7-4 | 7-4 | — | 7-4 | 7-4 | 7-4 | 7-3 |
| Jim | 7-3 | 7-4 | — | 7-4 | 7-4 | 7-4 | 7-4 | — |

DEPARTMENT

WEEK STARTING

# Employee Schedule

**June**

| DEPARTMENT NAME | 12 SUNDAY | 13 MONDAY | 14 TUESDAY | 15 WEDNESDAY | 16 THURSDAY | 17 FRIDAY | 18 SATURDAY | 19 SUN |
|---|---|---|---|---|---|---|---|---|
| ZACH | X | 7-2 | 7-2 | X | 7-2 | 9-4 | — | 12-5 |
| JACOB | 8-12 | OFFICE 3-1030 | X | 9-4 | — | 7-2 | 9-4 | 7-2 |
| DEVAN | X | X | 4-10 | X | 4-10 | X | 4-10 | X |
| SETH | — | — | — | — | — | 2-8 | 4-10 | - |
| JONATHON | 5-10 | X | 2-7 | 4-7 | — | 4-10 | 2-8 | — |
| JORDAN | — | 2-7 | 9-4 | X | — | 2-8 | — | 5-10 |
| TIM | 12-5 | 4-10 | — | 4-10 | 2-7 | — | 7-2 | 8-12 |
| MARY | — | — | 230-1030 | 230-1030 | 230-1030 | 230-1020 | 230-1030 | 230-1030 |
| SARA | 7-11 | 8-1 130-430 | 8-2 | 8-1 130-430 | 8-2 | 8-1 130-430 | — | 7-11 |
| STEVE | 7-3 | 7- | 7-4 | 7- | 7-4 | 7-4 | 7- | — |
| JIM | — | VACATION | | | | — | | |

# Employee Schedule

JUNE

| DEPARTMENT | 19 | 20 | 21 | 22 | 23 | 24 | 25 | 26 |
|---|---|---|---|---|---|---|---|---|
| NAME | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUN TOTAL |
| ZACH | 12-5 | 3-7 | 7-2 | 8-3 | — | 7-2 | — | OFFICE 230-1030 |
| JAKE | 7-2 | 3 on 1030 OFFICE | 2-7 | X | 8-3 | X | 8-3 | 8-12 |
| DEVAN | X | X | 4-10 | X | 4-10 | X | X | X |
| SETH | — | 8-3 | 9-4 | | | | | |
| JONATHON | — | 4-10 | | 3-7 | — | 2-7 | 9-4 | 12-5 |
| JORDAN | 5-10 | — | — | 4-10 | — | 4-10 | 1-8 | — |
| TIM | 8-12 | X | X | X | 3-7 | 9-4 | 4-10 | 5-10 |
| MARY | 230 1030 | — | — | 230 1030 | 230 1030 | 230 1030 | 230 1030 | — |
| SARA | 7-11 | 8-1 130-430 | 8-2 SICK | 8-1 130-430 | 8-2 | 8-1 130-430 | — | 7-11 |
| STEVE | — | 7-4 | — | 7-4 | 7-4 | 7-4 | 7-4 | 7-3 |
| JIM | — | 7-4 | 7-4 | 7-4 | X | 7-4 | 7 | — |

2:MAR 7 2007 11:28 FROM:T G A #64 8125437676    FAX NO. 2119026004    TO:3529394    P:11/14
2:08 cv-02211-DCB Document 11 ...  Page 23 of 27

## Employee Schedule

**June**      **July**

| DEPARTMENT | 26 | 27 | 28 | 29 | 30 | 1 | 2 | 3 | 4 |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| NAME | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | SUN | MON |
| ZACH | OFFICE 830 1030 | 8-3 | 7-2 | — | ck 4-10 | 8-3 | 8-3 | ck 7-2 | OFFICE 830 1030 |
| JACOB | 8-12 | OFFICE 930 1030 | X | — | 9-4 | 7-2 | 7-2 | 7-1 | 8-3 |
| DEVAN | X | X | 4-10 | X | — | X | 3-10 | X | X |
| JONATHON | 12-5 | 3-7 | — | 4-10 | 3-7 | 4-10 | — | 5-10 | 3-7 |
| JORDAN | — | — | 9-4 | 3-8 | — | 2-7 | 8-3 | — | 3-7 |
| TIM | 5-10 | 4-10 | — | 8-3 | 4-10 | 4-10 | 2-9 | 5-10 | 9-4 |
| LJ | — | 4-10 | 2-7 | 4-10 | — | 3-9 | 11-5 | 12-5 | 4-10 |
| MARY | — | — | 230 1030 | 230 1030 | 230 1030 | 230 1030 | 230 1030 | 230 1030 | — |
| SARA | 7-11 | 8-1 130-430 | 8-1 | — | 8-3 | 8-1 130-430 | 7-2 | 7-11 | 7- |
| STEVE | 7-3 | 7-4 | ... | 7-11 | 7-4 | 7-4 | — | — | 7- |
| JIM | — | 7-4 | 7-11 | . . | 7-11 | 7-4 | 7-4 | 7-3 | 7- |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |  |  |

