## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | |
|---|---|
| **JORDAN T. BANTON,**               ) | |
|         **Plaintiff,**     ) | |
|   **v.**                  ) | |
|                                     ) | |
| **MARY DOWDS, individually and as an**     ) | |
| **agent of ARTHUR I.G.A. FOODLINER,**      ) | |
| **ARTHUR I.G.A. FOODLINER,**               ) | **Case No.   06-2211** |
| **MICHAEL GOODMAN, Arthur Chief of**       ) | |
| **Police, individually and officially, and** ) | |
| **ROGER HANSEN, Arthur police officer,**   ) | |
| **individually and officially,**            ) | |
|                                            ) | |
|         **Defendants.**     ) | |

# O R DE R

On February 5, 2007, Kirby Foods, Inc., d/b/a Arthur I.G.A. Foodliner filed a Motion to Dismiss (#3). On March 5, 2007, Plaintiff filed a Motion for Extension of Time to File Reply to Defendant IGA Foodliner's Motion to Dismiss (#8). Plaintiff subsequently filed his Correction to Motion for Extension of Time to File Reply to Defendant IGA Foodliner's Motion to Dismiss (#10). Movant filed a written objection to the request for additional time.

Under the local rules of the Central District of Illinois, "Any party seeking an extension of time for any reason must file a motion for such extension before the original deadline. Motions filed out of time will be denied, unless the presiding judge determines that such denial would create a substantial unjustice." (CDIL-LR 6.1.) Plaintiff's motion (#8) and correction (#10) were filed after the original deadline for responding to the pending motion to dismiss.

The Court takes its responsibility to enforce deadlines seriously. In fact, in this case, a final draft of a Report & Recommendation had been prepared prior to the receipt of Plaintiff's request. Prior to filing the Report & Recommendation, the Court reviewed the motion (#8) and the correction (#10) and then movant's response.

The motion **(#8) is GRANTED and Plaintiff is instructed to file his response within fourteen (14) days**.  The Court does believe that denying the request would create a substantial injustice.  This comes in two ways.  First, in the absence of the response, the Court does not have the benefit of certain facts that Plaintiff may be able to present.  In the absence of those facts, the recommendation drafted by the Court was to grant the motion.  The Court should have all pertinent information before proceeding.  Secondly, due to the Court's process of referring the motion for a Report & Recommendation, it is clear that the material Plaintiff wishes to submit would be brought to the Court's attention via an objection to the Report & Recommendation.  This shifts the burden of analysis to the District Judge and defeats the whole purpose of the Report & Recommendation.  This is an inefficient use of judicial resources.

Plaintiff is admonished to be careful in noting deadlines in the future.

ENTER this 29th day of March, 2007.

> s/ DAVID G. BERNTHAL
> U.S. MAGISTRATE JUDGE