E-FILED
Monday, 02 April, 2007 11:54:27 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JORDAN T. BANTON; )
Plaintiff; )
)
v. ) No. 2:06-cv-02211
) JURY DEMAND
MARY DOWDS, individually and as an agent )
of KIRBY FOODS, d.b.a. ARTHUR I.G.A. )
FOODLINER, an Illinois corporation; )
MICHAEL GOODMAN, Arthur Chief of Police, )
individually and officially; and )
ROGER HANSEN, Arthur police officer, )
individually and officially, )
Defendants. )

MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Comes now Plaintiff, by his undersigned counsel, and moving for leave to amend his Complaint against Defendants, states as follows:

1. Federal Rules of Civil Procedure 15a states that leave to amend shall be "freely given when justice so requires."

2. The amendments answer and respond to the issues raised in the Motions to Dismiss filed by the Defendants.

3. These amendments all arise out of and relate back to the transactions and conduct originally complained against by Plaintiff on October 31, 2006, and add no new allegations or transactions.

For the foregoing reasons, Plaintiff asks this Court to allow leave to amend his Complaint.

JORDAN T. BANTON, Plaintiff

By: ___s/ Jason R. Craddock___

Jason R. Craddock
Attorney for Plaintiff
Post Office Box 1514
Sauk Village, Illinois 60412
Phone: (708) 662-0945
Fax: (708) 753-1242

CERTIFICATE OF SERVICE

The foregoing document will be served via the CM/ECF system by the Clerk of the Court, having been electronically filed, and will be sent electronically to all parties and counsel of record.

By: ___s/ Jason R. Craddock___

E-FILED
Monday, 02 April, 2007 11:55:59 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JORDAN T. BANTON; )
Plaintiff; )
)
v. ) No. 2:06-cv-02211
) JURY DEMAND
MARY DOWDS, individually and as an agent )
of KIRBY FOODS, d.b.a. ARTHUR I.G.A. )
FOODLINER, an Illinois corporation; )
MICHAEL GOODMAN, Arthur Chief of Police, )
individually and officially; and )
ROGER HANSEN, Arthur police officer, )
individually and officially, )
Defendants. )

SECOND AMENDED COMPLAINT

Comes now Plaintiff, by his undersigned counsel, and amending his Complaint against Defendants, states as follows:

Jurisdiction

1. This Court has jurisdiction over the parties to this dispute, all of whom are domiciled and operate within the state of Illinois.

2. This Court has jurisdiction over the subject matter of this dispute, as the events giving rise thereto occurred in Moultrie County, Illinois; as the principal place of business of the Defendants is in Moultrie County; and as the dispute concerns questions arising under the Fourth Amendment to the U.S. Constitution, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1983.

3. This Court has supplemental jurisdiction over the state law claims in this Complaint pursuant to 28 U.S.C. §1367(a).

Count I: Violation of Fourth Amendment—42 U.S.C. §1983: Officer Roger Hansen

1. On June 29, 2005, Defendant HANSEN began to investigate the complaint of Defendant DOWDS against Plaintiff, in which she alleged that Plaintiff stole several items from Defendant ARTHUR IGA FOODLINER grocery store, where both Dowds and Plaintiff worked at the time.

2. Hansen wrote in his report that he spoke with Dowds who told him that she saw Plaintiff commit the alleged theft between 7:30 pm and 8 pm on June 25, 2005.

3. Hansen also wrote in his report that he spoke with one Jonathan Kauffman, and Hansen wrote that Kauffman told him that he drove Plaintiff to Plaintiff's residence.

4. Hansen fabricated evidence in his police report regarding Kauffman driving Plaintiff to his residence; Kauffman and his wife Ruth drove Plaintiff to the house of another friend of Plaintiff on June 29, 2005—Hansen fabricated this in order to contradict the truthful information Plaintiff told his mother (which his mother told Hansen), that the friend whom Kauffman left Plaintiff with actually drove him (Plaintiff) home. Hansen reported the apparent contradiction in his police report.

