05483-R3662
KEF:dkl
G:\62\R3662\R3662PMI 001

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN T. BANTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No.: 06 CV 2211 |
| ) | |
| MARY DOWDS, individually and as an ) | |
| agent of ARTHUR I.G.A. FOODLINER, ) | |
| an Illinois corporation; MICHAEL GOODMAN ) | |
| Arthur Chief of Police, individually and ) | |
| officially; and ROGER HANSEN, Arthur ) | |
| police officer, individually and officially, ) | |
| ) | |
| Defendant. ) | |

**OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

NOW COME the Defendants, MICHAEL GOODMAN and ROGER HANSEN, by their attorneys, Heyl, Royster, Voelker & Allen, and hereby formally object to the Plaintiff's Motion for Leave to Amend his Complaint, and in further support thereof, state as follows:

1. On October 31, 2006, the Plaintiff, JORDAN T. BANTON, filed his multiple-count Complaint against Roger Hansen, as well as other Defendants.

2. On January 19, 2007, the Plaintiff filed his Amended Complaint against all current Defendants, including Officer Hansen and Chief Goodman.

3. On March 16, 2007, these Defendants filed their Motion to Dismiss the Plaintiff's Complaint (Counts I, II, and III), along with their Memorandum of Law in support of that Motion to Dismiss. That Motion to Dismiss addressed the Plaintiff's Amended Complaint filed on January 19, 2007.

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

1

4. On March 16, 2007, the Court ordered the Plaintiff to file his response to Defendants Goodman's and Hansen's Motion to Dismiss by April 2, 2007.

5. As of this writing, the Plaintiff has not filed any response to Defendants Goodman's and Hansen's Motion to Dismiss and supporting Memorandum of Law. Rather, the Plaintiff filed an untimely Motion for Leave to amend his Amended Complaint.

6. The Plaintiff's Amended Complaint contained fact relating to the incident underlying the alleged liability and theories Plaintiff asserts against Officers Hansen and Goodman. These facts serve as the basis for Defendants' request that this Court enter a dismissal of all counts against Officers Goodman and Hansen with prejudice, as those facts constitute the probable cause necessary to defeat the Federal Fourth Amendment claim, as well as the state court claim for malicious prosecution.

7. Plaintiff's Second Amended Complaint asserts the same theories that were advanced in the Plaintiff's Amended Complaint, that the Plaintiff's Fourth Amendment rights were allegedly violated, as well as his suffering a malicious prosecution. The only substantive difference between the Plaintiff's First Amended Complaint and the Second Amended Complaint is that the Plaintiff removes the facts that he originally pled in the First Amended Complaint from the Second Amended Complaint. In other words, the Plaintiff is seeking to avoid the consequence of his own pleading. This is highly improper and unacceptable.

8. In order for the Plaintiff to plead those facts in the first place, Plaintiff must have had a good faith basis to do so under the Federal Code of Civil Procedure, as well as Federal Rules. The Second Amended Complaint does not suggest that those facts are inaccurate or in any other way untrue. Thus, the only reason they have been removed is to seek to avoid the consequence that they posed to the Plaintiff in this case. In this case, the consequence is that

HEYL ROYSTER
VOELKER
&ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

2

those facts establish probable cause and defeat his claims against Officer Hansen and Chief Goodman. This is the only reason Plaintiff is seeking to amend his complaint.[1]

9. This Court should not allow the Plaintiff to create inefficiency by now removing the facts, which the Amended Complaint does not dispute, which otherwise would mandate dismissal of the pleading from this court, only to have to deal with this issue in the future.

10. While Plaintiff's Motion for Leave to file Second Amended Complaint asserts the following, "The amendments answer and respond to the issues raised in the motions to dismiss filed by Defendants", the amendments most certainly do not answer or respond to any of the issues raised by the defense in connection with Officer Hansen's and Chief Goodman's Motion to Dismiss and supporting Memorandum of Law. Moreover, while Plaintiff's Motion for Leave claims that leave should be given because " . . . justice so requires", it is difficult to see how justice is served here at all by granting Plaintiff's request. Quite the contrary, justice requires that the Defendants' Motion to Dismiss be fully briefed and ruled on by the Court based on the factual assertions of the Plaintiff in his Amended Complaint. Justice does not require that the Defendants have to respond to a Second Amended Complaint that simply removes the facts which are fatal to the Plaintiff's stated cause of action after the Defendants have formally asserted as much to this Court.

11. Based on the foregoing, Plaintiff's Motion for Leave to File Second Amended Complaint is prejudicial to Defendants Hansen and Goodman and this Court, and should be denied.

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

---

[1] Defendant acknowledges that the Plaintiff has expanded the complaint to include a count against Chief Goodman for an alleged violation of his Fourth Amendment rights. This doesn't change the theories in the case or the effect of the existence of probable cause in terms of defeating the claim asserted.

WHEREFORE, Defendants, MICHAEL GOODMAN and ROGER HANSEN, respectfully request that this Court enter an Order denying Plaintiff's Motion for Leave to File a Second Amended Complaint and enter an Order establishing the appropriate time for a hearing and any response pleadings the Court wishes to allow, and any other relief this Court deems fit.

        MICHAEL GOODMAN and
        ROGER HANSEN, Defendants

        s/ James C. Kearns
        Attorney for Defendants
        Heyl, Royster, Voelker & Allen
        Suite 300
        102 E. Main Street
        P.O. Box 129
        Urbana, IL 61803-0129
        217-344-0060 Phone
        217-344-9295 Fax
        E-mail: jkearns@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060

4

**CERTIFICATE OF SERVICE**

I hereby certify that on April 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Jason R. Craddock
P.O. Box 1514
Sauk Village, IL  60412

Ms. Lorna K. Geiler
Meyer Capel, P.C.
P.O. Box 6750
Champaign, IL  61826-6750

s/ James C. Kearns
Attorney for Defendants
Heyl, Royster, Voelker & Allen
Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
217-344-0060 Phone
217-344-9295 Fax
E-mail: jkearns@hrva.com

HEYL ROYSTER VOELKER & ALLEN

Suite 300
102 E. Main Street
P.O. Box 129
Urbana, IL 61803-0129
Fax (217) 344-9295
(217) 344-0060