IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JORDAN T. BANTON | ) | |
| Plaintiff; | ) | |
| | ) | |
| v. | ) | Case no. 06-cv-2211 |
| | ) | |
| MARY DOWDS, ARTHUR IGA | ) | |
| FOODLINER, MICHAEL GOODMAN, | ) | |
| And ROGER HANSEN, | ) | |
| Defendants. | ) | |

MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT, AND
RESPONSE TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO
AMEND COMPLAINT (AND INCORPORATED MEMORANDUM)

COMES NOW Plaintiff, Jordan T. Banton, pursuant to Fed.R.Civ.P.
15, moving to file a Third Amended Complaint, to add Fifth and
Fourteenth Amendment claims under 42 U.S.C. Section 1983 against
Defendants Hansen and Goodman, and to strike the state law malicious
prosecution claim against Goodman in the Amended and Second
Amended Complaints.

## Introduction

Anticipating a similar Objection as that previously filed by
Defendants Hansen and Goodman (Doc. 18) to his previous Motion for
Leave to File a Second Amended Complaint (Doc. 17), Plaintiff states as
follows in support of this Motion:

Contrary to Defendants Hansen and Goodman's patently false representation, Plaintiff's previous Motion to Amend (Doc. 17) was not filed "untimely;" it was filed on April 2, 2007, the due date for responses to Hansen and Goodman's Motion to Dismiss. It was timely because it answered their Motion to Dismiss in that it sought to cure the deficiencies pointed out by their Motion to Dismiss. Further, contrary to another patently false representation by Defendants Hansen and Goodman, Plaintiff did not omit facts from his Second (or Third) Amended Complaint that were present in the first.

Complaints in Federal Court Need Not Plead Facts

The proposed Third Amended Complaint should not be dismissed because Plaintiff only must plead "the bare minimum facts necessary to put the Defendant on notice of the claim so that he can file an answer," *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). See also *Kolupa v. Roselle Park District*, 438 F.3d 713, 714-15 (7th Cir. 2006):

Federal complaints plead *claims* rather than facts (emphasis in original)... It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary... Any decision declaring "this complaint is deficient because it does not allege X" is a candidate for summary reversal, unless X is on the list in Fed.R.Civ.P. 9(b).

Please note that Defendants' attachments to their Motions to Dismiss (Doc. 14) should be stricken (e.g., the copy of the transcript of the underlying criminal trial) and not considered by this Court at this stage, because their Motion was filed under Federal Rule of Civil Procedure 12(b)(6), not Rule 56.

### The Proposed Third Amended Complaint Answers Defendants' Previous Objections

In the proposed Third Amended Complaint, Plaintiff answers the objections of Defendants to the previous Amended Complaint. To begin, the proposed Third Amended Complaint answers the objection of Defendant Kirby Foods by a) showing that the allegations against Dowds and Kirby Foods (sued as Arthur IGA Foodliner) were timely filed with the Equal Employment Opportunity Commission (EEOC) and subsequently properly filed with this Court, as it alleges that the required posters informing Plaintiff of his right to redress for sexual harassment, were not posted conspicuously in the workplace at Kirby Foods (Arthur IGA); and b) it alleges that Dowds was an alter ego of Kirby Foods as she was a supervisor of Plaintiff at the time of the events in question.

### Probable Cause

In the proposed Third Amended Complaint, Plaintiff answers the objections of Defendants Goodman and Hansen by reaffirming that

Hansen lacked probable cause to effect charges against Plaintiff. Plaintiff's allegations that Hansen fabricated evidence in his police report, and Plaintiff's allegations that Hansen omitted exculpatory evidence from his report—which led to the State's Attorney's decision to prosecute Plaintiff for theft—are not "irrelevant and immaterial" as Defendants Goodman and Hansen suggest. These facts as alleged negate Hansen and Goodman's assertions of probable cause and qualified immunity. See *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988): "a prosecutor's decision to charge … a prosecutor's decision not to drop charges but to proceed to trial—none of these decisions will shield a police officer who deliberately supplied misleading information that influenced the decision." See also *Mahoney v. Kesery*, 976 F.2d 1054, 1061 (7th Cir. 1992): "a police officer who procures a prosecution by lying to the prosecutor … can be sued for the consequences of the prosecution."

## Arrest and Seizure

As for the claim that Plaintiff was never "arrested," the proposed Third Amended Complaint makes clear that Plaintiff "surrender[ed] to the State's show of authority" which "constituted a seizure for purposes of the Fourth Amendment," *Albright v. Oliver,* 510 U.S. 266, 271 (1994).

