UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **JORDAN T. BANTON,** | ) |
| **Plaintiff,** | ) |
| v. | ) |
| | ) |
| **MARY DOWDS, individually and as an** | ) |
| **agent of ARTHUR I.G.A. FOODLINER,** | ) |
| **ARTHUR I.G.A. FOODLINER,** | )   Case No.  06-2211 |
| **MICHAEL GOODMAN, Arthur Chief of** | ) |
| **Police, individually and officially, and** | ) |
| **ROGER HANSEN, Arthur police officer,** | ) |
| **individually and officially,** | ) |
| | ) |
| **Defendants.** | ) |

# REPORT AND RECOMMENDATION

In October 2006, Plaintiff Jordan Banton filed a Complaint (#1) against Defendants, Mary Dowds, Arthur I.G.A. Foodliner, and Roger Hansen, alleging violations of federal and state law. Federal jurisdiction is based on federal question pursuant to 28 U.S.C. § 1331.

In January 2007, Plaintiff filed an Amended Complaint (#2) adding Michael Goodman as a defendant and adding additional claims. In March 2007, Defendant Arthur I.G.A.[1] (hereinafter "IGA") filed a Motion To Dismiss (#3) and in March 2007, Defendants Hansen and Goodman filed a Motion To Dismiss (#14). Before the Court ruled on those motions, Plaintiff filed a Motion for Leave To File Second Amended Complaint (#17). He subsequently filed a Motion for Leave To File Third Amended Complaint and Response to Defendants' Objection to Plaintiff's Motion To Amend Complaint (#19). In light of Plaintiff's subsequent motion, the Court mooted his earlier Motion for Leave To File Second Amended Complaint (#17). After considering Defendants' objections to the Motion for Leave To File a Third Amended Complaint

---

[1] Defendant actually filed the motion as "Kirby Foods, Inc., d/b/a Arthur I.G.A. Foodliner, incorrectly sued as Arthur I.G.A. Foodliner." (#3, p. 1.)

(#19), the Court denied the motion, stating it preferred to address the motions to dismiss directed toward the Amended Complaint (#2).

The Court has now considered Defendants Hansen and Goodman's Motion To Dismiss (#14). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Dismiss **(#14)** be **GRANTED**.

## I. Background

Plaintiff alleges in his complaint that he was a victim of sexual harassment by Defendant Dowds, the night manager at IGA. In addition, he has alleged constitutional and state law claims against Defendant Hansen, a police officer for the Arthur Police Department, and Defendant Goodman, the Arthur Police Department chief of police. Hansen and Goodman became involved in this case because Dowds told the police that Plaintiff had stolen items from the IGA store.

The following background is based on the Amended Complaint (#2). At relevant times, Plaintiff worked for IGA. Defendant Dowds also worked for IGA as night manager. Plaintiff alleges that Dowds sexually harassed him on June 29, 2005, and he reported Dowds' actions to the police. Also on June 29, 2005, Dowds complained to the Arthur Police Department that Plaintiff had stolen items from the IGA store. Defendant Hansen, a police officer, investigated Dowds' complaint. He wrote in his report that he spoke with Dowds who told him that she saw Plaintiff commit the alleged theft between 7:30 and 8:00 p.m. on June 25, 2006 (*sic*).

Central to Plaintiff's claims against Defendants Hansen and Goodman are allegations that Hansen fabricated evidence and withheld evidence. Because it is unclear exactly what was fabricated and/or withheld, the Court quotes the relevant paragraphs in their entirety as follows:

> 4. Hansen fabricated evidence in his police report regarding Kauffman driving Plaintiff to his residence; Kauffman [(apparently one of Plaintiff's friends)] and his wife Ruth drove Plaintiff to the house of another friend of Plaintiff on June 29, 2005–Hansen fabricated this in order to contradict the truthful information

> Plaintiff told his mother, that the friend whom Kauffman left Plaintiff with actually drove him (Plaintiff) home. Hansen reported the apparent contradiction in his police report.
>
> 5. Hansen also withheld evidence which would have exculpated Plaintiff of the crime of theft, in that Hansen omitted in his report the fact that Kauffman was with Plaintiff, in his (Kauffman's) house and car, during the time from 7:30 pm and 8 pm on June 29, 2005, the exact same time that Dowds alleged (and Hansen wrote in his report) Plaintiff was present at the Arthur IGA store committing the theft.

