IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN T. BANTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:06-cv-02211 |
| ) | |
| MARY DOWDS, individually and as an agent ) | |
| of ARTHUR I.G.A. FOODLINER, ) | |
| ARTHUR I.G.A. FOODLINER, ) | |
| MICHAEL GOODMAN, Arthur Chief of Police, ) | |
| individually and officially, and ROGER HANSEN, ) | |
| Arthur police officer, individually and officially, ) | |
| ) | |
| Defendants. ) | |

**OBJECTION TO REPORT AND RECOMMENDATION**

NOW COMES the Defendant, KIRBY FOODS, INC., d/b/a ARTHUR I.G.A. FOODLINER, incorrectly sued as ARTHUR I.G.A FOODLINER (hereinafter "IGA"), by its attorney Lorna K. Geiler of Meyer Capel, A Professional Corporation, and for its Objection to Report and Recommendation, states as follows:

1.      On August 20, 2007, U.S. Magistrate Judge David G. Bernthal entered his Report and Recommendation (#25) in the case *sub judice*.

2.      As to the Defendant IGA, the Magistrate recommended that the Defendant's Motion to Dismiss (#3) should be granted, except as to the Plaintiff's claim of retaliatory discharge. *See*, Report and Recommendation (#25) at pages 7 and 8.

3.      On page 4 of the Report and Recommendation (#25), the Magistrate stated that "[t]he parties have filed various complaints, motions to amend, motions to dismiss, objections to the complaints, and responses to motions. . . In ruling here on Defendant IGA's motion to dismiss, the Court will consider all arguments raised by the parties, regardless of the source, to

the extent they relate to the allegations of the Amended Complaint (#2)."

4. In recommending that the motion to dismiss the retaliatory dismissal claim should be denied, the Magistrate reasoned, "Defendant IGA argues that Plaintiff was fired on June 29, 2005, and provided evidence to support this argument. *However, this raises a factual dispute that the Court cannot consider when ruling on a motion to dismiss.*" Report and Recommendation (#25) at page 8. [Emphasis added.]

5. The factual support for Defendant IGA's argument that the Plaintiff was fired on June 29, 2005 is contained in the Affidavit of Deanna Williams, which was attached to IGA's Objections to Plaintiff's Motion for Extension of Time (#11) and Response to Motion for Leave to File Third Amended Complaint (#21).

6. Specifically, in the Response to Motion for Leave to File Third Amended Complaint (#21) at pages 4 and 5, Defendant IGA argued:

> First, it is clear, despite the Plaintiff's self serving argument, that Plaintiff's employment at the Arthur I.G.A. Foodliner was terminated effective June 29, 2005 (see a copy of the Affidavit of Deanna Williams, ¶¶ 6 &7, attached hereto and incorporated herein as Ex. 1, previously filed as an attachment to Document No. 11). Neither Plaintiff's EEOC charge nor his complaint plead any facts which explain how he could have possibly believed that he was still employed by Kirby Foods through July 20, 2005 when he never worked another day at the store following the alleged June 29, 2005 incident. Such a claim is literally incredible.
>
> Kirby Foods has included with this Response a copy of an Affidavit of Deanna Williams that was previously filed in this case that included copies of its store work schedules for the period of April 24, 2005 to July 24, 2005 (attached hereto and incorporated herein as Ex. 2). A review of these schedules confirms that the Plaintiff (referred to as "Jordan" on the schedules) is listed on the weekly schedule through the week ending July 4, 2005. However, the time for "Jordan" on June 29, 2005 has been modified to show that he left at 5:30 p.m. rather than his scheduled 7:00 p.m. Also,

>the remaining shifts for that week have been crossed off, and the name "Jordan" is absent on all subsequent weekly schedules through July 24, 2005.  This fact, and the fact Plaintiff never returned to work after the alleged incident does not leave Plaintiff with any reasonable cause to believe he was still employed by I.G.A. on July 20, 2005.

7.     In this case, Defendant IGA respectfully objects to the Magistrate's recommendation that the Court may not consider the evidence contained in the Affidavit of Deanna Williams.  Specifically, the Court should convert IGA's Rule 12(b)(6) motion into a motion for summary judgment under Rule 56.

8.     It is well established under the Federal Rules of Civil Procedure at Rules 12(c) and 12(b)(6) that if matters outside of the pleadings are presented to the court on a Rule 12(b)(6) motion, the court shall treat the motion as one for summary judgment under Rule 56, and the parties shall be given reasonable opportunity to present evidence.  *Cincinnati Ins. Co. v. Leighton*, 403 F.3d 879, 885 (7th Cir. 2005) and *R.J. Corman Derailment Services, LLC v. Int'l Union of Op. Engineers, Local Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

9.     As noted above, IGA presented evidence of the termination of the Plaintiff's employment on June 29, 2005 in its Objections to Plaintiff's Motion for Extension of Time (#11) and Response to Motion for Leave to File Third Amended Complaint (#21).  Thus, the Plaintiff was afforded ample opportunity on two occasions to respond to this evidence, however, he failed to produce even a *scintilla* of contrary evidence, and chose to stand on his bald allegation in the Amended Complaint (#2).

10.    In the Amended Complaint (#2), Count VI, Paragraph 8, Plaintiff merely alleged that "[o]n *or about* July 20, 2005 Plaintiff was informed that he had been terminated from employment with Arthur IGA." [Emphasis added.]  Not only is this allegation ambiguous as to

the date Plaintiff was informed about his employment termination, it fails to allege when he <u>first</u> knew or should have known his employment was terminated.

11.     In the face of the uncontroverted evidence contained in and attached to the Affidavit of Deanna Williams (which clearly establishes that the Plaintiff did not work at the Arthur IGA after June 29, 2005), any argument that the Plaintiff was not aware of his employment termination until July 20, 2005 is incredible.  Clearly, there is not an issue of fact before this Court, and Plaintiff knew that his employment was terminated on June 29, 2005.  Thus, Plaintiff's May 5, 2006 charge was untimely and the Court should grant summary judgment in favor of IGA on Count VI of the Amended Complaint (#2).

12.     The Defendant IGA has no objections to the balance of the Magistrate's Report and Recommendation.

WHEREFORE, the Defendant, KIRBY FOODS, INC., d/b/a ARTHUR I.G.A. FOODLINER, prays that the Court enter an order dismissing Counts V and VIII of the Amended Complaint (#2), and granting summary judgment in favor of KIRBY FOODS, INC., d/b/a ARTHUR I.G.A. FOODLINER on Count VI of the Amended Complaint (#2).

Respectfully submitted,

**s/Lorna K. Geiler**
Lorna K. Geiler, No. 7372814
Attorney for Defendant
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
Telephone: (217) 352-1800
Fax: (217) 352-1083
lgeiler@meyercapel.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2007, I electronically filed the foregoing **Objection to Report and Recommendation** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Jason R. Craddock
P.O. Box 1514
Sauk Village, IL 60412
captain1970@thelifeline.net

Keith E. Fruehling
James C. Kearns
Heyl Royster Voelker & Allen
P.O. Box 129
Urbana, IL 61801-0129
kfruehling@hrva.com
jkearns@hrva.com

I also hereby certify that I have mailed by United States Postal Service the above mentioned document to the following non CM/ECF participants:

XXX

    s/Lorna K. Geiler
Lorna K. Geiler, No. 7372814
Attorney for Defendant
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
Telephone: (217) 352-1800
Fax: (217) 352-1083
lgeiler@meyercapel.com