IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JORDAN T. BANTON )
Plaintiff; )
 )
v. ) Case no. 06-cv-2211
 )
MARY DOWDS, ARTHUR IGA )
FOODLINER, MICHAEL GOODMAN, )
And ROGER HANSEN, )
Defendants. )

OBJECTIONS TO DENIAL OF LEAVE TO AMEND COMPLAINT, AND TO REPORTS AND RECOMMENDATIONS OF THE MAGISTRATE JUDGE

Plaintiff, Jordan T. Banton, pursuant to Fed.R.Civ.P. 72 and Local Rule 72, hereby objects to the denial of his Motion to Amend Complaint[1], and to the Report and Recommendations of the magistrate Judge, to grant the Motion to Dismiss the Amended Complaint in part. This memorandum will address both Docs. 24 and 25,

## Complaints in Federal Court Need Not Plead Facts

---

[1] This Court denied Plaintiff's Motion for Leave to File Third Amended Complaint (Doc. 19) in a text order dated 8/20/07, without articulating any legal reasons why except the following: "After considering Defendants' objections to the Motion for Leave To File a Third Amended Complaint [19], the Court DENIES the motion." Plaintiff could not reply to the Responses to his Motion for Leave to File the Third Amended Complaint, because Local Rule 7.1(b)(3) prohibits replies to responses to Motions.
   Plaintiff had filed a motion for Leave to File a Second Amended Complaint, but filed the Motion to file the Third Amended Complaint before the Court ruled on the Motion to file the Second Amended Complaint. As a result, the Reports and Recommendations objected to herein relate to the Amended Complaint.

The proposed Third Amended Complaint should not have been dismissed. Plaintiff only must plead "the bare minimum facts necessary to put the Defendant on notice of the claim so that he can file an answer," *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). See also *Kolupa v. Roselle Park District*, 438 F.3d 713, 714-15 (7th Cir. 2006):

Federal complaints plead *claims* rather than facts (emphasis in original)... It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary... Any decision declaring "this complaint is deficient because it does not allege X" is a candidate for summary reversal, unless X is on the list in Fed.R.Civ.P. 9(b).

In the proposed Third Amended Complaint, Plaintiff went above and beyond the call of duty in notice pleading. He plead in such a way that showed that the allegations against Dowds and Kirby Foods (sued as Arthur IGA Foodliner) were **timely filed** with the Equal Employment Opportunity Commission (EEOC) and subsequently properly filed with this Court, as it alleged that the required posters informing Plaintiff of his right to redress for sexual harassment, were not posted conspicuously in the workplace at Kirby Foods (Arthur IGA). In other words, Plaintiff alleged in his proposed Third Amended Complaint (which he was not allowed to file) that IGA filed to post notice of his rights to file a

complaint with the EEOC.[2] Plaintiff alleged that he "first retained counsel and learned of the unlawfulness of Dowds' sexually harassing actions on July 9, 2005; IGA posted no signs in any conspicuous place informing employees of their rights to seek redress for sexual harassment from the Equal Employment Opportunity Commission (EEOC) or any other way, at the time Plaintiff was employed with IGA." (Doc. 19, p. 10.) Whether IGA actually posted signs in the workplace while Banton was employed with IGA, informing employees of their rights under Title VII of the Civil Rights Act of 1964, is a question of fact, which cannot be resolved against Plaintiff in a 12(b)(6) Motion to Dismiss. *Unterreiner v. Volkswagen of America, Inc.*, 8 F.3d 1206, 1210 (7th Cir. 1993): "Under some circumstances, a company's failure to post a notice of employees' rights under the ADEA may toll the statute of limitations." See also *Kephart v. Institute of Gas Technology*, 581 F.2d 1287, 1289 (7th Cir. 1978). For this reason, *inter alia,* the Third Amended Complaint should have been allowed, or the Report and Recommendation of the Magistrate should be rejected, and Plaintiff allowed leave to amend his Complaint to allege that the statute of limitations should be tolled by IGA's failure to post EEOC

---

[2] The Report and Recommendation (Doc. 25) makes reference to the fact that Plaintiff reported Dowds sexually harassing activities to "the authorities", but a quick reading of the amended (and subsequent proposed) complaint reveals that "authorities" referred to the police, not the EEOC.

notices (a factual issue) and plaintiff's retaining of his attorney. For this reason, *inter alia,* the Third Amended Complaint should have been allowed, or the Report and Recommendation of the Magistrate should be rejected, and Plaintiff allowed leave to amend his Complaint.

