IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN T. BANTON ) | |
| Plaintiff; ) | |
| ) | |
| v. ) | Case no. 06-cv-2211 |
| ) | |
| MARY DOWDS, ARTHUR IGA ) | |
| FOODLINER, MICHAEL GOODMAN, ) | |
| And ROGER HANSEN, ) | |
| Defendants. ) | |

REPLY TO DEFENDANT IGA FOODLINER'S OBJECTION TO THE REPORT
AND RECOMMENDATION OF THE MAGISTRATE JUDGE

COMES NOW Plaintiff, Jordan T. Banton, and in response to Defendant IGA Foodliner's (hereinafter "Defendant") Objection (Doc. 26) to the Report and Recommendation (Doc. 25) of the Magistrate, states as follows:

1. Defendant objected on August 27, 2007, to the Magistrate Judge's Report and Recommendation that their Motion to Dismiss Plaintiff's retaliatory discharge claim against Defendant be denied.

2. In support of its objection, Defendant asserts that it's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6)—which the Magistrate Judge recommended denying as to Plaintiff's retaliatory discharge claim— should have been converted into a Rule 56 motion for summary judgment, as Defendant attached purported evidentiary material outside of the pleadings to various of its responses to various motions made by Plaintiff (see Docs. 11 and 21).

3. Plaintiff alleged in his Amended Complaint that Defendant informed him on July 20, 2005, that his employment with Defendant had ended (Doc. 2).

4. Defendant's argument is essentially that Plaintiff was actually terminated on June 29, 2005 (based on purported evidence outside of the pleadings attached to Docs. 11 and 21, which were Defendants' Replies to Plaintiff's Motions), and therefore his claim of retaliatory discharge was time-barred.

5. Defendant also asserts that Plaintiff could have responded—but did not—to Defendants' presentations of purported evidence in Docs. 11 and 21 in support of it's argument that Plaintiff's charge of retaliatory discharge with the Equal Employment Opportunity Commission (EEOC) was time barred.

6. Plaintiff could NOT have responded to Defendant's assertions in Docs. 11 and 21 because Docs. 11 and 21 were *responses* to Plaintiff's Motions, and Local Rule 7.1(b)(3) prohibits replies to responses to Motions.

7. Thus, if the Court were to choose to treat Defendant's assertions in its replies to Plaintiff's Motions as a Rule 56 Motion for Summary Judgment, it would need to give Plaintiff notice of such, to afford him the opportunity to adequately respond. *Edward Gray Corp. v. National Union Fire Ins. Co.*, 94 F.3d 363 (7th Cir. 1996). Again, Plaintiff was

prohibited by Local Rule 7.1(b)(3) from responding at all to such assertions.

8. Further, Defendant chides Plaintiff for not pleading "any facts which explain how he could have possibly believed that he was still employed by Kirby Foods (Defendant IGA) through July 20, 2005…" This is inappropriate on the part of Defendant, as it is axiomatic that federal claims need not plead facts.

9. Plaintiff only must plead "the bare minimum facts necessary to put the Defendant on notice of the claim so that he can file an answer," *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002).

10. See also *Kolupa v. Roselle Park District*, 438 F.3d 713, 714-15 (7th Cir. 2006): "Federal complaints plead claims rather than facts (emphasis in original)… It is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate. A full narrative is unnecessary… Any decision declaring "this complaint is deficient because it does not allege X" is a candidate for summary reversal, unless X is on the list in Fed.R.Civ.P. 9(b)."

11. For Defendant to assert that this Court should decide to dismiss Plaintiff's claim against it for retaliatory discharge because Defendant presented purported factual material outside of the pleadings, in *replies* to Plaintiff's Motions (to which he could not respond under Local Rule 7.1(b)(3)), and to assert that he should be penalized with dismissal of

the claim for not "plead[ing] … facts," is grossly disingenuous bordering on sanctionable.

For the foregoing reasons, Plaintiff asks this Court to adopt the recommendation in Doc. 25 to DENY Defendant IGA's Motion to Dismiss his retaliatory discharge claim. (Plaintiff objected to the balance of the Report and Recommendations in Docs. 24 and 25 in Doc. 27.)

Respectfully,
JORDAN T. BANTON, Plaintiff

By:  s/Jason R. Craddock
Jason R. Craddock
Attorney at Law
P.O. Box 1514
Sauk Village, IL 60412
(708) 662-0945
Fax: (708) 753-1242

CERTIFICATE OF SERVICE

On September 14, 2007, the foregoing document was filed electronically via the CM/ECF system with the Clerk of the U.S. District Court, Central District of Illinois, and the same will be automatically sent electronically to all parties who have appeared in this cause by their counsel.

By:  s/Jason R. Craddock