# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# URBANA DIVISION

_____

| | |
|---|---|
| **JORDAN T. BANTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | **Case No. 06-CV-2211** |
| ) | |
| **MARY DOWDS, individually and as an** ) | |
| **agent of ARTHUR I.G.A. FOODLINER,** ) | |
| **an Illinois corporation; ARTHUR I.G.A.** ) | |
| **FOODLINER; MICHAEL GOODMAN,** ) | |
| **Arthur Chief of Police, individually and** ) | |
| **officially; and ROGER HANSEN, Arthur** ) | |
| **police officer, individually and officially,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION

Magistrate Judge David G. Bernthal filed two Reports and Recommendations (#24, #25) in the above cause on August 20, 2007. On August 27, 2007, Defendant Arthur I.G.A. Foodliner (I.G.A.)[1] filed its Objection to Report and Recommendation (#26). On September 7, 2007, Plaintiff, Jordan T. Banton, filed his Objections to Denial of Leave to File Amended Complaint, and to Reports and Recommendations of the Magistrate Judge (#27). Following this court's careful de novo review of the Magistrate Judge's reasoning and the Objections filed, this court agrees with and accepts the Magistrate Judge's Reports and Recommendations (#24, #25). This court also denies Plaintiff's Objection to Denial of Leave to File Amended Complaint.

## ANALYSIS

---

[1] Defendant pointed out that it should have been sued as Kirby Foods, Inc. d/b/a/ Arthur I.G.A. Foodliner. To avoid confusion, this court will refer to this Defendant as "I.G.A."

## I. MOTIONS TO DISMISS

### A. STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the factual sufficiency. Szabo v. Bridgeport Machs., Inc., 249 F.3d 672, 675 (7th Cir. 2001); see also Cler v. Ill. Educ. Ass'n, 423 F.3d 726, 729 (7th Cir. 2005). When considering a motion under Rule 12(b)(6), a court must accept the factual allegations as true and draw all reasonable inferences in favor of the plaintiff. See Centers v. Centennial Mortgage, Inc., 398 F.3d 930, 933 (7th Cir. 2005); see also Erickson v. Pardus, ___ U.S. ___, 127 S. Ct. 2197, 2200 (2007).

Working hand in glove with Rule 12(b)(6) is Rule 8(a) of the Federal Rules of Civil Procedure. Cler, 423 F.3d at 729. Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson, 127 S. Ct. at 2200. In order to meet this requirement, the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson, 127 S. Ct. at 2200, quoting Bell Atl. Corp. v. Twombly, 550 U.S. ___, 127 S. Ct. 1955, 1964 (2007); see also E.E.O.C. v. Concentra Health Servs., Inc., ___ F.3d ___, 2007 WL 2215764, at *2 (7th Cir. 2007). In addition, the claim must be supported with enough facts, taken as true, that plausibly suggest that the plaintiff is entitled to relief. See Bell Atl. Corp., 127 S. Ct. at 1965; see also Concentra Health, 2007 WL 2215764, at *2. However, a plaintiff can plead himself out of court by alleging facts which show that he has no claim. Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995). Therefore, if a plaintiff "pleads facts which show that his suit is time-barred or otherwise without merit, he has pleaded himself out of court." Tregenza v. Great Am. Commc'ns Co., 12 F.3d 717, 718 (7th Cir. 1993); Lovett v. Seniff, 277 F. Supp. 2d 896, 897 (N.D. Ind. 2003).

B. RECOMMENDATION REGARDING HANSEN AND GOODMAN

Judge Bernthal has recommended granting the Motion to Dismiss (#14) filed by Defendants Roger Hansen and Michael Goodman. Based upon a lengthy and detailed analysis, Judge Bernthal first concluded that Count I, Plaintiff's Fourth Amendment claim against Hansen, must be dismissed because Plaintiff's allegations show that he was not seized pursuant to the Fourth Amendment. Judge Bernthal next concluded that Count II, Plaintiff's state law malicious prosecution claim against Hansen, must be dismissed. Judge Bernthal noted that Plaintiff alleged that Hansen received a report from an alleged eyewitness that Plaintiff committed a theft. Judge Bernthal concluded that "the eyewitness report of theft established probable cause, and even assuming Plaintiff's allegations against Hansen are true, Plaintiff has pleaded himself out of a claim." Judge Bernthal also concluded that Count III, Plaintiff's malicious prosecution claim against Goodman, must be dismissed because it is time barred.[2]

