IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN T. BANTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:06-cv-02211 |
| ) | |
| MARY DOWDS, individually and as an agent ) | |
| of ARTHUR I.G.A. FOODLINER, ) | |
| ARTHUR I.G.A. FOODLINER, ) | |
| MICHAEL GOODMAN, Arthur Chief of Police, ) | |
| individually and officially, and ROGER HANSEN, ) | |
| Arthur police officer, individually and officially, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

NOW COMES the Defendant, MARY DOWDS (hereinafter "Dowds,") by her attorney Lorna K. Geiler of Meyer Capel, A Professional Corporation, and provides this Memorandum in Support of Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Introduction

As to Dowds, the issues in this case are simple, and may be disposed of quickly, particularly in light of this Court's September 19, 2007 Order. Count IV of the Amended Complaint is time barred because the Plaintiff failed to file a charge with the Equal Employment Opportunity Commission ("EEOC") within three hundred days of the discrete acts of discrimination alleged in the Amended Complaint. Further, Count VII of the Amended Complaint is barred by the exclusivity provisions of the Illinois Worker's Compensation Act, at 820 ILCS 305/11. As more fully set forth below, Counts IV and VII of the Amended Complaint should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Procedural Background**

Federal Rule of Civil Procedure 12(b)(6) allows a defendant to raise a defense to a claim by motion based upon "failure to state a claim upon which relief can be granted." A Rule 12(b)(6) motion tests the legal sufficiency of a pleading. Szabo v. Bridgeport Machines, Inc., 249 F.3d 672, 675 (7th Cir. 2001). To survive a motion to dismiss the complaint must, "state sufficient allegations to establish the necessary elements for recovery under whatever legal theory plaintiff has chosen." Thomas v. L'eggs Products, Inc., 13 F.Supp.2d 806, 807 (C.D. Ill. 1998). Dismissal is proper if "the plaintiff's claim as set forth by the complaint, is without legal consequence." Grzan v. Charter Hospital of Northwest Indiana, 104 F.3d 116, 119 (7th Cir. 1997).

**Argument**

1. Title VII Claim is Time Barred

Title VII provides that a charge for discrimination must be filed with the EEOC within three hundred days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e-5(e)(1), *see also* Beamon v. Marshall & Ilsley Trust Co., 411 F.3d 854, 860 (7th Cir. 2005). Simply stated, "[f]ailure to file a timely charge with the EEOC precludes a subsequent lawsuit under Title VII." Beamon at 411 F.3d at 860.

Moreover, the court in Beamon explained:

> For purposes of this statute of limitations, discrete discriminatory employment actions such as termination, failure to promote, denial of a transfer, or refusal to hire are deemed to have been taken on the date they occurred, even if they form part of an ongoing practice or are connected with other acts. Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-11, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Thus, each discrete discriminatory act "starts a new clock for filing charges alleging that act," *and charges not*

> *filed within 300 days of the act in question are not actionable.*
> [Emphasis added.]

Attached to the Motion to Dismiss as Exhibit 1 is a copy of the Plaintiff's Charge of Discrimination filed with the EEOC. The face of the document establishes that the charge was not filed until November 2, 2006, over fifteen months after the alleged Title VII violations occurred, and well past the 300 day limitation imposed by 42 U.S.C. § 2000e-5(e)(1).

It is well established that this Court may consider matters of public record when deciding a motion under Rule 12(b)(6). Davis v. Bayless, 70 F.3d 367, 372 (5th Cir. 1995) ("Federal courts are permitted to refer to matters of public record when deciding a 12(b)(6) motion to dismiss.")

Finally, Dowds must address whether or not dismissal is appropriate because the Amended Complaint is untimely. In Hollander v. Brown, 457 F.3d 688, 691 (7th Cir. 2006), the court reasoned:

> It is, of course, "irregular" to dismiss a claim as untimely under Rule 12(b)(6). United States v. N. Trust Co., 372 F.3d 886, 888 (7th Cir.2004). Under Federal Rule of Civil Procedure 8, a complaint need not anticipate or overcome affirmative defenses such as the statute of limitations. *See* Xechem, Inc. v. Bristol-Myers Squibb Co., 372 F.3d 899, 901 (7th Cir.2004). As a result, a federal complaint does not fail to state a claim simply because it omits facts that would defeat a statute of limitations defense. *However, as the district court observed, dismissal under Rule 12(b)(6) on the basis of a limitations defense may be appropriate when the plaintiff effectively pleads herself out of court by alleging facts that are sufficient to establish the defense.* *See* United States v. Lewis, 411 F.3d 838, 842 (7th Cir.2005). The district court concluded that this was such a case.

