UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JORDAN T. BANTON, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> MARY DOWDS, individually and as an ) <br> agent of ARTHUR I.G.A. FOODLINER, ) <br> an Illinois corporation; ARTHUR I.G.A. ) <br> FOODLINER; MICHAEL GOODMAN, ) <br> Arthur Chief of Police, individually and ) <br> officially; and ROGER HANSEN, Arthur ) <br> police officer, individually and officially, ) <br> ) <br> Defendants. ) | Case No. 06-CV-2211 |

## OPINION

This case is before the court for ruling on the Motion for Rule 54(b) Finding (#33) filed by Defendants Michael Goodman and Roger Hansen. Defendants' Motion (#33) is DENIED.

BACKGROUND

On September 19, 2007, this court entered an Opinion (#31) in this case. This court accepted two Reports and Recommendations (#24, #25) entered by Magistrate Judge David G. Bernthal. In doing so, this court granted Defendants' Motion to Dismiss and therefore dismissed, with prejudice, Counts I, II and III of Plaintiff's Amended Complaint. Defendants were terminated as parties in this action. In addition, this court granted in part and denied in part the Motion to Dismiss filed by Defendant I.G.A. This court dismissed, with prejudice, Count V of the Amended Complaint and dismissed, without prejudice, Count VIII of the Amended Complaint. Following this court's Opinion, Count VI of the Amended Complaint remained pending against Defendant I.G.A. and Counts IV and VII of Plaintiff's Amended Complaint remained pending against Defendant Mary

Dowds.

## ANALYSIS

On September 26, 2007, Defendants filed their Motion for Rule 54(b) Finding (#33). Defendants argued that this court should amend its order to expressly state that its ruling as to Counts I, II, and III is a final judgment and that there is no just reason for delay of the entry of judgment, which should be entered immediately. Defendants stated that this court has discretion to add these determinations to its September 19, 2007, Order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Defendants further stated that the addition of this language would further the administration of justice and would not prejudice any party. No party to this action has filed a Response to Defendants' Motion.

"Rule 54(b) permits entry of a partial final judgment only when all of one party's claims or rights have been fully adjudicated, or when a distinct claim has been fully resolved with respect to all parties." R.D. Lottie v. W. Am. Ins. Co., 408 F.3d 935, 938 (7th Cir. 2005). "The Seventh Circuit has clearly stated that courts should not grant Rule 54(b) motions for entry of final judgment as a matter of course; rather, courts must 'independently inquire whether such orders are appropriate.'" Fitzpatrick v. City of Hobart, 2007 WL 2128023, at *1 (N.D. Ind. 2007), quoting Stamatakis Indus., Inc. v.. Walter Thompson, U.S.A., Inc., 944 F.2d 382, 383 (7th Cir. 1991). "In applying Rule 54(b), district courts must be cognizant that the norm in litigation is 'one appeal per case.'" Graphic Commc'ns Nat'l Health & Welfare Fund v. Tackett, 2007 WL 2701304, at *1 (S.D. Ill. 2007), quoting United States v. Ettrick Wood Prods., Inc., 916 F.2d 1211, 1218 (7th Cir. 1990).

The Seventh Circuit has "insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court." R.D. Lottie, 408 F.3d

at 938-39. "Rule 54(b) allows appeal without delay of claims that are truly separate and distinct from those that remain pending in the district court, where 'separate' means having minimal factual overlap." R.D. Lottie, 408 F.3d at 939. "The test for separate claims under the rule is whether the claim that is contended to be separate so overlaps the claim or claims that have been retained for trial that if the latter were to give rise to a separate appeal at the end of the case the court would have to go over the same ground that it had covered in the first appeal." R.D. Lottie, 408 F.3d at 939. For purposes of Rule 54(b), claims are not separate, and are therefore not certifiable, if they depend on largely the same facts. Fitzpatrick, 2007 WL 2128023, at *1.

In this case, Plaintiff's malicious prosecution claim against Defendant Mary Dowds remains pending in this court. This court concludes that this claim involves at least some of the same facts at issue regarding Plaintiff's Fourth Amendment and malicious prosecution claims against Defendants. Moreover, a "Rule 54(b) judgment must be supported by specific reasons showing that an immediate appeal is truly necessary." Graphic Commc'ns, 2007 WL 2701304, at *1, citing Ettrick, 916 F.2d at 1218.

Defendants have not provided this court with any reason why an immediate appeal is truly necessary in this case. In addition, there is a factual overlap between the dismissed Counts against Defendants and the claim pending against Defendant Mary Dowds. Therefore, this court finds no reason to depart from the normal rules of litigation which require the parties to wait until the disposition of the whole case before entry of judgment. See Graphic Commc'ns, 2007 WL 2701304, at *1; Fitzpatrick, 2007 WL 2128023, at *2.

3

IT IS THEREFORE ORDERED THAT:

(1) Defendants' Motion for Rule 54(b) Finding (#33) is DENIED.

(2) This case is referred to Judge Bernthal for further proceedings.

ENTERED this 17th  day of October, 2007

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE