IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |  |
|---|---|---|
| JORDAN T. BANTON | ) | |
| Plaintiff; | ) | |
| | ) | |
| v. | ) | Case no. 06-cv-2211 |
| | ) | |
| MARY DOWDS, ARTHUR IGA | ) | |
| FOODLINER, MICHAEL GOODMAN, | ) | |
| And ROGER HANSEN, | ) | |
| Defendants. | ) | |

MOTION FOR LEAVE TO FILE *INSTANTER* MOTION TO STRIKE AND MOTION FOR DEFAULT JUDGMENT

Plaintiff, Jordan T. Banton moves this Court to allow filing of his attached Motion to Strike and Motion for Default Judgment *instanter*. In support of this Motion, Plaintiff states as follows:

1.  Since Plaintiff has filed a Motion to Strike Defendant Dowds' Motion to Dismiss, he actually has 20 days from the date of Defendant Dowd's Motion to file such (Fed.R.Civ.P. 12(f)). In that vein, the filing of the Motion to Strike is timely until November 5, 2007.

2.  However, in the event that this Court intends to treat the Motion to Strike as a response to Defendant Dowds' Motion to Dismiss, Plaintiff is requesting leave to file his Motion *instanter.*

3. Plaintiff began the process of electronically filing the attached Motion on October 29, 2007, the due date for response to Defendant Dowds' Motion to Dismiss.

4. Plaintiff's counsel encountered problems with the electronic filing system, which appeared to be caused by either his computer or the ECF system, or both—for example, there were extremely long delays in the process of going from one screen (following login, choosing the type of filing, etc.), and the ECF system would not accept the case number entered, even though it was entered correctly—thus making filing impossible.

5. After several hours of attempting to file, unsuccessfully, it became necessary to file using a different computer, which could only be done the following day.

6. This Motion to allow the filing of Plaintiff's Motion *instanter* is not brought to harass or prejudice any party, nor to unduly delay these proceedings (the delay is minimal and immaterial), and granting this Motion will not prejudice any party. (Again, since it is a Motion to Strike, it is nto technically due until November 5, 2007.)

Wherefore, Plaintiff asks this Court to grant this Motion, and allow the filing of his Motion to Strike *instanter*.

Respectfully,
JORDAN T. BANTON, Plaintiff

By: _s/Jason R. Craddock_ _
Jason R. Craddock
Attorney at Law
P.O. Box 1514
Sauk Village, IL 60412
(708) 662-0945 / Fax: (708) 753-1242

DECLARATION

Under penalties as provided by law, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

By: _s/Jason R. Craddock_ _
Jason R. Craddock

CERTIFICATE OF SERVICE

The foregoing document was filed electronically via the CM/ECF system with the Clerk of the U.S. District Court, Central District of Illinois, and the same will be automatically sent electronically to all parties who have appeared in this cause by their counsel, on October 30, 2007.

By: _s/Jason R. Craddock_ _

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JORDAN T. BANTON | ) | |
| Plaintiff; | ) | |
| | ) | |
| v. | ) | Case no. 06-cv-2211 |
| | ) | |
| MARY DOWDS, ARTHUR IGA | ) | |
| FOODLINER, MICHAEL GOODMAN, | ) | |
| And ROGER HANSEN, | ) | |
| Defendants. | ) | |

MOTION TO STRIKE MOTION TO DISMISS, AND MOTION FOR DEFAULT JUDGMENT

Plaintiff, Jordan T. Banton, pursuant to Fed.R.Civ.P. 12(f), moves to strike Defendant Mary Dowds' Motion to Dismiss (and accompanying Memorandum). In support of this Motion, Plaintiff states as follows:

1. Plaintiff sent Mary Dowds a Waiver of Summons on January 20, 2007, and Dowds waived service of summons on February 1, 2007, but filed no answer and first filed a Motion to Dismiss on October 11, 2007.[1]

2. Fed.R.Civ.P. 12(a)(1) states that a defendant shall answer a complaint "within 60 days after the date when the request for waiver was sent."

---

[1] Dowds filed an Objection to Plaintiff's Motion for Leave to File Third Amended Complaint in May 2007, and this was

1

3. Dowds first filing of anything in this case did not appear until May 2007, well over 60 days after January 20, 2007, and even after her waiver of summons on February 1, 2007. And that filing was not an answer, or a Motion to Dismiss, but an objection to Plaintiff's Motion.

4. The Court never gave Dowds leave to file her answer, or Motion to Dismiss, out of time.

5. The October 11, 2007 filing of a Motion to Dismiss is egregiously untimely, and should be stricken.

6. Further, Dowds' Motion to Dismiss makes arguments and construes facts in a manner already rejected by this Court.

7. The Motion argues that Plaintiff did not file his charge with the Equal Employment Opportunity Commission (EEOC) until November 2, 2006. when this Court already affirmed the Report and Recommendation of Judge Bernthal, which found that Plaintiff filed his charge on May 5, 2006 (see Doc. 25, p. 7).

8. Rule 12(f) states that the Court may strike material in a pleading that is "redundant, immaterial, impertinent."

9. Certainly, pleading factual analyses already rejected by this Court fits those categories.[2]

10. Further, Plaintiff requests default judgment, as Dowds failed to answer or otherwise plead within 60 days of January 20, 2007. *Merill Lynch v. Narayan*, 908 F.2d 246 (7th Cir. 1990).

### Conclusion

For the foregoing reasons, Plaintiff asks this Court to 1) strike Defendant Mary Dowds' Motion to Dismiss, and 2) enter default judgment against Mary Dowds.

Respectfully,
JORDAN T. BANTON, Plaintiff

By: _s/Jason R. Craddock__
Jason R. Craddock
Attorney at Law
P.O. Box 1514
Sauk Village, IL 60412
(708) 662-0945 / Fax: (708) 753-1242

---

[2] Plaintiff still contends, respectfully and despite the ruling of the Magistrate and Court, that because Plaintiff alleged the required posters informing Plaintiff of his right to redress for sexual harassment, were not posted conspicuously in the workplace at Kirby Foods (Arthur IGA), and because he alleged that he "first retained counsel and learned of the unlawfulness of Dowds' sexually harassing actions on July 9, 2005 (Doc. 19, p. 10.), his pleading of the same should not be dismissed—whether IGA actually posted signs in the workplace while Banton was employed with IGA, informing employees of their rights under Title VII of the Civil Rights Act of 1964, is a question of fact, which cannot be resolved against Plaintiff in a 12(b)(6) Motion to Dismiss. *Unterreiner v. Volkswagen of America, Inc.*, 8 F.3d 1206, 1210 (7th Cir. 1993): "Under some circumstances, a company's failure to post a notice of employees' rights under the ADEA may toll the statute of limitations." See also *Kephart v. Institute of Gas Technology*, 581 F.2d 1287, 1289 (7th Cir. 1978).

CERTIFICATE OF SERVICE

The foregoing document was filed electronically via the CM/ECF system with the Clerk of the U.S. District Court, Central District of Illinois, and the same will be automatically sent electronically to all parties who have appeared in this cause by their counsel, on October 29, 2007.

By: _s/Jason R. Craddock__