IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN T. BANTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2:06-cv-02211 |
| | ) |
| MARY DOWDS, individually and as an agent | ) |
| of ARTHUR I.G.A. FOODLINER, | ) |
| ARTHUR I.G.A. FOODLINER, | ) |
| MICHAEL GOODMAN, Arthur Chief of Police, | ) |
| individually and officially, and ROGER HANSEN, | ) |
| Arthur police officer, individually and officially, | ) |
| | ) |
| Defendants. | ) |

**RESPONSE TO MOTION TO STRIKE AND MOTION FOR DEFAULT JUDGMENT**

NOW COMES the Defendant, MARY DOWDS (hereinafter "Dowds,") by her attorney Lorna K. Geiler of Meyer Capel, A Professional Corporation, and provides this Response to Motion to Strike and Motion for Default Judgment.

**Introduction**

In the Motion to Strike and Motion for Default Judgment, Plaintiff accurately notes a technical violation of Fed.R.Civ.P. 12(a)(1), on the part of Dowds.  However, given the procedural history in this case, and inasmuch as the Plaintiff's Motion is not directed at a pleading and fails to state a compelling reason for the Court to exercise its discretion, the Motion to Strike and Motion for Default Judgment should be denied.

**Argument**

1. Motion to Strike

Initially, it should be noted that generally motions to strike are disfavored by the courts. *U.S. v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975) and *Heller Financial, Inc. v.*

*Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Moreover, it is well established that a motion to strike pursuant to Fed.R.Civ.P. 12(f) is only to be directed to "pleadings," and not to motions, briefs, or exhibits thereto. *See*, *Kitson v. Bank of Edwardsville*, 240 F.R.D. 610, 611 (S.D.Ill. 2006), *DeBoer v. Village of Oak Park*, 90 F.Supp.2d 922, 923-924 (N.D.Ill. 1999), and *Cobb v. Monarch Finance Corp.*, 913 F.Supp. 1164 (N.D.Ill. 1995).

Rule 12(f) provides that a district court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, as the court in *DeBoer*, at 90 F.Supp.2d at 923-924, explained:

> "Pleadings," under Rule 7(a), include complaints, answers, replies to counterclaims, answers to cross-claims, third party complaints, and third party answers; <u>motions are different animals and are addressed separately under Rule 7(b)</u>. [Emphasis added.]

Thus, the Motion to Strike should be denied inasmuch as Dowds' Motion to Dismiss is not within the ambit of filings to which a Rule 12(f) motion may properly be directed.

Next, while Dowds acknowledges that, apart from Rule 12(f), this Court has the inherent authority to strike filings other than pleadings (*see*, *Kitson* at 240 F.R.D. at 611), the Plaintiff has failed to assert any basis for doing so. Specifically, Plaintiff's Motion requests that Dowds' Motion to Dismiss be stricken in its entirety; however, Plaintiff only raises an issue as to one fact alleged in the Motion to Dismiss. In the Motion to Dismiss, Dowds' argues that the Plaintiff did not file his charge with the EEOC until November 2, 2006. Even in the face of this Court's Order accepting the magistrates Report and Recommendation (which held that the November 2, 2006 EEOC charge related back to the initial May 5, 2006 EEOC charge), Dowds' argument is not "redundant, immaterial, impertinent, [n]or scandalous."

First, Dowds' statute of limitations argument, raised in the Motion to Dismiss, applies

-2-

with equal force, regardless of whether the Court considers that the EEOC charge was filed on November 2, 2006 or May 5, 2006. Secondly, Dowds' argued that the EEOC charge was filed on November 5, 2006, rather than May 5, 2006, solely to preserve the issue. Thus, the sole issue raised by the Plaintiff via his Motion to Strike is a red-herring.

Finally, it should be noted that the Plaintiff's Motion to Strike is betrayed by the irony of his argument. In Paragraph 9 of the Motion to Strike, Plaintiff (referring to Dowds' argument that the EEOC charge was not filed until November 2, 2006) argues that "pleading factual analyses already rejected by this Court" is redundant, immaterial, or impertinent. Then, disingenuously, in a paragraph long footnote to that very argument, Plaintiff restates his argument, which was soundly rejected by this Court in its October 17, 2007 Opinion, that the statute of limitations should be tolled because of an alleged failure to post required posters.

Clearly, for the reasons stated above the Court should deny the Plaintiff's Motion to Strike.

    2.    <u>Motion for Default Judgment</u>

In Plaintiff's October 30, 2007 filing he also moves the Court to enter a default judgment against Dowds. In so doing, Plaintiff fails to argue he has suffered any prejudice as result of Dowds' technical violation of Rule 12(a). Further, inasmuch as Dowds adopted Authur IGA's arguments in its Response to Motion for Leave to File Third Amended Complaint, Plaintiff has not and cannot argue that Dowds' arguments in her Motion to Dismiss are a surprise.

Interestingly, Plaintiff only brings his Motion for Default over seven months after Dowds' alleged violation of Rule 12(a). Further, during those seven months, Plaintiff has moved for leave to file two additional complaints (#17 and #19), Counsel for Dowds entered her

-3-

appearance (#22), Dowds adopted her Co-Defendant IGA's arguments (#23), and this Court entered its opinion (dismissing significant portions of the Amended Complaint.)  During that entire time, Plaintiff did not raise the issue of Dowds' failure to answer.

The decision of whether or not to grant a motion for default judgment lies within the sound discretion of the trial court.  *Dundee Cement Co. v. Howard Pipe & Concrete Products, Inc.*, 722 F.2d 1319, 1322 (7th Cir. 1983).  Clearly, in this case, especially in the absence of any prejudice or surprise and the considerable wrangling of pleadings by the Plaintiff, there simply is no sound reason for the Court to exercise its discretion by finding Dowds in default.

## Conclusion

For the reasons stated herein, the Court should deny the Plaintiff's Motion to Strike and Motion for Default Judgment, and grant Dowds' Motion to Dismiss.

    Respectfully submitted,

        s/Lorna K. Geiler
Lorna K. Geiler, No. 7372814
Attorney for Defendant
Meyer Capel, A Professional Corporation
306 W. Church Street
Champaign, IL 61820
Telephone: (217) 352-1800
Fax: (217) 352-1083
lgeiler@meyercapel.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2007, I electronically filed the foregoing **Response to Motion to Strike and Motion for Default Judgment** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Jason R. Craddock
P.O. Box 1514
Sauk Village, IL 60412
captain1970@thelifeline.net

I also hereby certify that I have mailed by United States Postal Service the above mentioned document to the following non CM/ECF participants:

                                                    **s/Lorna K. Geiler**
                                              Lorna K. Geiler, No. 7372814
                                              Attorney for the Defendants
                                              Meyer Capel, A Professional Corporation
                                              306 W. Church Street
                                              Champaign, IL 61820
                                              Telephone: (217) 352-1800
                                              Fax: (217) 352-1083
                                              lgeiler@meyercapel.com