E-FILED
Monday, 26 November, 2007  03:10:14 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JORDAN T. BANTON )<br>Plaintiff; )<br> )<br>v. )<br> )<br>MARY DOWDS, ARTHUR IGA )<br>FOODLINER, MICHAEL GOODMAN, )<br>And ROGER HANSEN, )<br>Defendants. ) | Case no. 06-cv-2211 |

MOTION TO STRIKE MOTION TO DISMISS, AND MOTION FOR DEFAULT JUDGMENT

Plaintiff, Jordan T. Banton, pursuant to Fed.R.Civ.P. 12(f), moves to strike Defendant Mary Dowds' Motion to Dismiss (and accompanying Memorandum). In support of this Motion, Plaintiff states as follows:

1. Plaintiff sent Mary Dowds a Waiver of Summons on January 20, 2007, and Dowds waived service of summons on February 1, 2007, but filed no answer and first filed a Motion to Dismiss on October 11, 2007.[1]

2. Fed.R.Civ.P. 12(a)(1) states that a defendant shall answer a complaint "within 60 days after the date when the request for waiver was sent."

---

[1] Dowds filed an Objection to Plaintiff's Motion for Leave to File Third Amended Complaint in May 2007, and this was

1

3. Dowds first filing of anything in this case did not appear until May 2007, well over 60 days after January 20, 2007, and even after her waiver of summons on February 1, 2007. And that filing was not an answer, or a Motion to Dismiss, but an objection to Plaintiff's Motion.

4. The Court never gave Dowds leave to file her answer, or Motion to Dismiss, out of time.

5. The October 11, 2007 filing of a Motion to Dismiss is egregiously untimely, and should be stricken.

6. Further, Dowds' Motion to Dismiss makes arguments and construes facts in a manner already rejected by this Court.

7. The Motion argues that Plaintiff did not file his charge with the Equal Employment Opportunity Commission (EEOC) until November 2, 2006. when this Court already affirmed the Report and Recommendation of Judge Bernthal, which found that Plaintiff filed his charge on May 5, 2006 (see Doc. 25, p. 7).

8. Rule 12(f) states that the Court may strike material in a pleading that is "redundant, immaterial, impertinent."

9. Certainly, pleading factual analyses already rejected by this Court fits those categories.[2]

10. Further, Plaintiff requests default judgment, as Dowds failed to answer or otherwise plead within 60 days of January 20, 2007. *Merill Lynch v. Narayan*, 908 F.2d 246 (7th Cir. 1990).

## Conclusion

For the foregoing reasons, Plaintiff asks this Court to 1) strike Defendant Mary Dowds' Motion to Dismiss, and 2) enter default judgment against Mary Dowds.

        Respectfully,
JORDAN T. BANTON, Plaintiff

By: _s/Jason R. Craddock__
Jason R. Craddock
Attorney at Law
P.O. Box 1514
Sauk Village, IL 60412
(708) 662-0945 / Fax: (708) 753-1242

---

[2] Plaintiff still contends, respectfully and despite the ruling of the Magistrate and Court, that because Plaintiff alleged the required posters informing Plaintiff of his right to redress for sexual harassment, were not posted conspicuously in the workplace at Kirby Foods (Arthur IGA), and because he alleged that he "first retained counsel and learned of the unlawfulness of Dowds' sexually harassing actions on July 9, 2005 (Doc. 19, p. 10.), his pleading of the same should not be dismissed—whether IGA actually posted signs in the workplace while Banton was employed with IGA, informing employees of their rights under Title VII of the Civil Rights Act of 1964, is a question of fact, which cannot be resolved against Plaintiff in a 12(b)(6) Motion to Dismiss. *Unterreiner v. Volkswagen of America, Inc.*, 8 F.3d 1206, 1210 (7th Cir. 1993): "Under some circumstances, a company's failure to post a notice of employees' rights under the ADEA may toll the statute of limitations." See also *Kephart v. Institute of Gas Technology*, 581 F.2d 1287, 1289 (7th Cir. 1978).

CERTIFICATE OF SERVICE

The foregoing document was filed electronically via the CM/ECF system with the Clerk of the U.S. District Court, Central District of Illinois, and the same will be automatically sent electronically to all parties who have appeared in this cause by their counsel, on October 29, 2007.

By: _s/Jason R. Craddock_ _