EMPLOYEE SCHEDULE    WEEK STARTING    TOTAL

# Employee Schedule

**DEPARTMENT:** July

WEEK STARTING

| NAME | 3 SUNDAY | 4 MONDAY | 5 TUESDAY | 6 WEDNESDAY | 7 THURSDAY | 8 FRIDAY | 9 SATURDAY | 10 SUN TOTAL |
|---|---|---|---|---|---|---|---|---|
| Zach | CR 7-2 | OFFICE 230 1030 | 7-2 | — | 9-4 | 7-2 | 7-2 | 4-10 |
| Jacob | 7-1 | 8-3 | OFFICE 230 1030 | 9-4 | 9-4 | 7-2 | — | 7-3 |
| Devan | X | X | 4-10 | X | 4-10 | X | 4-10 | X |
| Jonathon | — | 3-7 | 9-4 | 3-7 | — | 3-7 | 9-4 | 1-7 |
| Tim | 5-10 | 9-4 | — | 4-10 | — | 8-3 | 2-8 | 7-1 |
| LJ | 12-5 | 4-10 | 2-7 | — | 4-7 | 4-10 | 4-10 | 11-4 |
| Seth | | | 4-10 | 3-7 | | 4-10 | 4-9 | |
| Mary | 230 1030 | — | — | 230 1030 | 230 1030 | 230 1030 | 230 1030 | |
| Sara | — | 7- | 8-1 130-430 | 8-1 130-430 | 8-1 130-430 | 8-1 130-430 | — | 7-11 |
| Steve | — | 7- | 7-4 | — | 7-4 | 7-4 | 7-4 | |
| Jim | 7-3 | 7- | — | 7-4 | 7-4 | 7-4 | — | |

wk1

# Employee Schedule

July

EMPLOYEE SCHEDULE

| DEPARTMENT | 10 | 11 | 12 | 13 | 14 | 15 WEEK STARTING | 16 | 17 Sun |
|---|---|---|---|---|---|---|---|---|
| NAME | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | TOTAL |
| ZACH | 4-10 | — | 8-3 | 8-3 | 7-2 | 8-3 | — | — |
| Jacob | 7-3 | office 230 1030 | 7-2 | — | — | 7-2 | 7-2 | 8-3 |
| Devan | X | X | 4-10 | X | 4-10 | X | 3-10 | X |
| Jonathon | 1-7 | 4-10 | — | 3-10 | — | 4-10 | — | 10-4 |
| Tim | 7-1 | 7-2 | — | 12-7 | — | 4-10 | 8-3 | 4-10 |
| LJ | 11-4 | — | 2-8 | — | — | 10-5 | 2-9 | 3-7 |
| Seth | — | 2-8 | — | — | 2-8 | 3-9 | 2-9 | 3-9 |
| Mary | — | — | 230 1030 | 230 1030 | 230 1030 | 230 1030 | 230 1030 | 230 1030 |
| Sara | 7-11 | 8-1 130-430 | 8-2 | 8-1 30-430 | 8-2 | 8-1 130-430 | — | 7-11 |
| Steve | — | — | VACATION | | | | | |
| Jim | — | 7- | 7-4 | 7- | 7-4 | 7-4 | 7-4 | 7-3 |

_wk2_

_JuLy_

# Employee Schedule

| DEPARTMENT | _17_ | _18_ | _19_ EMPLOYEE SCHEDULE | _20_ | _21_ | _22_ WEEK STARTING | _23_ | _24_ _Sun_ |
|---|---|---|---|---|---|---|---|---|
| NAME | SUNDAY | MONDAY | TUESDAY | WEDNESDAY | THURSDAY | FRIDAY | SATURDAY | TOTAL |
| ZACH | — | | | | | | | |
| JACOB | 8-3 | OFFICE 230 1030 | 7-2 | 8-3 | — | 7-2 | X | X |
| DEVAN | X | X | 4-10 | X | SICK (1-10) | X | 4-10 | X |
| JONATHON | 4-10 | — | 9-4 | — | 8-3 | 8-3 | 7-2 | 11-4 |
| Tim | 10-4 | 8-3 | 8-3 | — | — | 3-10 | 9-4 | 8-3 |
| LJ | 3-7 | 3-7 | — | 4-10 | 3-7 | — | 2-8 | 4-10 |
| Seth | | 4-10 | 3-7 | 3-7 | — | 2-8 | — | 3-7 |
| MARY | 230 1030 | — | 230 1030 | 230 1030 | 230 1030 | 230 1030 | — | — |
| SARA | 7-11 | 8-1 130-180 | 8-2 | 7-10 230-350 | 8-2 | 8-1 130-180 | — | X |
| Steve | — | 7-4 | 7-4 | — | 7-4 | 7-4 | 7-4 | 7-3 |
| Jim | 7-3 | 7-4 | — | 7-4 | 7-4 | 7-4 | — | — |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

EEOC Form 161-B (3/98)    **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: Mr. Jordan T. Banton<br>PO Box 1192<br>Decatur, IL 62526 | From: Chicago District Office - 440<br>500 West Madison St<br>Suite 2800<br>Chicago, IL 60661 |
|---|---|

Cert No. 7001 0320 0005 9832 5256

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2007-01495 | Tyrone Irvin,<br>**Enforcement Supervisor** | (312) 353-0905 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*John P. Rowe* — 11/30/2006

**John P. Rowe,**
**District Director**    *(Date Mailed)*

cc:    **Arthur IGA Foodliner**

**EXHIBIT**

**2**