5. Hansen also withheld evidence which would have exculpated Plaintiff of the crime of theft, in that Hansen omitted in his report the fact that Kauffman was with Plaintiff, in his (Kauffman's) house and car, during the time from 7:30 pm to 8 pm on June 29, 2005, the exact same time that Dowds alleged (and Hansen wrote in his report) Plaintiff was present at the Arthur IGA store committing the theft.

6. As a result of Hansen's report, which included fabricated evidence and which withheld exculpatory evidence, the Moultrie County State's Attorney filed charges against Plaintiff for the alleged theft, and Plaintiff was seized and deprived of his liberty by virtue of being summoned to court under penalty of arrest, and there and then ordered on bond to return to Court, and following arraignment and pre-trial, was made to stand trial on October 31, 2005 (Plaintiff's "surrender to the State's show of authority"—the summons and required bond and requirement to be tried on the charge—"constituted a seizure for the purposes of the Fourth Amendment," *Albright v. Oliver,* 510 U.S. 266, 271, 278 (1994)).

7. A trial was convened, and a jury found Plaintiff NOT GUILTY of said theft, on October 31, 2005.

8. Had Hansen not withheld evidence that Plaintiff was with Kauffman in his house and car at the time of the alleged theft, and had Hansen not fabricated

evidence that Kauffman drove Plaintiff home when he actually drove him to a friend's house (in order to destroy Plaintiff's credibility), the State's Attorney would not have had probable cause to prosecute Plaintiff, and Plaintiff would not have been summoned to court and made to stand trial.

9. Hansen maliciously, willfully and wantonly made false statements and withheld exculpatory evidence in his report in order to effect the prosecution of Plaintiff for theft; his malicious and willful and wanton hostility is further compounded by his statements to Plaintiff's mother that Plaintiff "is a liar," such statements having been made before Hansen ever saw or spoke with Plaintiff.

10. Hansen took the actions described in paragraphs 1 through 9 under color of law.

11. As a result of Hansen's actions, Plaintiff suffered the violation of his Fourth Amendment rights to be free from unwarranted seizure and prosecution without probable cause, and such violation caused the following special damage:

a. He was seized and deprived of liberty in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court and following arraignment and pre-trial, was made to stand trial on October 31, 2005 for theft (he was acquitted of all charges following the jury trial);

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Hansen, and compensatory and exemplary damages, and all other relief this Court deems just.

Count II: Malicious Prosecution: Officer Roger Hansen

1-10. Plaintiff re-alleges items 1-10 of Count I and incorporates them herein as items 1-10 of Count II.

11. As a proximate result of Hansen's actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Hansen, and compensatory and exemplary damages, and all other relief this Court deems just.

Count III: Violation of Fourth Amendment—42 U.S.C. §1983: Chief Michael Goodman

1-10. Plaintiff re-alleges items 1-10 of Count I and incorporates them herein as items 1-10 of Count III.

11. With deliberate, reckless indifference, Goodman approved of, facilitated, condoned, and turned a blind eye toward Hansen’s tortious conduct toward Plaintiff described in Counts I and II, in that he “ignored a realistic opportunity to intervene” and prevent the malicious prosecution of Plaintiff following his review of Hansen’s police report in which he fabricated evidence and withheld exculpatory evidence.

12. As a proximate result of Goodman's actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report, which was approved by Goodman;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report, which was approved by Goodman;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report, which was approved by Goodman.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Goodman, and compensatory and exemplary damages, and all other relief this Court deems just.

Count IV: Malicious Prosecution: Chief Michael Goodman

1-10. Plaintiff re-alleges items 1-10 of Count I and incorporates them herein as items 1-10 of Count IV.