In other words, Plaintiff's obedience to the summonses to court and to stand trial (under the threat of arrest and incarceration for failure to appear, as a condition of bond), as forms of "surrender to the State's show of authority," suffice as a "seizure" for Fourth Amendment purposes. See also *Mahoney v. Kesery*, 976 F.2d 1054, 1057, 1062 (7th Cir. 1992): in this case, Plaintiff was considered "arrested" and "seized" "even though he was permitted to come down to the police station under his own steam, since if he had refused he would have been dragged there"—the Court found that "malicious prosecution can be, and here was, a step on the road to a constitutional violation for which redress is available under section 1983." See also *Schlessinger v. Salimes*, 100 F.3d 519, 522 (7th Cir. 1996): "an order by the police along the lines of 'Do X or be taken into custody' requires the same sort of justification that custody itself requires—that is, depends on probable cause to believe that a person has committed a crime."

*Abrams v. Walker, et.al.*, 2000 U.S.Dist. LEXIS 17966, 17972 (N.D. Ill. 2000) involved a Rule 12(b)(6) motion to dismiss a complaint similar to Plaintiff's, sounding in malicious prosecution. The motion was denied:

To successfully plead malicious prosecution against police officers, a plaintiff... must further allege police wrongdoing...which influenced the prosecutor's decision to bring the case to trial [citing *Reed v. City of Chicago*, 77 F.3d 1049, 1053 (7th Cir. 1996)]. Abrams satisfies this

requirement because he alleges defendants fabricated a story in a police report, and this story caused him to be prosecuted.

Like Abrams, Plaintiff alleges in his proposed Third Amended Complaint (as he did in the previous Complaints and amendments) that Hansen "fabricated a story in a police report, and this story caused him to be prosecuted." For this reason, *inter alia,* the Third Amended Complaint should be allowed.

### Fifth and Fourteenth Amendment Complaints

The proposed Third Amended Complaint alleges that Hansen violated Plaintiff's right to due process—specifically, a fair and impartial trial—by fabricating evidence and withholding exculpatory evidence from the prosecutor who would charge and try Plaintiff for theft. The fact that Plaintiff was acquitted in his underlying criminal trial for theft "[does] not eliminate the due process violation that had already occurred by the time of the acquittal." *Carroccia v. Anderson*, 249 F. Supp. 2d 1016, 1024 (N.D. Ill. 2003). "If courts prohibit a criminal defendant from making a civil claim for concealment of material exculpatory evidence simply because his trial resulted in an acquittal, we tolerate law enforcement misconduct simply because the defendant was able to overcome it by other means." *Id.,* at 1023. See also *Brady v. Maryland*, 373 U.S. 83 (1963).

The proposed Third Amended Complaint adds a 42 U.S.C. §1983 Count against Goodman, alleging his acquiescence in Hansen's unconstitutional and tortious actions. "[A] supervisor is personally involved if he knows about the unconstitutional conduct and facilitates, approves, condones or deliberately turns a blind eye to a subordinate's constitutional violation." *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997). The proposed Third Amended Complaint sufficiently alleges that by approving of the police report which fabricated evidence and withheld exculpatory evidence, Goodman approved and condoned Hansen's unconstitutional conduct (violations of the Fourth, Fifth, and Fourteenth Amendment rights of Plaintiff).

## No Immunity

Neither qualified immunity nor the Illinois Local Governmental and Governmental Employees Tort Immunity Act warrant the dismissal of the Third Amended Complaint. Defendants should find no refuge under either type of immunity in this case. This is because the allegations of withholding exculpatory evidence and fabricating evidence negate probable cause, which is the basis of qualified immunity. Further, the state law claims allege intentional, willful, and wanton conduct on the

part of Hansen and Goodman, thus negating immunity under the Illinois Local Governmental and Governmental Employees Tort Immunity Act.

## Conclusion

For the foregoing reasons, Plaintiff asks this Court to grant him leave to file his Third Amended Complaint.

Respectfully,
JORDAN T. BANTON, Plaintiff

By: _s/Jason R. Craddock_ _
Jason R. Craddock
Attorney at Law
P.O. Box 1514
Sauk Village, IL 60412
(708) 662-0945
Fax: (708) 753-1242

CERTIFICATE OF SERVICE

The foregoing document was filed electronically via the CM/ECF system with the Clerk of the U.S. District Court, Central District of Illinois, and the same will be automatically sent electronically to all parties who have appeared in this cause by their counsel.