(#2, ¶¶ 4-5.) Plaintiff alleges that Hansen acted willfully and wantonly when he fabricated evidence and withheld exculpatory evidence. Plaintiff also alleges that Defendant Goodman, the chief of police, approved Hansen's willful and wanton conduct.

As a result of Hansen's report, the Moultrie County State's Attorney filed charges against Plaintiff for theft. Plaintiff was summoned to court under penalty of arrest and ordered on bond to return to court for arraignment, and again for pretrial proceedings and the trial. On October 31, 2005, a jury returned a verdict of not guilty.

Plaintiff's Amended Complaint (#2) alleges eight counts as follows. Count I, against Defendant Hansen, alleges that Hansen's fabrication of evidence and withholding of exculpatory evidence resulted in an unconstitutional seizure of Plaintiff in violation of the Fourth Amendment because Plaintiff was summoned to court under penalty of arrest and ordered on bond to return to court for arraignment, pretrial, and trial proceedings. Counts II and III, against Hansen and Defendant Goodman, respectively, allege malicious prosecution. Count IV, against Defendant Dowds, alleges sexual harassment in violation of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII") (42 U.S.C. § 2000e *et seq.*). Count V, against IGA, alleges liability for sexual harassment in violation of Title VII. Count VI, against IGA, alleges retaliatory discharge in violation of Title VII. Counts VII and VIII, against Dowds and IGA, respectively, allege malicious prosecution.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997).  The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

## III.  Analysis

Defendants argue *inter alia* that the Court should dismiss the claims against them for the following reasons:  (1) the absence of a seizure defeats the Fourth Amendment claim against Defendant Hansen in Count I; (2) the existence of probable cause bars the malicious prosecution claim against Defendant Hansen in Count II; and (3) the statute of limitations bars the malicious prosecution claim against Defendant Goodman in Count III.

The parties have filed various complaints, motions to amend, motions to dismiss, objections to the complaints, and responses to motions.  For example, Plaintiff responded to Defendants' argument regarding the absence of a seizure in its Motion for Leave To File Third Amended Complaint (#19) and Defendants generally addressed Plaintiff's response in its Objection to Plaintiff's Motion for Leave To File Third Amended Complaint (#20).  In addressing Defendants' motion to dismiss, the Court will consider all arguments raised by the parties, regardless of the source, to the extent they relate to the allegations of the Amended Complaint (#2).  Plaintiff may present additional arguments, if any, in objections to this Report and Recommendation.

### A.  Count I – Fourth Amendment Claim Against Defendant Hansen

Defendants first argue that the absence of a seizure negates the Fourth Amendment violation claim against Hansen in Count I.  Specifically, Defendant contends that (1) the fact that

Plaintiff was never seized under the Fourth Amendment defeats any claim for a violation of his Fourth Amendment rights; and (2) even if Plaintiff was seized under the Fourth Amendment, Hansen is entitled to qualified immunity based on the existence of probable cause.

Plaintiff responds that "Plaintiff 'surrender[ed] to the State's show of authority' which 'constituted a seizure for purposes of the Fourth Amendment.'" (#19, p. 4.) Plaintiff also contends that Defendants "lacked probable cause to effect charges against Plaintiff," which defeats any assertion of qualified immunity. (#19, p. 4.)

As a preliminary matter, although the parties both contend that the probable cause issue is crucial relative to the Fourth Amendment claim, the Court disagrees. Given the facts alleged, probable cause does not play a decisive role in the claim alleged in Count I because Hansen never arrested Plaintiff. After receiving the police report from Hansen, the State's Attorney summoned Plaintiff to court. A state's attorney is not required to have probable cause to issue a summons. *Cf. United States v. Birkenstock*, 823 F.2d 1026, 1030-31 (7th Cir. 1987) (holding that a U.S. Attorney was not required to have probable cause to issue a summons). In *Birkenstock*, the defendant "claim[ed] his conviction [was] unconstitutional because his prosecution was initiated by a summons based on an information, without a finding of probable cause." *Id.* at 1030. The Seventh Circuit court rejected the defendant's claim, holding that "[a] probable cause determination is not a constitutional prerequisite to filing of the information itself." *Id.* at 1030-31 (quoting *United States v. Millican*, 600 F.2d 273, 276 (5th Cir. 1979)). Accordingly, because probable cause is not a prerequisite for issuing a summons, its presence or absence is not dispositive for the purposes of Count I.