## Probable Cause

In the proposed Third Amended Complaint, Plaintiff's allegations that Hansen fabricated evidence in his police report, and Plaintiff's allegations that Hansen omitted exculpatory evidence from his report—which Plaintiff alleged led to the State's Attorney's decision to prosecute Plaintiff for theft—negate Hansen and Goodman's assertions of probable cause and qualified immunity. See *Jones v. City of Chicago*, 856 F.2d 985, 994 (7th Cir. 1988): "a prosecutor's decision to charge … a prosecutor's decision not to drop charges but to proceed to trial—none of these decisions will shield a police officer who deliberately supplied misleading information that influenced the decision." See also *Mahoney v. Kesery*, 976 F.2d 1054, 1061 (7th Cir. 1992): "a police officer who procures a prosecution by lying to the prosecutor … can be sued for the

consequences of the prosecution." For this reason, *inter alia,* the Third Amended Complaint should have been allowed, or the Report and Recommendation of the Magistrate should be rejected, and Plaintiff allowed leave to amend his Complaint.

### Arrest and Seizure

As for the claim that Plaintiff was never "arrested," the proposed Third Amended Complaint makes clear that Plaintiff "surrender[ed] to the State's show of authority" which "constituted a seizure for purposes of the Fourth Amendment," *Albright v. Oliver,* 510 U.S. 266, 271 (1994). In other words, Plaintiff's obedience to the summonses to court and to stand trial (under the threat of arrest and incarceration for failure to appear, as a condition of bond), as forms of "surrender to the State's show of authority," suffice as a "seizure" for Fourth Amendment purposes. See also *Mahoney v. Kesery*, 976 F.2d 1054, 1057, 1062 (7th Cir. 1992): in this case, Plaintiff was considered "arrested" and "seized" "even though he was permitted to come down to the police station under his own steam, since if he had refused he would have been dragged there"—the Court found that "malicious prosecution can be, and here was, a step on the road to a constitutional violation for which redress is available under section 1983." See also *Schlessinger v.*

*Salimes*, 100 F.3d 519, 522 (7th Cir. 1996): "an order by the police along the lines of 'Do X or be taken into custody' requires the same sort of justification that custody itself requires—that is, depends on probable cause to believe that a person has committed a crime."

*Abrams v. Walker, et.al.*, 2000 U.S.Dist. LEXIS 17966, 17972 (N.D. Ill. 2000) involved a Rule 12(b)(6) motion to dismiss a complaint similar to Plaintiff's, sounding in malicious prosecution. The motion was denied:

To successfully plead malicious prosecution against police officers, a plaintiff... must further allege police wrongdoing...which influenced the prosecutor's decision to bring the case to trial [citing *Reed v. City of Chicago,* 77 F.3d 1049, 1053 (7th Cir. 1996)]. Abrams satisfies this requirement because he alleges defendants fabricated a story in a police report, and this story caused him to be prosecuted.

Like Abrams, Plaintiff alleged in his proposed Third Amended Complaint (as he did in the previous Complaints and amendments) that Hansen "fabricated a story in a police report, and this story caused him to be prosecuted." For this reason, *inter alia,* the Third Amended Complaint should have been allowed, or the Report and Recommendation of the Magistrate should be rejected, and Plaintiff allowed leave to amend his Complaint.