In his Objections, Plaintiff complained that the allegations of his Third Amended Complaint, which he was not allowed to file, show that he was, in fact, seized for purposes of the Fourth Amendment. However, in making his recommendation in this case, Judge Bernthal considered all the arguments of the parties, including the arguments regarding the Third Amended Complaint. Judge Bernthal concluded, based upon an analysis of pertinent authority, that Plaintiff's factual allegations showed that he was not seized pursuant to the Fourth Amendment. Plaintiff has argued in his Objections that his allegations that he was summonsed to court and to stand trial suffice to show that he was "seized." However, this court agrees with Judge Bernthal's conclusion that, based upon a careful reading of the applicable case law, the issuance of a summons and requirement that

---

[2] Plaintiff has not objected to Judge Bernthal's conclusion that Count III of Plaintiff's Amended Complaint is time barred and must be dismissed.

Plaintiff appear in court does not constitute a seizure in the context of the Fourth Amendment. Because Plaintiff's factual allegations show that he has no claim under the Fourth Amendment, this court agrees with Judge Bernthal that Count I must be dismissed.

Plaintiff also complained that Judge Bernthal was incorrect when he concluded that Plaintiff's malicious prosecution claim against Hansen should be dismissed. Plaintiff argued that, because he alleged that Hansen fabricated evidence in the police report and omitted exculpatory evidence from the report, he negated the defendants' assertions of probable cause and adequately alleged a malicious prosecution claim. Judge Bernthal thoroughly addressed this argument in his Report and Recommendation. Judge Bernthal noted that Plaintiff alleged that Hansen wrote in a police report that he spoke with Dowds who alleged that she saw Plaintiff commit the alleged theft between 7:30 p.m. and 8:00 p.m. on June 25, 2005.[3] Judge Bernthal concluded that, because courts have consistently held that an identification or a report from a single, credible victim or eyewitness can provide the basis for probable cause, Plaintiff's allegations of an eyewitness report of theft established that Hansen had probable cause to believe that Plaintiff committed a theft. Judge Bernthal noted that Plaintiff's allegations that Hansen fabricated evidence related to Plaintiff's credibility, a matter immaterial to the determination of probable cause. Judge Bernthal also stated that the evidence Plaintiff alleged that Hansen withheld was in the nature of an alibi. After a careful analysis of pertinent case law authority, Judge Bernthal concluded that the inclusion of this information in the report would not have negated the existence of probable cause. Judge Bernthal concluded that, because the eyewitness report of the theft established probable cause, Plaintiff has pleaded himself out of a claim. This court agrees with Judge Bernthal's reasoning and therefore

---

[3] Plaintiff included this allegation in his proposed Third Amended Complaint. In addition, it appears that Plaintiff was referring to June 29, 2005.

agrees that Count II of Plaintiff's Amended Complaint must be dismissed.

In his Objections, Plaintiff pointed out that his proposed Third Amended Complaint included a new count which alleged that Hansen violated Plaintiff's right to due process, specifically a fair and impartial trial, by fabricating evidence and withholding exculpatory evidence from the prosecutor who tried Plaintiff for theft. Plaintiff argued that the fact that he was acquitted of the charge does not eliminate the due process violation. Plaintiff also pointed out that he included an additional new count which alleged that Goodman was also liable under 42 U.S.C. § 1983 based upon his acquiescence in Hansen's unconstitutional and tortious actions. Judge Bernthal addressed a similar argument in his Report and Recommendation. Judge Bernthal concluded that the allegations show that Hansen did not "participate directly" in any purported constitutional deprivation, noting that the prosecutor made the subsequent and independent decision to prosecute and issue a summons calling Plaintiff into court. This court agrees with Judge Bernthal that Plaintiff's factual allegations, including all of the factual allegations included in the proposed Third Amended Complaint, show that Hansen did not "participate directly" in any purported constitutional deprivation. Therefore, neither Hansen nor Goodman are subject to liability under 42 U.S.C. § 1983 based upon the allegations in Plaintiff's Third Amended Complaint.