In the instant case, inasmuch as the Court may consider the public record related to the Plaintiff's Charge of Discrimination, the Plaintiff's allegations effectively plead him out of court

on his Title VII claim. The Plaintiff's Amended Complaint alleges that the dates of the purported violations of Title VII was June 29, 2005 (Count IV at ¶ 1.) June 29, 2005 is well before three hundred days prior to the filing of his charge of discrimination (which is established by the public record.) As a result, the Plaintiff's allegations establish that his claim is time barred, and therefore, dismissal of Count IV under Rule 12(b)(6) is appropriate.

2. Exclusive Remedy

It is axiomatic under Illinois law that the Worker's Compensation Act provides the exclusive remedy for an employee's claim for injuries. 820 ILCS 305/5. In Meerbrey v. Marshall Field and Co., Inc., 139 Ill.2d 455, 564 N.E.2d 1222, 151 Ill.Dec. 560 (1990), the Illinois Supreme Court held that an employee's claim for malicious prosecution was barred by the exclusivity provisions of the Worker's Compensation Act.

In Meerbrey, an employee was accused for stealing from his employer, and ultimately found not guilty. However, the Meerbrey court held that the plaintiff's injury from malicious prosecution was "accidental" from the employee's point of view. Further, the court stated:

> Such injuries are also accidental from the employer's point of view, at least where the employer did not direct or expressly authorize the co-employee to commit the assault. Because injuries intentionally inflicted by a co-worker are accidental from the employer's point of view, the employer has a right to consider that the injured employee's sole remedy against the employer will be under the workers' compensation statute. Id. at 139 Ill.2d at 463-464.

There are exceptions to the Worker's Compenation Acts exclusivity provisions. Specifically, the "exclusivity provisions will not bar a common law cause of action against an employer, however, for injuries which the employer or its alter ego intentionally inflicts upon an employee or which were commanded or expressly authorized by the employer." Id.

In the case *sub judice*, the Plaintiff alleges that Dowds was the night manager for IGA. (Amended Complaint, Count VII at ¶ 1.) In setting forth his purported claim under Count VII, Plaintiff has failed to allege that Dowds was acting in her individual capacity, or outside of the scope of her employment. In <u>Ramsey v. Morrison</u>, 175 Ill.2d 218, 224, 676 N.E.2d 1304, 222 Ill.Dec. 100 (1997), the Illinois Supreme Court held that the Act provides the exclusive remedy against a co-employee acting within the course of their employment. Thus, when the allegations of Count VII of the Amended Complaint are scrutinized under the precedent established by <u>Meerbrey</u> and <u>Ramsey</u> it is clear that Count VII should be dismissed.

**Conclusion**

For the reasons stated above, Counts IV and VII of the Amended Complaint should be dismissed with prejudice.

                                            Respectfully submitted,

                                                    **s/Lorna K. Geiler**
                                          Lorna K. Geiler, No. 7372814
                                          Attorney for the Defendants
                                          Meyer Capel, A Professional Corporation
                                          306 W. Church Street
                                          Champaign, IL 61820
                                          Telephone: (217) 352-1800
                                          Fax: (217) 352-1083
                                          lgeiler@meyercapel.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2007, I electronically filed the foregoing

**Memorandum in Support of Motion to Dismiss** with the Clerk of the Court using the CM/ECF

system which will send notification of such filing to the following:

Mr. Jason R. Craddock
P.O. Box 1514
Sauk Village, IL 60412
captain1970@thelifeline.net

I also hereby certify that I have mailed by United States Postal Service the above

mentioned document to the following non CM/ECF participants:

 

        **s/Lorna K. Geiler**
Lorna K. Geiler, No. 7372814
Attorney for the Defendants
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
Telephone: (217) 352-1800
Fax: (217) 352-1083
lgeiler@meyercapel.com