11. With deliberate, reckless indifference, Goodman approved of, facilitated, condoned, and turned a blind eye toward Hansen's tortious conduct toward Plaintiff described in Counts I and II, in that he "ignored a realistic opportunity to intervene" and prevent the malicious prosecution of Plaintiff following his review of Hansen's police report in which he fabricated evidence and withheld exculpatory evidence.

12. As a proximate result of Goodman's actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report, which was approved by Goodman;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report, which was approved by Goodman;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report, which was approved by Goodman.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Goodman, and compensatory and exemplary damages, and all other relief this Court deems just.

Count V: Mary Dowds: Sexual Harassment—42 U.S.C. §2000e

1. On June 29, 2005, Defendant MARY DOWDS, night manager of the Defendant ARTHUR IGA FOODLINER grocery store in which Plaintiff was employed, told Plaintiff to clean the breakroom at the store, sent the other employees to the other side of the store, came back into the breakroom (when no one else was there) and told Plaintiff to sit and have a cigarette.

2. Dowds then sat and moved extremely close to Plaintiff and placed her hand inside his pants and on his genitals.

3. Plaintiff declined Mary's advances, by shoving her off of himself and informing her that he would report her to the authorities.

4. Dowds then stood up and unzipped her pants and exposed her genitals to Plaintiff, stating to him "You know you want it!"

5. Plaintiff got up to leave the room and she ordered him to leave work for the day.

6. Plaintiff reported Dowds' action to police.

7. Plaintiff first retained counsel and learned of the unlawfulness of Dowds' sexually harassing actions on July 9, 2005; IGA posted no signs in any conspicuous place informing employees of their rights to seek redress for sexual harassment from the Equal Employment Opportunity Commission (EEOC) or any other way, at the time that Plaintiff was employed with IGA.

8. Dowds' behavior toward Plaintiff constitutes sexual harassment in violation of Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e, in that:

a. Dowds subjected Plaintiff to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature;
b. The harassment was based on Plaintiff's gender; and
c. The sexual harassment had the effect of unreasonably interfering with his work performance in creating an intimidating, hostile or offensive working environment that affected seriously his psychological well-being.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Mary Dowds, and compensatory and exemplary damages, and all other relief this Court deems just.

Count VI: Respondeat Superior: KIRBY FOODS, INC.

1-8. Plaintiff realleges items 1-8 in Count V and reincorporates them herein as items 1 through 7 of Count VI.

9. KIRBY FOODS knew or should have known about Dowds' harassment of Plaintiff.

10. KIRBY FOODS failed to take reasonable steps to discover and rectify the harassment, in violation of Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant KIRBY FOODS, and compensatory and exemplary damages, and all other relief this Court deems just.

Count VII: Retaliatory Discharge: Kirby Foods

1-8. Plaintiff re-alleges items 1-8 of Count IV and incorporates them herein as items 1-7 of Count VII.

9. On or around July 20, 2005 Plaintiff was first clearly and unequivocally informed that he had been terminated from employment with Arthur IGA.

10. Said termination was effected in retaliation against me for a. refusing Dowds' sexual advances, and b. reporting her sexually harassing behavior to police.

11. Said termination violates Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e-3.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant KIRBY FOODS, and compensatory and exemplary damages, and all other relief this Court deems just.

Count VIII: Malicious Prosecution: Mary Dowds

1-8. Plaintiff realleges items 1-8 in Count V and reincorporates them herein as items 1 through 7 of Count VIII.

9. On June 29, 2005, Dowds filed a complaint with the Arthur Police Department against Plaintiff for alleged theft of items from the IGA store.

10. Plaintiff was served summons indicating that he was formally charged with theft.

11. A trial was convened, and a jury found Plaintiff NOT GUILTY of said theft, on October 31, 2005.

12. Plaintiff did not steal any items from the Arthur IGA store, and Plaintiff was nowhere near the store at the time that Dowds alleged that he committed said theft.