By: _s/Jason R. Craddock_ _

E-FILED
Wednesday, 25 April, 2007  02:48:00 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JORDAN T. BANTON;                              )
Plaintiff;                                     )
                                               )
v.                                             )     No. 2:06-cv-02211
                                       )     JURY DEMAND
MARY DOWDS, individually and as an agent )
of KIRBY FOODS, d.b.a. ARTHUR I.G.A.           )
FOODLINER, an Illinois corporation;            )
MICHAEL GOODMAN, Arthur Chief of Police,)
individually and officially; and               )
ROGER HANSEN, Arthur police officer,           )
individually and officially,                   )
Defendants.                                    )

THIRD AMENDED COMPLAINT

Comes now Plaintiff, by his undersigned counsel, and amending his

Complaint against Defendants, states as follows:

Jurisdiction

1.    This Court has jurisdiction over the parties to this dispute, all of whom are

domiciled and operate within the state of Illinois.

2.    This Court has jurisdiction over the subject matter of this dispute, as the

events giving rise thereto occurred in Moultrie County, Illinois; as the principal

place of business of the Defendants is in Moultrie County; and as the dispute

concerns questions arising under the Fourth Amendment to the U.S.

Constitution, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1983.

3.     This Court has supplemental jurisdiction over the state law claims in this Complaint pursuant to 28 U.S.C. §1367(a).

<u>Count I: Violation of Fourth Amendment—42 U.S.C. §1983: Officer Roger Hansen</u>

1.     On June 29, 2005, Defendant HANSEN began to investigate the complaint of Defendant DOWDS against Plaintiff, in which she alleged that Plaintiff stole several items from Defendant ARTHUR IGA FOODLINER grocery store, where both Dowds and Plaintiff worked at the time.

2.     Hansen wrote in his report that he spoke with Dowds who told him that she saw Plaintiff commit the alleged theft between 7:30 pm and 8 pm on June 25, 2005.

3.     Hansen also wrote in his report that he spoke with one Jonathan Kauffman, and Hansen wrote that Kauffman told him that he drove Plaintiff to Plaintiff's residence.

4.     Hansen fabricated evidence in his police report regarding Kauffman driving Plaintiff to his residence; Kauffman and his wife Ruth drove Plaintiff to the house of another friend of Plaintiff on June 29, 2005—Hansen fabricated this in order to contradict the truthful information Plaintiff told his mother (which his mother told Hansen), that the friend with whom Kauffman left Plaintiff with actually drove him (Plaintiff) home. Hansen reported the apparent contradiction in his police report.

2

5.     Hansen also withheld evidence which would have exculpated Plaintiff of the crime of theft, in that Hansen omitted in his report the fact that Kauffman was with Plaintiff, in his (Kauffman's) house and car, during the time from 7:30 pm to 8 pm on June 29, 2005, the exact same time that Dowds alleged (and Hansen wrote in his report) Plaintiff was present at the Arthur IGA store committing the theft.

6.     As a result of Hansen's report, which included fabricated evidence and which withheld exculpatory evidence, the Moultrie County State's Attorney filed charges against Plaintiff for the alleged theft, and Plaintiff was seized and deprived of his liberty by virtue of being summoned to court under penalty of arrest, and there and then ordered on bond to return to Court, and following arraignment and pre-trial, was made to stand trial on October 31, 2005 (Plaintiff's "surrender to the State's show of authority"—the summons and required bond and requirement to be tried on the charge—"constituted a seizure for the purposes of the Fourth Amendment," *Albright v. Oliver,* 510 U.S. 266, 271, 278 (1994)).

7.     A trial was convened, and a jury found Plaintiff NOT GUILTY of said theft, on October 31, 2005.

8.     Had Hansen not withheld evidence that Plaintiff was with Kauffman in his house and car at the time of the alleged theft, and had Hansen not fabricated

evidence that Kauffman drove Plaintiff home when he actually drove him to a friend's house (in order to destroy Plaintiff's credibility), the State's Attorney would not have had probable cause to prosecute Plaintiff, and Plaintiff would not have been summoned to court and made to stand trial.

9.    Hansen maliciously, willfully and wantonly made false statements and withheld exculpatory evidence in his report in order to effect the prosecution of Plaintiff for theft; his malicious and willful and wanton hostility is further compounded by his statements to Plaintiff's mother that Plaintiff "is a liar," such statements having been made before Hansen ever saw or spoke with Plaintiff.