### 1. Summons as a Seizure

Plaintiff alleges that he was seized within the Fourth Amendment context because he was "summoned to court under penalty of arrest, and there and then ordered on bond to return to Court for arraignment, and again for pre-trial, and finally for trial . . . ." (#2, p. 3.) However, after carefully reviewing the allegations in Count I, the Court concludes that the Fourth Amendment does not extend as far as Plaintiff proposes to stretch it.

The Fourth Amendment states in pertinent part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . . ." U.S. CONST. amend. IV. Thus, a threshold requirement for the Fourth Amendment claim in this case is the occurrence of a seizure. Traditionally, Fourth Amendment claims are premised on a warrantless arrest or an arrest otherwise made without probable cause. However, in this case, there is no arrest, so the question raised is whether the issuance of a summons and requirement that Plaintiff appear in court constitutes a seizure in the context of the Fourth Amendment.

"[A] person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained. Only when such restraint is imposed is there any foundation whatever for invoking constitutional safeguards." *United States v. Mendenhall*, 446 U.S. 544, 553 (1980). Moreover, "[a] person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *Id.* at 554.

The issue of whether the issuance of a summons and requirement that Plaintiff appear in court constitutes a seizure is not the subject of an abundance of case law. "The sparsity of case law on the question suggests not that the principle is dubious but that it is too obvious to have incited many challenges." *Amati v. City of Woodstock*, 176 F.3d 952, 956 (7th Cir. 1999). However, of the few courts which have dealt directly with the issue at hand, none have extended the Fourth Amendment concept of seizure to include issuance of a summons or the requirement to appear at an arraignment. *Britton v. Maloney*, a case with a similar set of circumstances as those alleged herein, considered the question of "whether a state actor effects a 'seizure' within the meaning of the Fourth Amendment by filing baseless criminal charges against someone, even when those charges never cause the respondent to be arrested or detained." *Britton v. Maloney*, 196 F.3d 24, 29 (1st Cir. 1999). The *Britton* court determined that the issuance of a summons is not a seizure under those circumstances because "neither the use of physical force nor a show of authority amounts to a seizure unless it results in the 'intentional *acquisition* of physical control' over the subject and causes a 'termination of [his] freedom of movement.'" *Id.* at 30 (emphasis

6

in original).  The court concluded that "[a]bsent any evidence that [plaintiff] was arrested, detained, restricted in his travel, or otherwise subject to a deprivation of his liberty before the charges against him were dismissed, the fact that he was given a date to appear in court is insufficient to establish a seizure within the meaning of the Fourth Amendment."  *Id.  See also Myers v. Shaver*, 245 F. Supp. 2d 805, 812 (W.D. Va. 2003) ("A summons to answer charges on a criminal complaint is not, by itself, a seizure under the Fourth Amendment.").

Plaintiff bases his argument that he was seized on language from Justice Ginsberg's concurring opinion in *Albright v. Oliver*, 510 U.S. 266, 279 (1994) (plurality decision) (Ginsburg, J., concurring).  In her concurrence, Justice Ginsburg stated that a defendant is "equally bound to appear, and is hence 'seized' for trial, when the state employs the less strong-arm means of a summons in lieu of arrest to secure his presence in court."  *Id.*  This language is dicta and does not control.  *See Cole Energy Dev. Co. v. Ingersoll-Rand Co.*, 8 F.3d 607, 609 (7th Cir. 1993) (stating that courts are not bound by dicta from a higher court).  The Seventh Circuit has expressly recognized that Justice Ginsburg's concurrence in *Albright* is not controlling.  *See Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) (determining that the concurring opinion by Justices Kennedy and Thomas "constitutes the effective holding of the Court" in *Albright*); *see also Lee v. City of Chi.*, 330 F.3d 456, 463 n.4 (7th Cir. 2003).

Here, Plaintiff was never arrested nor was there any extraordinary "deprivation of his liberty" that would give rise to a seizure.  Accordingly, the Court concludes that Plaintiff was not seized pursuant to the Fourth Amendment by virtue of the issuance of a summons and requirement that he appear at an arraignment under the circumstances alleged in the complaint.