### Fifth and Fourteenth Amendment Complaints

The proposed Third Amended Complaint alleged that Hansen violated Plaintiff's right to due process—specifically, a fair and impartial

6

trial—by fabricating evidence and withholding exculpatory evidence from the prosecutor who would charge and try Plaintiff for theft. The fact that Plaintiff was acquitted in his underlying criminal trial for theft "[does] not eliminate the due process violation that had already occurred by the time of the acquittal." *Carroccia v. Anderson*, 249 F. Supp. 2d 1016, 1024 (N.D. Ill. 2003). "If courts prohibit a criminal defendant from making a civil claim for concealment of material exculpatory evidence simply because his trial resulted in an acquittal, we tolerate law enforcement misconduct simply because the defendant was able to overcome it by other means." *Id.*, at 1023. See also *Brady v. Maryland*, 373 U.S. 83 (1963).

The proposed Third Amended Complaint adds a 42 U.S.C. §1983 Count against Goodman, alleging his acquiescence in Hansen's unconstitutional and tortious actions. "[A] supervisor is personally involved if he knows about the unconstitutional conduct and facilitates, approves, condones or deliberately turns a blind eye to a subordinate's constitutional violation." *Gossmeyer v. McDonald*, 128 F.3d 481, 495 (7th Cir. 1997). The proposed Third Amended Complaint sufficiently alleges that by approving of the police report which fabricated evidence and withheld exculpatory evidence, Goodman approved and condoned Hansen's

7

unconstitutional conduct (violations of the Fourth, Fifth, and Fourteenth Amendment rights of Plaintiff). For this reason, *inter alia,* the Third Amended Complaint should have been allowed, or the Report and Recommendation of the Magistrate should be rejected, and Plaintiff allowed leave to amend his Complaint to include Fifth and Fourteenth Amendment allegations as elucidated above.

## No Immunity

Neither qualified immunity nor the Illinois Local Governmental and Governmental Employees Tort Immunity Act warrant the dismissal of the Third Amended Complaint. Defendants should find no refuge under either type of immunity in this case. This is because the allegations of withholding exculpatory evidence and fabricating evidence negated probable cause, which is the basis of qualified immunity. Further, the state law claims alleged intentional, willful, and wanton conduct on the part of Hansen and Goodman, thus negating immunity under the Illinois Local Governmental and Governmental Employees Tort Immunity Act. For this reason, *inter alia,* the Third Amended Complaint should have been allowed, or the Report and Recommendation of the Magistrate should be rejected, and Plaintiff allowed leave to amend his Complaint.

## Workmen's Compensation Exemption

The report and recommendation of the Magistrate found that Plaintiff's malicious prosecution claims against Defendant Arthur IGA should have been brought under the Illinois Worker's Compensation Act (820 ILCS 305/5(a)), not fitting any of the exemptions. Accordingly, the Magistrate recommended dismissal. Plaintiff only asks this Court to clarify that said dismissal is without prejudice, and for lack of jurisdiction, under Fed.R.Civ.P 12(b)(1) (not Rule 12(b)(6), to allow him to refile his claim in state court under the Workers' Compensation Act within a year from dismissal by this court (as the action was timely filed, within a year from the adjudication of "not guilty" in the criminal trial brought about by Dowds' complaint). See 735 Illinois Compiled Statutes 5/13-217.

## Conclusion

For the foregoing reasons, Plaintiff asks this Court to grant him leave to file his Third Amended Complaint.

Respectfully,
JORDAN T. BANTON, Plaintiff

By: _s/Jason R. Craddock_
Jason R. Craddock
Attorney at Law
P.O. Box 1514
Sauk Village, IL 60412
(708) 662-0945
Fax: (708) 753-1242

9

CERTIFICATE OF SERVICE

The foregoing document was filed electronically via the CM/ECF system with the Clerk of the U.S. District Court, Central District of Illinois, and the same will be automatically sent electronically to all parties who have appeared in this cause by their counsel.

By: _s/Jason R. Craddock__