### C.  RECOMMENDATION REGARDING I.G.A.

In his Report and Recommendation (#25), Judge Bernthal recommended granting in part and denying in part the Motion to Dismiss (#3) filed by I.G.A. Judge Bernthal concluded that Count V, Plaintiff's sexual harassment claim against I.G.A., was not timely. This was because Plaintiff alleged that the act of harassment occurred on June 29, 2005, and Plaintiff did not file a charge of discrimination until May 5, 2006, 310 days later, well beyond the 300-day limitations period applicable to Title VII claims. Judge Bernthal concluded, however, that Count VI, Plaintiff's Title

VII retaliatory discharge claim against I.G.A., was not subject to dismissal at this stage of the proceedings. I.G.A. argued that Plaintiff was fired on June 29, 2005, but Plaintiff alleged that he was informed that his employment was terminated on July 20, 2005. Judge Bernthal thus found that a factual issue existed regarding whether Plaintiff's claim of retaliation was timely filed. Judge Bernthal also concluded that Count VIII, Plaintiff's malicious prosecution claim against I.G.A., had to be dismissed because the Illinois Workers' Compensation Act provides the exclusive remedy for this claim against I.G.A.[4]

In his Objections, Plaintiff argued that his sexual harassment claim against I.G.A. should not be dismissed as time barred. Plaintiff pointed out that, in his proposed Third Amended Complaint, he alleged that I.G.A. "posted no signs in any conspicuous place informing employees of their rights to seek redress for sexual harassment" from the EEOC. Plaintiff further alleged that he "first retained counsel and learned of the unlawfulness of Dowds' sexually harassing actions on July 9, 2005." Plaintiff argued that he should be allowed to file his Third Amended Complaint and, based upon the allegations in that Complaint, the statute of limitations should be tolled by I.G.A.'s failure to post EEOC notices. On September 14, 2007, Plaintiff also filed a Motion for Leave to File Supplemental Authority (#30) and cited additional case law regarding tolling the statute of limitations.[5]

In this case, Judge Bernthal concluded that Plaintiff filed a charge of discrimination on May 5, 2006. This was 310 days after the date of the alleged sexual harassment, June 29, 2005. Plaintiff

---

[4] Plaintiff has not objected to Judge Bernthal's conclusion regarding Count VIII. However, in his Objections, Plaintiff has requested that the dismissal of Count VIII be without prejudice so that he may refile his claim in state court under the Workers' Compensation Act.

[5] Plaintiff's Motion (#30) is GRANTED and this court has considered the additional authority cited by Plaintiff.

6

appears to believe that, because he has alleged that I.G.A. did not post the required notices, and he did not retain counsel until approximately 10 days after the alleged harassment, his charge of discrimination was timely. The applicable case law does not support Plaintiff's position.

Plaintiff is correct that a "plaintiff may toll the statute of limitations if, despite all due diligence, he is unable to obtain enough information to conclude that he may have a discrimination claim." Thelen v. Marc's Big Boy Corp., 64 F.3d 264, 268 (7th Cir. 1995). Plaintiff is also correct that the Seventh Circuit has stated that, under some circumstances, a company's failure to post a notice of employees' rights may toll the statute of limitations. See Unterreiner v. Volkswagen of Am., Inc., 8 F.3d 1206, 1209 (7th Cir. 1993); Kephart v. Institute of Gas Tech., 581 F.2d 1287, 1289 (7th Cir. 1978). However, since those decisions, the United States Supreme Court has cautioned that equitable tolling in the context of Title VII is "to be applied sparingly." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002); see also Beamon v. Marshall & Ilsley Tr. Co., 411 F.3d 854, 860-61 (7th Cir. 2005). Moreover, even if equitable tolling applies here, the court "does not grant the plaintiff a fresh 300 days to file his charge once he obtains enough information to suspect discrimination; he must file his charge with the EEOC within a reasonable time." Thelen, 64 F.3d at 268. Equitable tolling "extends the limitations period to give a plaintiff only enough extra time as is necessary to allow him to make a filing." Cruse v. Chicago Park Dist., 1995 WL 519735, at *3 (N.D. Ill. 1995), aff'd 95 F.3d 1154 (7th Cir. 1996), citing Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir. 1990). Based upon the allegations in Plaintiff's proposed Third Amended Complaint, he retained counsel on July 9, 2005. It was not reasonable to wait nearly 10 months after that date, until May 5, 2006, to file his charge of discrimination with the EEOC. See Thelen, 64 F.3d at 268. Therefore, even considering the allegations in Plaintiff's proposed Third Amended Complaint, this court agrees with Judge Bernthal that Plaintiff's claim of sexual harassment is not

timely and must be dismissed.

In its Objection, I.G.A. noted that it provided evidence in support of its argument that Plaintiff's employment was actually terminated on June 29, 2005, so that his claim of retaliatory discharge is also untimely. I.G.A. objected to Judge Bernthal's conclusion that a factual issue exists on this point because Plaintiff alleged that he was not notified of the termination until July 20, 2005. I.G.A. contended that Judge Bernthal should have converted the Motion to Dismiss to a Motion for Summary Judgment and, after giving the parties a reasonable opportunity to present evidence, should have recommended granting the motion. On September 14, 2007, Plaintiff filed a Reply to I.G.A.'s Objection (#28) and argued that this court should accept Judge Bernthal's recommendation.