13. Dowds had no probable cause to complain to police that Plaintiff committed theft on June 29, 2005.

14. Dowds maliciously, willfully and wantonly made false statements to police in order to effect the prosecution of Plaintiff for theft, which she knew he did not commit, in retaliation against him for refusing her sexual demands and stating that he would report her sexually harassing behavior toward him.

15. As a proximate result of Dowds' actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Dowds' complaint;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Dowds' complaint;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Dowds' complaint.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Mary Dowds, and compensatory and exemplary damages, and all other relief this Court deems just.

Count IX: Malicious Prosecution: Kirby Foods

1-14. Plaintiff realleges items 1-14 in Count VIII and reincorporates them herein as items 1 through 14 of Count IX.

15. As night manager for the Arthur IGA store, Dowds was authorized to contact police and report suspected crimes against the store on June 29, 2005 and at all other times during her employment as a supervisor for KIRBY FOODS.

16. Dowds maliciously prosecuted Plaintiff during the course of her duties as a supervisor and employer (i.e., alter ego) of KIRBY FOODS, during her scheduled shift there as night manager, and the employee-employer relationship between Dowds and KIRBY FOODS was not suspended at the time or place in which Dowds maliciously prosecuted Plaintiff.

17. KIRBY FOODS authorized and ratified Dowds' malicious prosecution of Plaintiff, in that Arthur IGA retained Dowds as a supervisor and manager following the malicious prosecution, and even if Dowds' malicious prosecution of Plaintiff could be said to be unauthorized, failure to repudiate a tortuous action of an agent or employee is tantamount to ratification of said action.

18. As a proximate result of Dowds' authorized and ratified actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for

arraignment, and again for pre-trial, and finally for trial on October 31, 2005;

b. he was forced to incur attorney's fees to defend himself in the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint;

c. he suffered public disrepute and humiliation as a result of the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint;

d. he suffered great emotional distress and anguish as a result of the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint.

WHEREFORE, Plaintiff asks this Court for a finding of liability and judgment, and compensatory and exemplary damages, against Defendant Arthur IGA Foodliner, and for all such other relief as this Court deems just.

PLAINTIFFS DEMAND TRIAL BY JURY

JORDAN T. BANTON, Plaintiff

By: ___s/ Jason R. Craddock___

Jason R. Craddock
Attorney for Plaintiff
Post Office Box 1514
Sauk Village, Illinois 60412
Phone: (708) 662-0945
Fax: (708) 753-1242

**E-FILED**
Monday, 02 April, 2007 11:59:36 PM
Clerk, U.S. District Court, ILCD



**DECLARATION OF TYRONE IRVIN**

I, Tyrone Irvin, do hereby state the following:

1. I am an Enforcement Supervisor in the Chicago District Office of the Equal Employment Opportunity Commission (EEOC). I have been in this position since 2006.

2. I have reviewed the EEOC's records associated with a Charge of Discrimination filed by Jordan Banton against IGA Foodliner. Based on my review, I have determined the following:

   a. On May 5, 2006, the Chicago District Office of the EEOC received a Charge of Discrimination (Charge) filed by Jason Craddock on behalf of his client, Jordan Banton, alleging that IGA Foodliner violated Title VII of the Civil Rights Act of 1964 (Title VII) by sexually harassing Jason Banton and retaliating against him by discharging him and engaging in malicious prosecution because he had opposed the sexual harassment. The EEOC assigned charge number 440-2006-03971 to the Charge and entered it into its computer system.

   b. Thereafter, the EEOC requested that Craddock obtain Banton's signature on an EEOC Standard Form 5.

   c. On November 2, 2006, the EEOC received the Charge Form 5 with Banton's signature, covering the two pages of allegations filed by Craddock on behalf of Banton on May 5, 2006. Due to administrative error, the document was given a new charge number (440-2007-01495) rather than being incorporated into the Charge file for 440-2006-03971.

I declare under penalty of perjury that the foregoing in true and correct.

[signature]
Tyrone Irvin

3/28/2007
Date