10.    Hansen took the actions described in paragraphs 1 through 9 under color of law.

11.    As a result of Hansen's actions, Plaintiff suffered the violation of his Fourth Amendment rights to be free from unwarranted seizure and prosecution without probable cause, and such violation caused the following special damage:

a. He was seized and deprived of liberty in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court and following arraignment and pre-trial, was made to stand trial on October 31, 2005 for theft (he was acquitted of all charges following the jury trial);

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Hansen, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

<u>Count II: Malicious Prosecution: Officer Roger Hansen</u>

1-10. Plaintiff re-alleges items 1-10 of Count I and incorporates them herein as items 1-10 of Count II.

11.   As a proximate result of Hansen's actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Hansen, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

Count III: Violation of Fifth and Fourteenth Amendments—42 U.S.C. §1983

1-10. Plaintiff re-alleges items 1-10 of Count I and incorporates them herein as items 1-10 of Count III.

11.   Hansen violated Plaintiff's right to due process—specifically, a fair and impartial trial—by fabricating evidence and withholding exculpatory evidence from the prosecutor who would charge and try Plaintiff for theft. "[A] trial is not rendered fair simply because it ultimately results in an acquittal." *Carroccia v. Anderson et.al.*, 249 F. Supp 2d 1016, 1023 (N.D. Ill. 2003).

12.    As a result of Hansen's actions, Plaintiff suffered the violation of his Fifth and Fourteenth Amendment rights to due process including a fair and impartial trial, and such violation caused the following special damage:

a. He was made to stand trial on October 31, 2005 for theft, as a result of the exculpatory evidence withheld from the prosecutor, and the evidence Hansen fabricated;

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Hansen, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

### Count IV: Violation of Fourth , Fifth, and Fourteenth  Amendments—42 U.S.C. §1983: Chief Michael Goodman

1-10. Plaintiff re-alleges items 1-10 of Count I and incorporates them herein as items 1-10 of Count IV.

11.    With deliberate, reckless indifference, Goodman approved of, facilitated, condoned, and turned a blind eye toward Hansen's tortious conduct toward Plaintiff described in Counts I, II, and III, in that he "ignored a realistic opportunity to intervene" and prevent the malicious prosecution of Plaintiff following his review and approval of Hansen's police report in which he fabricated evidence and withheld exculpatory evidence.  *Miller v. Smith,* 220 F.3d 491, 495 (7th Cir. 2000).

12.    As a proximate result of Goodman's actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally was made to stand trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Hansen's report, which was approved by Goodman;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Hansen's report, which was approved by Goodman;

8

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Hansen's report, which was approved by Goodman.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Goodman, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

<u>Count V: Mary Dowds—Sexual Harassment—42 U.S.C. §2000e</u>

1.    On June 29, 2005, Defendant MARY DOWDS, night manager of the Defendant ARTHUR IGA FOODLINER grocery store in which Plaintiff was employed, told Plaintiff to clean the breakroom at the store, sent the other employees to the other side of the store, came back into the breakroom (when no one else was there) and told Plaintiff to sit and have a cigarette.

2.    Dowds then sat and moved extremely close to Plaintiff and placed her hand inside his pants and on his genitals.

3.    Plaintiff declined Mary's advances, by shoving her off of himself and informing her that he would report her to the authorities.

4.    Dowds then stood up and unzipped her pants and exposed her genitals to Plaintiff, stating to him "You know you want it!"

5.    Plaintiff got up to leave the room and she ordered him to leave work for the day.

6.    Plaintiff reported Dowds' action to police.

7.    Plaintiff first retained counsel and learned of the unlawfulness of Dowds' sexually harassing actions on July 9, 2005; IGA posted no signs in any conspicuous place informing employees of their rights to seek redress for sexual harassment from the Equal Employment Opportunity Commission (EEOC) or any other way, at the time that Plaintiff was employed with IGA.

8.    Dowds' behavior toward Plaintiff constitutes sexual harassment in violation of Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e, in that:

    a.  Dowds subjected Plaintiff to unwelcome sexual harassment in the form of sexual advances, requests for sexual favors and other verbal or physical conduct of a sexual nature;

    b.  The harassment was based on Plaintiff's gender; and

    c.  The sexual harassment had the effect of unreasonably interfering with his work performance in creating an intimidating, hostile or offensive working environment that affected seriously his psychological well-being.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Mary Dowds, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

Count VI: Respondeat Superior: KIRBY FOODS, INC.

1-8. Plaintiff realleges items 1-8 in Count V and reincorporates them herein as items 1 through 7 of Count VI.

9.     KIRBY FOODS knew or should have known about Dowds' harassment of Plaintiff.

10.     KIRBY FOODS failed to take reasonable steps to discover and rectify the harassment, in violation of Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant KIRBY FOODS, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

Count VII: Retaliatory Discharge:  Kirby Foods

1-8. Plaintiff re-alleges items 1-8 of Count IV and incorporates them herein as items 1-7 of Count VII.

9.    On or around July 20, 2005 Plaintiff was first clearly and unequivocally informed that he had been terminated from employment with Arthur IGA.

10.    Said termination was effected in retaliation against Plaintiff for a. refusing Dowds' sexual advances, and b. reporting her sexually harassing behavior to police.

11.    Said termination violates Title VII of the Civil Rights Act of 1964, at 42 U.S.C. §2000e-3.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant KIRBY FOODS, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

<u>Count VIII: Malicious Prosecution—Mary  Dowds</u>

1-8. Plaintiff realleges items 1-8 in Count V and reincorporates them herein as items 1 through 7 of Count VIII.

9.    On June 29, 2005, Dowds filed a complaint with the Arthur Police Department against Plaintiff for alleged theft of items from the IGA store.

10.    Plaintiff was served summons indicating that he was formally charged with theft.

11.    A trial was convened, and a jury found Plaintiff NOT GUILTY of said theft, on October 31, 2005.

12.    Plaintiff did not steal any items from the Arthur IGA store, and Plaintiff was nowhere near the store at the time that Dowds alleged that he committed said theft.

13.    Dowds had no probable cause to complain to police that Plaintiff committed theft on June 29, 2005.

14.    Dowds maliciously, willfully and wantonly made false statements to police in order to effect the prosecution of Plaintiff for theft, which she knew he did not commit, in retaliation against him for refusing her sexual demands and stating that he would report her sexually harassing behavior toward him.

15. As a proximate result of Dowds' actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005 (he was acquitted of all charges following the jury trial);

b. He was forced to incur attorney's fees to defend himself in the criminal action that resulted from Dowds' complaint;

c. He suffered public disrepute and humiliation as a result of the criminal action that resulted from Dowds' complaint;

d. He suffered great emotional distress and anguish as a result of the criminal action that resulted from Dowds' complaint.

WHEREFORE, premises considered, Plaintiff requests a finding and judgment of liability against Defendant Mary Dowds, and compensatory and exemplary damages, and attorney's fees pursuant to 42 U.S.C. §1988, and all other relief this Court deems just.

<u>Count IX: Malicious Prosecution: Kirby Foods</u>

1-14. Plaintiff realleges items 1-14 in Count VIII and reincorporates them herein as items 1 through 14 of Count IX.

15.   As night manager for the Arthur IGA store, Dowds was authorized to contact police and report suspected crimes against the store on June 29, 2005 and at all other times during her employment as a supervisor for KIRBY FOODS.

16.   Dowds maliciously prosecuted Plaintiff during the course of her duties as a supervisor and employer (i.e., alter ego) of KIRBY FOODS, during her scheduled shift there as night manager, and the employee-employer relationship between Dowds and KIRBY FOODS was not suspended at the time or place in which Dowds maliciously prosecuted Plaintiff.

17.   KIRBY FOODS authorized and ratified Dowds' malicious prosecution of Plaintiff, in that Arthur IGA retained Dowds as a supervisor and manager following the malicious prosecution, and even if Dowds' malicious prosecution of

Plaintiff could be said to be unauthorized, failure to repudiate a tortuous action of an agent or employee is tantamount to ratification of said action.

18.    As a proximate result of Dowds' authorized and ratified actions, Plaintiff suffered the following special damage:

a. He was seized in that he was summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial on October 31, 2005;

b. he was forced to incur attorney's fees to defend himself in the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint;

c. he suffered public disrepute and humiliation as a result of the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint;

d. he suffered great emotional distress and anguish as a result of the criminal action that resulted from Arthur IGA's authorization and ratification of Dowds' complaint.

WHEREFORE, Plaintiff asks this Court for a finding of liability and judgment, and compensatory and exemplary damages, and attorney's fees

pursuant to 42 U.S.C. §1988, against Defendant KIRBY FOODS d.b.a. Arthur IGA

Foodliner, and for all such other relief as this Court deems just.

**PLAINTIFFS DEMAND TRIAL BY JURY pursuant to Fed.R.Civ.P. 38.**

JORDAN T. BANTON, Plaintiff

By: ____s/ Jason R. Craddock____
Jason R. Craddock
Attorney for Plaintiff
Post Office Box 1514
Sauk Village, Illinois 60412
Phone: (708) 662-0945
Fax: (708) 753-1242