### 2.  Continuing Seizure

Even if this Court were to assume *arguendo* that the issuance of a summons and the requirement that Plaintiff appear in court for an arraignment constituted a seizure in the Fourth Amendment context, the alleged seizure would not continue up and until Plaintiff was found not guilty of the criminal charges.  Consistent with Seventh Circuit authority, the Court concludes that the purported seizure ended with the arraignment.  *See Wiley v. City of Chi.*, 361 F.3d 994,

998 (7th Cir. 2004) ("[T]he scope of a Fourth Amendment claim is limited up until the point of arraignment.").

The concept of a "continuing seizure" is a hotly contested issue that has yet to have a consensus resolution. Justice Ginsburg proposed the concept, whereby an individual awaiting trial is "seized" even though they have not been arrested, in a Supreme Court plurality decision in *Albright v. Oliver*. In a concurring opinion, Justice Ginsburg stated that a defendant released prior to trial "remains apprehended, arrested in his movements, indeed 'seized' for trial, so long as he is bound to appear in court and answer the state's charges." *Albright*, 510 U.S. at 279 (Ginsburg, J., concurring).

Circuits are split regarding the existence of a "continuing seizure" as proposed by Justice Ginsburg in *Albright*. While some circuits have considered the concept, of those who have, "none have been willing to conclude that normal conditions of pretrial release constitute a 'continuing seizure' barring some significant, ongoing deprivation of liberty . . . ." *Kingsland v. City of Miami*, 382 F.3d 1220, 1236 (11th Cir. 2004); *see also Nieves v. McSweeney*, 241 F.3d 46, 57 (1st Cir. 2001) (holding that there was no "post-arraignment seizure within the meaning of the Fourth Amendment" because of the "relatively benign nature of the pretrial release conditions" in that case); *Riley v. Dorton*, 115 F.3d 1159, 1162 (4th Cir. 1997) (refusing to adopt the "continuing seizure" concept of the Fourth Amendment "in the face of squarely contrary Supreme Court precedent").

As stated above, the Seventh Circuit has expressly recognized that Justice Ginsburg's concurrence in *Albright* is not controlling. *See Newsome*, 256 F.3d at 751. Further, following the *Albright* decision, the Seventh Circuit expressly rejected the "intriguing" concept of a "continuing seizure." *Reed v. City of Chi.*, 77 F.3d 1049, 1052 n.3 (7th Cir. 1996); *see also Wiley*, 361 F.3d at 998. Consistent with Seventh Circuit case law, this Court concludes that Plaintiff was not subject to a "continuing seizure" based on the requirements that he appear in court for pretrial and trial matters.

The Court leaves open the possibility that certain bond conditions may be so restrictive that they constitute a "seizure" under the Fourth Amendment. Based on the allegations in the complaint, Plaintiff was not subject to a "deprivation of liberty" in this case that would rise to the level of a Fourth Amendment seizure.

### 3. Attenuation

Assuming *arguendo* that the issuance of a summons and requirement that Plaintiff appear in court for an arraignment constituted a seizure in the Fourth Amendment context, the Court concludes that Defendant Hansen's alleged actions were too far removed from any purported "seizure" to provide a basis for liability under the Fourth Amendment.

To satisfy a § 1983 claim, a plaintiff must "produce evidence that [he] sustained actual injury and that [his] injuries had a causal connection with the alleged . . . violation." *Berman v. Young*, 291 F.3d 976, 982 (7th Cir. 2002). And "[f]or a defendant to be liable under § 1983, he or she must have *participated directly* in the constitutional violation." *Hildebrandt v. Ill. Dep't. of Natural Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003) (emphasis added). "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Id.* (quoting *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996)). "In short, some causal connection or affirmative link between the action complained about and the official sued is necessary for § 1983 recovery." *Id.* Accordingly, there must be a causal link between Defendant Hansen's actions and the alleged constitutional deprivation.

Here, the constitutional deprivation complained about is the seizure resulting from the issuance of a summons. As stated above, "a person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." *Mendenhall*, 446 U.S. at 553. Thus, any purported seizure would have occurred when the State's Attorney issued the summons.

9

Defendant Hansen cannot be found to have "participated directly" in the issuance of the summons. He did not personally issue the summons. Although Hansen's report may have provided a basis for the summons, he did not make the subsequent and independent decision to prosecute and issue a summons calling Plaintiff into court. The decision by the State's Attorney, an intervening entity, to issue a summons was an independent action, apart from Hansen's actions. "Criminal procedure . . . involves a division of power and duties among several entities, each of which has the responsibility to make its own decisions." *Barts v. Joyner*, 865 F.2d 1187, 1196 (11th Cir. 1989). Accordingly, Hansen did not "participate directly" in any purported constitutional deprivation which resulted from the issuance of the summons and cannot be held liable under the Fourth Amendment for the purported seizure.

For the above reasons, the Court concludes that Plaintiff failed to a state a claim against Defendant Hansen under the Fourth Amendment, and recommends dismissing Count I.

### B. Count II – Malicious Prosecution Claim Against Defendant Hansen

Defendants next argue that the allegations against Defendant Hansen that he "fabricated" and "omitted exculpatory" evidence are "irrelevant and immaterial." (#15, p. 8.) Defendants further contend that the presence of probable cause defeats any malicious prosecution claim against Hansen in Count II. In response, Plaintiff claims that the "facts as alleged negate Hansen['s] . . . assertion[ ] of probable cause . . . ." (#19, p. 4.)

"To state a malicious prosecution claim under Illinois law, a plaintiff must allege that: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in plaintiff's favor; and (5) he suffered an injury." *Reed*, 77 F.3d at 1051.

The Court notes once more that a State's Attorney does not need probable cause to issue a summons. *Cf. Birkenstock*, 823 F.2d at 1030-31 (holding that a U.S. Attorney was not required to have probable cause to issue a summons). However, while the higher standard of probable cause is not a prerequisite for the issuance of a summons, Defendants maintain that if probable

cause was in fact present, it would defeat Plaintiff's malicious prosecution claim. It is well settled that "the existence of probable cause is a complete defense to a malicious prosecution claim." *Logan v. Caterpillar, Inc.*, 246 F.3d 912, 926 (7th Cir. 2001). "Probable cause is defined as 'a state of facts . . . that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged.'" *Id.* (quoting *Adams v. Sussman & Hertzberg, Ltd.*, 684 N.E.2d 935, 944 (Ill. App. Ct. 1997)). Probable cause "requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Woods v. City of Chi.*, 234 F.3d 979, 996 (7th Cir. 2000) (quoting *United States v. Moore*, 215 F.3d 681, 685 (7th Cir. 2000)). Finally, "[b]ecause the state's burden of proof is so low, a variety of issues could be resolved in favor of the suspect without necessitating a finding of no probable cause." *Whitley v. Seibel*, 676 F.2d 245, 250 (7th Cir. 1982).

In his complaint, Plaintiff alleges that Defendant Hansen investigated Dowds' complaint that Plaintiff stole several items from IGA. (#2, p. 2.) Defendant Hansen wrote in a police report that he spoke with Dowds who alleged she saw Plaintiff commit the alleged theft between 7:30 p.m. and 8:00 p.m. on June 25, 2006. (#2, p. 2.) Defendants contend that this alone would give rise to probable cause. Nevertheless, Plaintiff contends that Hansen had no probable cause to believe Plaintiff committed a crime because Hansen fabricated and withheld evidence. The Court is persuaded that even assuming the allegations against Hansen are true, he had probable cause to believe that Plaintiff committed a theft.

Plaintiff first alleges that "Hansen fabricated evidence in his police report regarding Kauffman driving Plaintiff to his residence . . . in order to contradict the truthful information Plaintiff told his mother . . . ." (#2, p. 3.) Accepting this allegation as true, the Court notes that such a fabrication relates to Plaintiff's credibility, a matter that is immaterial to the determination of probable cause. For probable cause determinations, "credibility determinations are seldom crucial in deciding whether the evidence supports a reasonable belief in guilt." *Whitley*, 676 F.2d at 250.

Plaintiff next alleges that "Hansen also withheld evidence which would have exculpated Plaintiff of the crime of theft, in that Hansen omitted in his report the fact that Kauffman was with Plaintiff, in his (Kauffman's) house and car, during the . . . exact same time that Dowds alleged (and Hansen wrote in his report) Plaintiff was present at the Arthur IGA store committing the theft." (#2, p. 3.) Plaintiff contends that, if Hansen had not withheld this information from the police report, the State's Attorney would not have had probable cause to prosecute Plaintiff. The Court finds this reasoning unpersuasive.

The information that Plaintiff allegedly withheld is in the nature of an alibi. Including a single piece of contradictory evidence in the report would not necessarily eliminate the existence of probable cause. "The probable cause requirement . . . does not measure whether [a plaintiff] is guilty and is not affected by the possibility of contradictory or exculpatory evidence." *Lindstrom v. Gilkey*, No. 98 C 5191, 1999 WL 342320, *9 (N.D. Ill. May 14, 1999); *see also Marx v. Gumbinner*, 905 F.2d 1503, 1507 n.6 (11th Cir. 1990) ( "[The police officers] were not required to forego arresting [plaintiff] based on initially discovered facts showing probable cause simply because [plaintiff] offered a different explanation."); *Criss v. City of Kent,* 867 F.2d 259, 263 (6th Cir. 1988) ("A policeman . . . is under no obligation to give any credence to a suspect's story nor should a plausible explanation in any sense require the officer to forego arrest pending further investigation if the facts as initially discovered provide probable cause."); *Thompson v. Olson,* 798 F.2d 552, 556 (1st Cir. 1986) ("[H]aving once determined that there is probable cause to arrest, an officer should not be required to reassess his probable cause conclusion at every turn, whether faced with the discovery of some new evidence or a suspect's self-exonerating explanation from the back of the squad car."), *cert. denied,* 480 U.S. 908 (1987). An omission is not material if "the information was of such minimal significance that its omission could not reasonably have affected the magistrate's judgment in finding probable cause . . . ." *United States v. Hatchett*, 31 F.3d 1411, 1417 (7th Cir. 1994). Accordingly, the Court concludes that the inclusion of the information at issue would not have negated the existence of probable cause.

In this case, Defendant Hansen investigated Dowds' complaint, and included in his report that Dowds told him she saw Plaintiff committing the alleged theft between 7:30 p.m. and 8:00 p.m. (#2, p. 2.) Courts have "consistently held that an identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause." *Woods*, 234 F.3d at 996. Given the presence of an eyewitness report, the Court concludes that even if Hansen had included in his report the information that Plaintiff alleged he withheld, the report still contained enough information to "lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged." *Logan*, 246 F.3d at 926 (quoting *Adams*, 684 N.E.2d at 944).

The Court notes that police misconduct is a matter of serious concern, and does not condone Defendant Hansen's allegedly improper actions. Nevertheless, the eyewitness report of the theft established probable cause, and even assuming Plaintiff's allegations against Hansen are true, Plaintiff has pleaded himself out of a claim. Accordingly, the Court recommends dismissing Count II for failure to state a claim.

### C. Count III – Malicious Prosecution Claim Against Defendant Goodman

Last, Defendants argue that the statute of limitations bars Plaintiff's malicious prosecution claim against Defendant Goodman.

Illinois local governmental entities and their employees are protected by a one-year statute of limitations for state-law "civil actions" against them. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005). The relevant statute of limitations is contained in 745 Ill. Comp. Stat. Ann. 10/8-101, which states in pertinent part as follows: "No civil action . . . may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued." 745 ILL. COMP. STAT. ANN. 10/8-101 (West 2007). Thus, a plaintiff must file his state-law claim for malicious prosecution within one year from the date that the injury occurred or the cause of action accrued. Under Illinois law, the one-year clock starts running on a malicious prosecution claim once the state criminal proceedings are terminated in the plaintiff's

favor. *See Treece v. Vill. of Naperville*, 903 F. Supp. 1251, 1259 (N.D. Ill. 1995); *Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (Ill. 2004).

In his Amended Complaint (#2), Plaintiff stated that a criminal trial for the alleged theft was convened and terminated in Plaintiff's favor on October 31, 2005. Thus, Plaintiff had until October 31, 2006, to file his state-law claim for malicious prosecution against any Illinois local governmental entity and its employees. Plaintiff added the malicious prosecution claim against Defendant Goodman in the Amended Complaint (#2), which he filed on January 19, 2007. Accordingly, Plaintiff's malicious prosecution claim against Goodman is time barred and the Court recommends dismissing Count III.

### IV. Summary

For the reasons stated above, this Court recommends that Defendants Hansen and Goodman's Motion To Dismiss **(#14)** be **GRANTED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTER this 20th day of August, 2007.

                                                s/ DAVID G. BERNTHAL
                                                U.S. MAGISTRATE JUDGE