In his Report and Recommendation, Judge Bernthal noted that I.G.A. had provided evidence to support its argument that Plaintiff was fired on June 29, 2005. Judge Bernthal then stated that "this raises a factual dispute that the Court cannot consider when ruling on a motion to dismiss." This court concludes that, under the circumstances here, Judge Bernthal was under no obligation to convert the Motion to Dismiss to a Motion for Summary Judgment. If, as asserted, I.G.A. believes that Plaintiff has no evidence to support his allegation regarding the date he was informed that his employment was terminated, I.G.A. may certainly file a Motion for Summary Judgment on this issue.

## II. OBJECTION TO RULING ON MOTION FOR LEAVE TO AMEND

Throughout his Objections to Judge Bernthal's Reports and Recommendations, Plaintiff has also complained that Judge Bernthal should not have denied his Motion for Leave to File Third

Amended Complaint (#19).[6]  This court has already discussed Plaintiff's arguments regarding the Third Amended Complaint in its discussion of the Reports and Recommendations.

Rule 15 of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a).  However, "under Rule 15, a district court may deny leave to amend on the grounds of undue delay, bad faith, dilatory motive, prejudice, or futility." Guise v. BWM Mortgage, LLC, 377 F.3d 795, 801 (7th Cir. 2004).  "An amendment is futile when it merely restates the same facts using different language or reasserts a claim previously determined." Tillman v. New Line Cinema, 2007 WL 2323302, at *3 (N.D. Ill. 2007), quoting Bower v. Jones, 978 F.2d 1004, 1008 (7th Cir. 1992).  A court may also deem an amendment futile if it fails to state a valid theory of liability or could not withstand a motion to dismiss. Tillman, 2007 WL 2323302, at *3, citing Bower, 978 F.2d at 1008.  Therefore, a district court may properly deny leave to amend where the proposed amendment does not cure the deficiencies of the original complaint.  See Sigsworth v. City of Aurora, Ill., 487 F.3d 506, 512 (7th Cir. 2007); Guise, 377 F.3d at 801.

In this case, this court concludes that the allegations of the Third Amended Complaint do not cure the deficiencies of the Amended Complaint.  Therefore, Plaintiff was properly denied leave to file the amended complaint because doing so would be futile.  Accordingly, this court concludes that Plaintiff's Motion for Leave to File Third Amended Complaint (#19) was properly denied. Plaintiff's Objections to Judge Bernthal's ruling are DENIED.

---

[6] On September 14, 2007, Plaintiff filed a "Notice of Correction" (#29) and stated that the Conclusion portion of his Objections needed to be corrected.  As is relevant here, he corrected his request for relief to state that "[i]f this court finds that Plaintiff should further amend his complaint, then Plaintiff asks this Court to allow him leave to file the Third Amended Complaint that was disallowed by the [Magistrate Judge], or leave to file a different amended complaint." Plaintiff did not attach a new proposed amended complaint or explain how any new amended complaint would differ from the proposed Third Amended Complaint.

IT IS THEREFORE ORDERED THAT:

(1) The Reports and Recommendations (#24, #25) are accepted by this court.

(2) The Motion to Dismiss (#14) filed by Defendants Roger Hansen and Michael Goodwin is GRANTED. Counts I, II and III of Plaintiff's Amended Complaint (#2) are hereby dismissed, with prejudice, and Defendants Hansen and Goodwin are terminated as parties in this action.

(3) The Motion to Dismiss (#3) filed by Defendant I.G.A. is GRANTED as to the sexual harassment and malicious prosecution claims and DENIED as to the retaliatory discharge claim. Count V, the sexual harassment claim against Defendant I.G.A., is dismissed with prejudice. Per Plaintiff's request, the dismissal of Count VIII, the malicious prosecution claim, is without prejudice so that Plaintiff may pursue a workers' compensation claim in state court. Count VI remains pending against Defendant I.G.A. and I.G.A. is allowed twenty-one (21) days to file its Answer to Count VI of Plaintiff's Amended Complaint (#2). Counts IV and VII against Defendant Mary Dowds were not the subject of a motion to dismiss and also remain pending.

(4) Plaintiff's Motion for Leave to File Supplemental Authority (#30) is GRANTED.

(5) Plaintiff's Objection to the Denial of Leave to Amend Complaint (#27) is DENIED.

(6) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 19th day of September, 2007.

s/MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE